| | |
|---|---|
| Tom A. Howley, State Bar No. 24010115<br>JONES DAY<br>717 Texas Avenue, Suite 3300<br>Houston, Texas 77002<br>Telephone: (832) 239-3939<br>tahowley@jonesday.com | Brad B. Erens (*pro hac vice* application pending)<br>Joseph A. Florczak (*pro hac vice* application pending)<br>JONES DAY<br>77 West Wacker<br>Chicago, Illinois 60601<br>Telephone: (312) 782-3939<br>bberens@jonesday.com<br>jflorczak@jonesday.com |

PROPOSED ATTORNEYS FOR DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Joint Administration Pending |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THEM
TO (I) MAINTAIN CERTAIN CUSTOMER PRACTICES AND (II) HONOR
OR PAY RELATED PREPETITION OBLIGATIONS TO THEIR CUSTOMERS**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court for the entry of an order pursuant to sections 105(a), 363 and 507(a)(7) of title 11 of the United States Code (the "Bankruptcy Code") authorizing, but not directing, the Debtors, in their sole discretion, to (i) honor or pay their prepetition obligations to their customers incurred under certain customer relationship practices; (ii) continue, renew, replace, modify or maintain such customer relationship practices; and (iii) certain related relief.  In support of this Motion, the Debtors incorporate the statements contained in the Declaration of R. Kelly Plato in Support of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (7946). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

CHI-181960790v7

First-Day Pleadings (the "First Day Declaration") filed contemporaneously herewith and further respectfully state as follows:

**Background**

1. On April 30, 2015 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2] By a motion filed on the Petition Date, the Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2. Debtor ERG Resources, L.L.C. ("ERG Resources") is a privately owned oil & gas producer that was formed in 1996. As further described below, ERG Resources (a) directly operates certain oil & gas properties in Texas and (b) operates certain oil & gas properties in California through its wholly owned subsidiary, ERG Operating Company, LLC ("ERG Operating Co."). The Debtors' corporate headquarters is located in Houston, Texas.

3. Since 2010, ERG Resources and ERG Operating Co. have been primarily engaged in the exploration and production of crude oil and natural gas in the Cat Canyon Field in Santa Barbara County, California. ERG Resources owns approximately 19,027 gross acres (18,794 net acres) of leasehold in the Cat Canyon Field which it has acquired through a series of transactions since 2010.

4. ERG Resources currently owns an average working interest of approximately ninety-seven percent (97%) and an average net revenue interest of approximately seventy-eight percent (78%) in these leases. ERG Interests, LLC, another wholly owned subsidiary of ERG Resources, currently owns a seven percent (7%) overriding royalty interest in

---

[2] This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

the oil & gas leases owned by ERG Resources in the Cat Canyon Field. There is a single purchaser for all of the oil & gas production generated in the Cat Canyon Field.

5. ERG Resources also owns and operates oil & gas leases representing approximately 683 gross acres (680 net acres) of leasehold located in Liberty County, Texas. There are currently two (2) purchasers of the oil and gas produced from the Liberty County, Texas properties.

*The Debtors' Customer Obligations Generally*

The LCO Setoff Program

6. In the ordinary course of their business, the Debtors purchase lightweight crude oil ("LCO") from one or more vendors (the "LCO Vendors") that is used to process the heavy crude oil produced by the Debtors' operations for sale. After processing the heavy crude oil for sale, the Debtors sell a portion of such processed oil to the LCO Vendors. Pursuant to this arrangement, the LCO Vendors set off the cost of the LCO initially sold to the Debtors from amounts owed the Debtors in the billing process (the "LCO Setoff Program"). The LCO Setoff Program is important to the Debtors' operations, as it allows the Debtors to maintain a consistent supply of LCO for their operations without the need for a separate billing cycle and its attendant administrative costs.

Other Customer Practices

7. The Debtors, periodically in the ordinary course of their business, engage in certain refund and billing adjustment practices designed to maintain business relationships with the Debtors' customers (the "Customer Practices"). These practices include, without limitation, refunds of overcharges, set-off of overcharges against subsequent invoices and other similar adjustments (collectively, and together with the LCO Setoff Program, the "Customer

Programs"). Though such billing adjustments do not occur often, the Debtors' ability to make such adjustments is important to the Debtors' working relationships with their customers and to the ongoing operations of their business.

### Legal Basis For Relief Requested

8. The Debtors submit that an order authorizing them to honor and pay, in their discretion, the Customer Obligations (as defined herein) arising prior to the Petition Date and to continue, renew, replace, modify or maintain the Customer Programs in their discretion, is necessary and in the best interests of the Debtors' estates and creditor constituencies.

*The "Doctrine of Necessity" Provides a Basis for the Relief*
*Requested with Respect to the Honoring of Customer Obligations Generally*

9. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles.

10. Courts have repeatedly recognized "the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operations of the debtor." In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); see also In re Columbia Gas Sys., Inc., 171 B.R. 189, 191-92

(Bankr. D. Del. 1994) (finding that a debtor is entitled to pay certain prepetition creditors upon a showing that the payment is "essential to the continued operation of the business") (citations omitted). The United States Supreme Court first articulated the equitable common law principle commonly referred to as the "doctrine of necessity" over 125 years ago in Miltenberger v. Logansport, C. & S.W.R. Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882).

11. Under the "doctrine of necessity", a bankruptcy court may exercise its equitable power to authorize a debtor to pay critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. See In re Columbia Gas Sys., Inc., 136 B.R. 930, 939 (Bankr. D. Del. 1992) (citing In re Lehigh & New England Rwy. Co., 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a prepetition claim 'is essential to the continued operation of [the debtor], payment may be authorized.'").

12. The bankruptcy court's exercise of its authority under the "doctrine of necessity" is appropriate to carry out specific statutory provisions of chapter 11, specifically sections 1107(a), 1108 and 363(b)(1) of the Bankruptcy Code, which collectively authorize a debtor in possession to maintain and operate the debtor's business and use estate property outside of the ordinary course of business. Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty. See In re CoServ, L.L.C., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").

13. This Motion satisfies the foregoing criteria, as the relief sought herein plainly is essential to the Debtors' reorganization. The Debtors operate in a highly competitive sector of the global economy (i.e. energy exploration and operations). As such, the Debtors

cannot afford any material disruptions of their business operations or acting less than "business as usual" towards their customers.

14. Thus, the continuation of the Customer Programs and payments of amounts owed thereunder (the "Customer Obligations") is warranted.  Much of the success and viability of the Debtors' business is dependent upon the loyalty and confidence of their customers.  The continued support of this constituency is absolutely essential to the success of the Debtors' businesses and the preservation of the value of their estates.  Were the Debtors to fail to honor the Customer Obligations in the ordinary course and without interruption, they would almost certainly suffer an irreparable loss of customer support and confidence.

15. The Debtors are presently unaware of any Customer Obligations that have arisen and are outstanding pre-petition.  Nevertheless, should the Debtors determine that pre-petition Customer Obligations exist, the potential expenditure of estate funds required to fulfill the Debtors' Customer Obligations is likely to be minimal when compared to the benefits accruing to the Debtors from the preservation of their customer relationships.  Accordingly, to preserve the value of their estates, the Debtors request that they be permitted to continue honoring and/or paying all Customer Obligations without interruption or modification.  In addition, to provide necessary assurances to the Debtors' customers on a prospective basis, the Debtors request authority to continue honoring or paying all obligations to customers that arise from and after the Petition Date as appropriate under the circumstances.[3]

---

[3] The Debtors believe that, pursuant to section 363(c) of the Bankruptcy Code and other governing statutory and case law, they possess the authority to continue such Customer Programs without an express grant of authority from the Court, but seek such approval out of an abundance of caution to provide further assurances to their customers that they are able to honor new customer obligations as they arise.

*Request for Authority for Banks to Honor and Pay*
*Checks Issued and Funds Transfers with Respect to the Customer Obligations*

16. The Debtors are presently unaware of any Customer Obligations that would require the Debtors to issue or process checks. Nevertheless, to the extent that the Debtors discover such Customer Obligations requiring the issuance or processing of a check, the Debtors request that all applicable banks and other financial institutions (collectively, the "Banks") be authorized, when requested by the Debtors, to receive, process, honor and pay any and all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, Customer Obligations, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Debtors represent that these checks are drawn on identifiable disbursement accounts and can be readily identified as relating directly to the authorized payment of Customer Obligations. Accordingly, the Debtors believe that checks other than those relating to authorized payments will not be honored inadvertently.

17. Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim against the Debtors would constitute a claim for a Customer Obligation.

**Requests for Immediate Relief & Waiver of Stay**

18. Pursuant to Rules 6003(b) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek (i) immediate entry of an order granting the Debtors authority to pay the Customer Obligations and (ii) a waiver of any stay of the effectiveness of such an order. Bankruptcy Rule 6003(b) provides, in relevant part, that

"[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to pay all or part of a claim that arose before the filing of the petition."  Accordingly, where the failure to grant any such requested relief would result in immediate and irreparable harm to the Debtors' estates, the Court may allow the Debtors to pay all or part of a claim that arose before the Petition Date prior to the twenty-first day following the Petition Date.  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

19.     As set forth above, the honoring and payment of the Customer Obligations that come due in the ordinary course of business in the first 20 days following the Petition Date is necessary to prevent the immediate and irreparable damage to the Debtors' business operations, going-concern value and ability to reorganize that would result from deteriorated customer confidence in the Debtors.  Accordingly, the Debtors submit that ample cause exists to justify:  (i) the immediate entry of an order granting the relief sought herein; and (ii) a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

### Notice

20.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; and (iii) counsel to the agents for the Debtors' prepetition and proposed postpetition secured lenders.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A: (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: May 1, 2015
Dallas, Texas

Respectfully submitted,

 /s/  Tom. A. Howley

Tom A. Howley
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

## EXHIBIT A

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Joint Administration Pending |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**ORDER AUTHORIZING THE DEBTORS TO**
**(I) MAINTAIN CERTAIN CUSTOMER PRACTICES AND (II) HONOR OR**
**PAY RELATED PREPETITION OBLIGATIONS TO THEIR CUSTOMERS**

This matter coming before the Court on the Motion of the Debtors for an Order Authorizing Them to (I) Maintain Certain Customer Practices and (II) Honor or Pay Related

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (7946). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

CHI-181960790v7

Prepetition Obligations to Their Customers (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, (v) the payment of the Customer Obligations as set forth herein is necessary and appropriate to prevent serious disruptions to the Debtors' business operations that would potentially cause immediate and irreparable harm to the Debtors and to preserve the going concern value of the Debtors' businesses and the Debtors' estates for the benefit of all stakeholders and (vi) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized, but not directed, to continue, renew, replace, modify or maintain the Customer Programs.

3. The Debtors are authorized, but not directed, to satisfy, honor and fulfill all the Customer Obligations as such obligations become due in the ordinary course of the Debtors' business.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4. The Banks are authorized, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Customer Obligations, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

5. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; or (iv) an implication or admission that any particular claim would constitute a Customer Obligation.

6. The relief granted herein is subject to any interim or final order of the Court authorizing the Debtors' use of a postpetition financing or cash collateral, as well as to any related budgets.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

8. Pursuant to Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

###END OF ORDER###

-4-

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS