Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens (*pro hac vice* application pending)
Joseph A. Florczak (*pro hac vice* application pending)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Joint Administration Pending |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

*EX PARTE* **MOTION OF THE DEBTORS FOR AN
ORDER DESIGNATING COMPLEX CHAPTER 11 CASES**

The above-captioned debtors (collectively, the "Debtors") hereby respectfully move this Court for an order, pursuant to Appendix E to the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and the General Order Regarding Procedures for Complex Chapter 11 Cases (General Order 2006-02) (the "Complex Chapter 11 Case Procedures"), (i) designating the Debtors' chapter 11 cases as complex chapter 11 cases and (ii) adopting Complex Chapter 11 Bankruptcy Case Treatment, as defined in the Appendix E to the Local Rules, for the Debtors' cases. In support of this Motion, the Debtors incorporate the statements contained in the Declaration of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (7946). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

CHI-181964568v1

Kelly Plato in Support of First-Day Pleadings (the "First Day Declaration") filed contemporaneously herewith and further respectfully state as follows:

## Background

1. On April 30, 2015, ERG Intermediate Holdings, LLC; ERG Resources, L.L.C.; West Cat Canyon, L.L.C.; ERG Interests, LLC; and ERG Operating Company, LLC (collectively, the "Debtors") each filed a petition for relief under chapter 11, title 11 of the United States Code. The Debtors respectfully state as follows:

   a) The Debtors in the above cases have total debt of more than $10 million;

   b) There are more than 50 parties-in-interest in these cases; and

   c) The Debtors are proposing a sale of substantially all their assets.

## Legal Basis for Relief Requested

2. Appendix E to the Local Rules provides that "[a] complex Chapter 11 case is defined as a case filed in this district under Chapter 11 of the Bankruptcy Code that requires special scheduling and other procedures because of a combination of the following factors:

   a) The size of the case (usually total debt of more than $10 million);

   b) The large number of parties in interest in the case (usually more than 50 parties in interest in the case);

   c) The fact that claims against the debtor and/or equity interests in the debtor are publicly traded (with some creditors possibly being represented by indenture trustees); or

   d) Any other circumstances justifying complex case treatment."

3. Moreover, Appendix E to the Local Rules provides that "[i]f the court determines that the case appears to be a complex Chapter 11 case, the court shall issue an Order Granting Complex Chapter 11 Case Treatment." (a "Complex Case Order"). An order

conforming to Exhibit D to the Complex Chapter 11 Case Procedures is attached hereto as Exhibit A.

4. The Debtors submit that the entry of a Complex Case Order is justified due to (a) the size of the Debtors' cases is greater than $10 million; (b) the greater than 50 parties in interest in the cases; and (c) the complexities of cases contemplating a substantial sale of assets. The entry of the Complex Case Order will provide much needed case management procedures and will permit the efficient administration of the Debtors cases. This will reduce costs, administrative burdens and will ultimately preserve the value of the Debtors' estates for all stakeholders.

## Notice

5. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the agents for the Debtors' prepetition and proposed postpetition secured lenders. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  May 1, 2015
        Dallas, Texas

Respectfully submitted,

 /s/  Tom A. Howley

Tom A. Howley
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

**EXHIBIT A**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Joint Administration Pending |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**ORDER GRANTING COMPLEX CHAPTER 11 BANKRUPTCY CASE TREATMENT**

This matter coming before the Court on the *Ex Parte* Motion of the Debtors for an Order Designating Complex Chapter 11 Cases (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (7946). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

CHI-181964568v1

Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b);(iv) notice of the Motion and the Hearing was sufficient under the circumstances; and (v) the Debtors' cases qualify as complex chapter 11 cases under the Local Rules; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

       IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice. Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

    a.     The service list shall initially include the Debtors, Debtors' counsel, counsel for the unsecured creditors' committee, the U.S. Trustee, all secured creditors, the 20 largest unsecured creditors of each Debtor, any indenture trustee, and any party that requests notice;

    b.     Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the Debtors and Debtors' counsel with a notice of appearance and request for service;

    c.    Parties on the service list, who have not otherwise consented to service by e-mail, through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail;

    d.    The initial service list shall be filed within 3 days after entry of this order. A revised list shall be filed 7 days after the initial service list is filed. The debtor shall update the service list, and shall file a copy of the updated service list, (i) at least every 7 days during the first 30 days of the case; (ii) at least every 15 days during the next 60 days of the case; and (iii) at least every 30 days thereafter throughout the case.

3.    **[The court sets _____ of [each week] [every other week, commencing [Month and Day] [each month] at _____ am/pm as the pre-set hearing day and time for hearing all motions and other matters in these cases.]**. The court sets the following dates and times for the next two months as the pre-set hearing date and time for hearing all motions and other matters in these cases **[insert dates and times]**. Settings for the following months will be published by the court no later than 30 days prior to the first hearing date in the said following months. (There may be exceptions; those exceptions will be noted on the court's internet schedule, available at www.txnb.uscourts.gov.)

    a.    All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next

        hearing day that is at least 23 days after the notice is mailed. As a preface to each pleading, just below the case caption, the pleading shall state:

        A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____AT_____AM/PM IN COURTROOM _____, [COURTHOUSE NAME & ADDRESS], _____, TEXAS.

        In addition, if the relief sought in the pleading may be urged subject to negative notice, as permitted by Local Bankruptcy Rules 9007.1 and 9014.1 and General Order 2005-01, the pleading may further state:

        IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-THREE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

    b.    All motions and other matters requiring expedited or emergency hearing shall comply with the usual court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than 23- days' notice, or an emergency that it believes requires consideration on less than 5 business days' notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion. The court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the court grants the motion for expedited or emergency hearing, the underlying motion will be set by the courtroom

deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

4. Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the courtroom deputy, _____, at _____.

5. If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the court may approve the settlement at the hearing without further notice of the terms of the settlement.

6. The Debtors shall give notice of this order to all parties in interest within 7 days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses the court may reconsider any part of this order and may grant relief, if appropriate.

###END OF ORDER###

-6-

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3790
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS