

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 6, 2015**

_____

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

### ORDER AUTHORIZING
### THE DEBTORS TO APPOINT EPIQ BANKRUPTCY
### SOLUTIONS, LLC AS CLAIMS, NOTICING AND BALLOTING AGENT

This matter coming before the Court on the Debtors' Application for an Order

Authorizing the Appointment of Epiq Bankruptcy Solutions, LLC as Claims, Noticing and

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (7946). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002.  The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

Balloting Agent (the "Epiq Application"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Epiq Application, the Wuertz Declaration, the First Day Declaration and having considered the statements of counsel and evidence adduced with respect to the Epiq Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Epiq Application and the Hearing was sufficient under the circumstances, (v) the Debtors have estimated that there are over a thousand creditors in these chapter 11 cases, many of which may require notice and file proofs of claim, (vi) the provision of notice and the receipt, docketing and maintenance of proofs of claim would be unduly time consuming and burdensome for the Clerk, (vii) Epiq has the capability and experience to provide such services and (vii) Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, with respect to the matters upon which it is to be engaged; and the Court having determined that the legal and factual bases set forth in the Epiq Application, the Wuertz Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Epiq Application is GRANTED (i) to the extent 28 U.S.C. § 156(c) authorizes the requested relief and (ii) subject to the terms of this Order.

2.      Notwithstanding the terms of the Services Agreement attached to the Epiq Application, the Epiq Application is approved solely as set forth in this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Epiq Application.

3.     The Debtors are authorized to appoint Epiq effective as of the Petition Date under the terms of the Services Agreement, subject to the authorized delegation of the Clerk's duties pursuant to 28 U.S.C. § 156(c), and Epiq is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases, and all related tasks, as described in the Epiq Application and the Services Agreement.

4.     Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5.     Epiq is authorized to take such other action to perform work permitted by the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c), subject to the provisions of this Order.  Epiq is expressly authorized to:

(a)     Prepare and serve required notices and documents in the chapter 11 cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of the chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date and any auction or sale hearing, (iii) notices of objections to claims, (iv) notices of any hearings on a disclosure statement and confirmation of the Debtors' chapter 11 plan or plans and (v) other miscellaneous notices to any entities as the Debtors or the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

(b)     For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit of service within seven (7) business days of service (or ealier if required by local rules) that includes, to the extent not inconsistent with any case management order entered by the Court, (i) a copy of the notice involved, (ii) a list of persons to whom it was mailed and (iii) the date and manner of mailing;

(c)   Update the claim database to reflect undeliverable or changed addresses;

(d)   Coordinate publication of certain notices in periodicals and other media;

(e)   Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)   Distribute claim acknowledgement cards to any creditor that has filed a proof of claim/interest;

(g)   Maintain copies of all proofs of claim and proofs of interest filed (in hard copy and electronic form);

(h)   Provide a secure on-line tool through which creditors can file proofs of claim and related documentation;

(i)   Create and maintain electronic databases for creditors and parties in interest information provided by the debtor (e.g., creditor matrices, Schedules and Statements) and by creditors and parties in interest (e.g., proofs of claim and proofs of interests);

(j)   Process all proofs of claim or interest received;

(k)   Maintain the official claims register for each Debtor (the "Claims Registers") on behalf of the Clerk and include in the Claims Registers, among other things, the following information for each proof of claim or proof of interest: (i) the name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent, (ii) the date received, (iii) the claim number assigned and (iv) the asserted amount and classification of the claim;

(l)   Create and maintain a website with general case information, key documents, claim search function and mirror of ECF case docket (the "Case Information Website");

(m)   Transmit to the Clerk's office a copy of the claims registers on a monthly basis, unless requested by the Clerk's office on a more or less frequent basis or, in the alternative, make available the claims register on-line;

(n)   Implement necessary security measures to ensure the completeness and integrity of the claims registers;

(o)   Record all transfers of claims pursuant to Bankruptcy Rule 3001 (e) and provide notice of such transfers as required by Bankruptcy Rule 300l(e); and

(p)   Maintain an up-to-date mailing list for all entities that have filed a proof of claim, proof of interest or notice of appearance, which list shall be available upon request of a party in interest or the Clerk's office.

6.   Epiq shall further, (i) provide such other claims processing, noticing and related administrative services as may be requested from time to time by the Debtors, (ii) promptly comply with such further conditions and requirements as the Court may at any time prescribe, (iii) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements, and (iv) provide temporary employees to the Clerk's Office to process claims, as necessary.

7.   At a hearing date to be scheduled, the Debtors may seek approval for Epiq's retention, pursuant to Bankruptcy Code sections 327 and 328, for services that Epiq intends to perform outside the ambit of those services permitted by 28 U.S.C. § 156(c), and nothing in this Order shall operate to limit the approval of such retention under sections 327 and 328 of the Bankruptcy Code.

8.   Epiq shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the Office of the U.S. Trustee, counsel to the Debtors, counsel to any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.

9.   The Debtors are authorized to compensate Epiq in accordance with the terms of the Services Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all

reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

10.     The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices; provided, however, that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11.     Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtors' estates.

12.     Epiq shall apply its retainer to all fees, costs and expenses incurred pursuant to the Services Agreement.

13.     The Debtors shall indemnify Epiq under the terms of the Services Agreement, provided, however, that (i) such indemnification shall be expressly subject to the terms of this Order and (ii) such indemnification shall be on an interim basis pending review by any committees appointed in these chapter 11 cases.

14.     All requests by Epiq for the payment of indemnification as set forth in the Epiq Application and/or Services Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Epiq Application and/or Services Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall Epiq be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

15.     In the event that Epiq seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to

the Epiq Application and/or Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Epiq's own applications, both interim and final, but determined by this Court after notice and a hearing.

16. In the event Epiq is unable to provide the services set out in this Order, Epiq will immediately notify the Clerk and the Debtors' attorneys and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

17. Epiq shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

18. In the event of any inconsistency between the Services Agreement, the Epiq Application and this Order, this Order shall govern.

19. Pursuant to Bankruptcy Rule 6004(h), and notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

21. The Debtors and Epiq are authorized and empowered to take all actions necessary to implement the relief granted in this Order. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

###END OF ORDER###

Submitted by:


Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3790
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS