

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 7, 2015**

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

## ORDER GRANTING COMPLEX CHAPTER 11 BANKRUPTCY CASE TREATMENT

This matter coming before the Court on the *Ex Parte* Motion of the Debtors for an

Order Designating Complex Chapter 11 Cases (the "Motion"),[2] filed by the above-captioned

debtors (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Declaration; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) the Debtors' cases qualify as complex chapter 11 cases under the Local Rules; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

## The Service List

2.      The Debtors shall maintain a service list identifying the parties that must be served whenever a motion or other pleading requires notice.  Unless otherwise required by the Bankruptcy Code or Rules, notices of motions and other matters will be limited to the parties on the service list.

   a.   **Initial Service List.**  The service list shall initially include the Debtors, Debtors' counsel, counsel for the unsecured creditors' committee, the U.S. Trustee, all secured creditors, the 20 largest unsecured creditors of each Debtor, any indenture trustee, and any party that requests notice;

   b.   **Procedure to Add Parties-in-Interest to Service List.**  Any party in interest that wishes to receive notice, other than as listed on the service list, shall be added to the service list by filing and serving the Debtors and Debtors' counsel with a notice of appearance and request for service;

   c.   **Consent to E-Mail Service.**  Parties on the service list, who have not otherwise consented to service by e-mail, through the act of becoming a registered e-filer in this district, are encouraged to provide an e-mail address for service of process and to authorize service by e-mail; consent to e-mail service may be included in the party's notice of appearance and request for service; in the event a party has not consented to e-mail service, a "hard copy" shall be served by fax or by regular mail;

d. **Filing of Initial Service List.** The initial service list shall be filed within 3 days after entry of this order. A revised list shall be filed 7 days after the initial service list is filed. The debtor shall update the service list, and shall file a copy of the updated service list, (i) at least every 7 days during the first 30 days of the case; (ii) at least every 15 days during the next 60 days of the case; and (iii) at least every 30 days thereafter throughout the case.

## Hearing Dates

3. The court sets the following dates and times through June, 2015 as the pre-set hearing date and time for hearing all motions and other matters in these cases:

a. **June 1, 2015 at 1:30 p.m. (CDT).**

b. **June 9 at 11:00 a.m. (CDT).**

4. Settings for the following months will be published by the court no later than 30 days prior to the first hearing date in the said following months. (There may be exceptions; those exceptions will be noted on the court's internet schedule, available at www.txnb.uscourts.gov.)

## Hearing, Notice and Objection Procedures

5. The following hearing, notice and objection procedures will apply to motions and other matters in these chapter 11 cases:

a. **Ordinary Notice Requirements.** All motions and other matters requiring hearing, but not requiring expedited or emergency hearing, shall be noticed for hearing, on the next hearing day that is at least 21 days after the notice is mailed. As a preface to each pleading, just below the case caption, the pleading shall state:

A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____AT_____AM/PM IN COURTROOM #3, UNITED STATES BANKRUPTCY COURT, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS.

In addition, if the relief sought in the pleading may be urged subject to negative notice, as permitted by Local Bankruptcy Rules 9007.1 and 9014.1 and General Order 2005-01, the pleading may further state:

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

b. **Notice for Expedited or Emergency Hearings.** All motions and other matters requiring expedited or emergency hearing shall comply with the usual court requirements for explanation and verification of the need for emergency or expedited hearing. Specifically, if a party in interest has a situation that it believes requires consideration on less than 21- days' notice, or an emergency that it believes requires consideration on less than 5 business days' notice, then the party should file and serve a separate, written motion for expedited hearing, with respect to the underlying motion.

The court will make its best effort to rule on the motion for expedited or emergency hearing within 24 hours of the time it is presented. If the court grants the motion for expedited or emergency hearing, the underlying motion will be set by the courtroom deputy at the next available pre-set hearing day or at some other appropriate shortened date approved by the court. The party requesting the hearing shall be responsible for providing proper notice in accordance with this order and the Bankruptcy Code and Rules.

c. **Objection Deadlines.** Unless the Court orders otherwise, where a motion or other matter is filed and served in accordance with this Order, the deadline for objections or responses to such motion or matter shall be no later than seven (7) days before the hearing date. Any objection deadline may be extended by agreement of the movant, provided, however, that no objection deadline may extend beyond the deadline for filing the agenda. In all instances, any objection must be filed and served so as to be received on or before the applicable objection deadline.

d. **Reply Papers.** Reply papers by the movant, or any party that has joined the movant, may be filed and, if filed, shall be served so as to be received no later than three (3) business days prior to the hearing date.

e. **Agenda Requirement**. The Debtors shall file an agenda conforming to the guidelines in Exhibit F to this Court's General Order 2006-02 (the "Complex Case Procedures") no later than 12:00 CST on the second

business day prior to a hearing scheduled pursuant to this Order. Notwithstanding the Complex Case Procedures, such agenda must be filed regardless of the number of matters set for each hearing date pursuant to this Order.

f.     **Telephonic Participation.** Emergency and expedited hearings (and other hearings in limited circumstances) in this case may be conducted by telephone or, where available, video. Parties must request permission to participate by telephone by calling the courtroom deputy, Jenni Bergreen, at (214) 753-2071.

g.     **Settlements.** If a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. If the court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement, (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the court may approve the settlement at the hearing without further notice of the terms of the settlement.

6.     The Debtors shall give notice of this order to all parties in interest within 7 days. If any party in interest, at any time, objects to the provisions of this order, that party shall file a motion articulating the objection and the relief requested. After hearing the objection and any responses the court may reconsider any part of this order and may grant relief, if appropriate.

###END OF ORDER###

Submitted by:


Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3790
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS