Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens (admitted *pro hac vice*)
Joseph A. Florczak (admitted *pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

A HEARING WILL BE CONDUCTED ON THIS MATTER
ON **JUNE 1, 2015** AT **1:30 P.M. (CDT)** IN COURTROOM #3,
1100 COMMERCE ST., 14TH FLOOR, DALLAS, TEXAS.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

## MOTION OF THE DEBTORS FOR AN ORDER
### (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors (collectively, the "Debtors") hereby move the Court

for the entry of an order, pursuant to section 501 of title 11 of the United States Code

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

(the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"): (i) establishing the dates by which all (a) entities, other than governmental units,[2] must file proofs of claim in these chapter 11 cases (the "General Bar Date"); (b) governmental units must file proofs of claim in these chapter 11 cases (the "Government Bar Date"); (c) entities must file proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these cases (the "Rejection Bar Date"); (d) entities must file proofs of claim in these cases as a result of the Debtors' amendment of their Schedules[3] (the "Amended Schedule Bar Date" and, together with the General Bar Date, the Government Bar Date and the Rejection Bar Date, the "Bar Dates"); and (ii) approving the form and manner of notice of the Bar Dates.

### Background

1.     On April 30, 2015 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[4]  On May 4, 2015, the Court ordered that these chapter 11 cases be consolidated for procedural purposes only and administered jointly on May 4, 2015 [Docket No. 40].

2.     Debtor ERG Resources, L.L.C. ("ERG Resources") is a privately owned oil & gas producer that was formed in 1996.  As further described below, ERG Resources

---

[2]     The term "governmental unit," as used herein, has the meaning given to it in section 101(27) of the Bankruptcy Code.  This Motion requests that the Court establish a separate bar date for governmental units to file proofs of claim.

[3]     The term "Schedules" shall mean the schedules of assets and liabilities and statement of financial affairs, which the Debtors intend to file shortly after the commencement of these chapter 11 cases, and no later than the Service Date (as such term is defined below).  As discussed below, on May 7, 2015, the Court entered an order extending the time to file their Schedules until June 2, 2015  (Docket No. 56).

[4]     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

(a) directly operates certain oil & gas properties in Texas and (b) operates certain oil & gas properties in California through its wholly owned subsidiary, ERG Operating Company, LLC ("ERG Operating Co."). The Debtors' corporate headquarters is located in Houston, Texas.

3.     Since 2010, ERG Resources and ERG Operating Co. have been primarily engaged in the exploration and production of crude oil and natural gas in the Cat Canyon Field in Santa Barbara County, California. ERG Resources owns approximately 19,150 gross lease acreage in the Cat Canyon Field which it has acquired through a series of transactions since 2010.

4.     ERG Resources currently owns an average working interest of approximately ninety-seven percent (97%) and an average net revenue interest of approximately seventy-eight percent (78%) in these leases. ERG Interests, LLC, another wholly owned subsidiary of ERG Resources, currently owns a seven percent (7%) overriding royalty interest in the oil & gas leases owned by ERG Resources in the Cat Canyon Field. There is a single purchaser for all of the oil & gas production generated in the Cat Canyon Field.

5.     ERG Resources also owns and operates oil & gas leases representing approximately 664 gross acres of leasehold located in Liberty County, Texas. There are currently two (2) purchasers of the oil and gas produced from the Liberty County, Texas properties.

## **Relief Requested**

### *Establishment of the Bar Dates*

6.     The General Bar Date. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed."). Following the date that an order is entered approving this Motion and establishing the Bar Dates (the "Bar

Date Order"), the Debtors will serve a notice of the Bar Dates and a proof of claim form upon all known entities holding potential claims subject to the Bar Dates.

7.     The Debtors have not yet filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules").  The Court entered an Order [Docket No. 56] extending the deadline to file the Schedules until June 2, 2015.  The Debtors intend that the date on which they actually serve the notice of the Bar Dates and the proof of claim form (the "Service Date") will occur no later than five days after the Debtors file their Schedules.  The Debtors request that this Court allow them to establish the General Bar Date as the date that is the later of (a) 30 days after the Service Date or (b) June 30, 2015.  The Debtors will include a specific date as the General Bar Date on the Bar Date Notice (as defined below).

8.     The General Bar Date would be the date by which all entities,[5] other than governmental units, holding prepetition claims must file proofs of claim, unless they fall within one of the exceptions described below.  Subject to these exceptions, the General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.  The Debtors propose that the filing of a proof of claim form be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite the priority status, are prepetition claims); provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code ("Administrative Claims") must be made by separate requests for payment in accordance

---

[5]     As used herein, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things the terms, "person" and "governmental unit," as they are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by proof of claim.

9.    <u>The Government Bar Date</u>.  Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in these cases is deemed timely if it is filed within 180 days after the Petition Date, or by October 27, 2015.[6]  The Debtors therefore request that October 27, 2015 be established as the Government Bar Date in these chapter 11 cases.  The Government Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against a Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

10.    <u>The Rejection Bar Date</u>.  The Debtors anticipate that certain entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that, for any claim (a "<u>Rejection Damages Claim</u>") relating to a Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order entered, or applicable notice filed, prior to confirmation of the applicable Debtor's plan of reorganization (a "<u>Rejection Order</u>"), the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date and (b) 14 days after the entry of the Rejection Order.

11.    <u>The Amended Schedule Bar Date</u>.  The Debtors propose that they will retain the right to:  (a) dispute, or assert offsets or defenses against, any filed proof of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or

---

[6]    Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief."

otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors amend or supplement their Schedules after the Service Date, the Debtors propose that they will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules. In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim to the Schedules, the affected entity is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedule Bar Date. The Debtors request that the Amended Schedule Bar Date be established as the later of: (a) the General Bar Date; and (b) 20 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the entity. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

***Entities That Must File Proofs of Claim by the General Bar Date***

12.     The Debtors propose that, subject to the exceptions described in paragraph 13 below, the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

***Entities Not Required to File Proofs of Claim
by the General Bar Date or the Governmental Bar Date***

13. The Debtors propose that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

(a) any entity that already has properly filed a proof of claim against one or more of the Debtors <u>in accordance with the procedures described herein</u>;

(b) any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c) any holder of a claim that previously has been allowed by order of the Court;

(d) any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

(e) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code)

(f)     the Pre-Petition Agent[7] or any of the Pre-Petition Lenders, except as expressly provided in the Interim DIP Order or any final order subsequent thereto; or

(g)     any Debtor having a claim against one or more of the other Debtors;

***No Requirement to File Proofs of Interest***

14.     The Debtors propose that any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in paragraph 13 of this Motion applies.

***Effect of Failure to File Proofs of Claim***

15.     The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular claim against a Debtor, but that fails to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from:  (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of

---

[7]     Unless otherwise defined, the defined terms in this sub-paragraph (f) have the meanings given them in the Interim Order Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Pre-Petition Secured Parties, (II) Obtain Post-Petition Financing and (III) Provide Adequate Assurance Protection to the Pre-Petition Secured Parties, and (B) Prescribing Form and Manner of Notice Of and Scheduling Final Hearing [Docket No. 43] (the "Interim DIP Order").

such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

***Procedures for Providing Notice of the Bar Dates and Filing Proofs of Claim***

16.     The Debtors propose to serve on all known entities holding potential prepetition claims:  (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit A and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached hereto as Exhibit B and incorporated herein by reference (the "Proof of Claim Form" and, collectively with the Bar Date Notice, the "Bar Date Notice Package").[8]

17.     The Bar Date Notice states, among other things, that proofs of claim on account of prepetition claims must be filed with the Debtors' proposed claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), on or before the applicable Bar Date.  The Debtors intend to mail the Bar Date Notice Package by first class United States mail, postage prepaid (or equivalent service), to:  (a) all known potential holders of prepetition claims, including all entities listed in the Schedules as potentially holding claims; (b) the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee"); (c) counsel to any committee appointed in these cases; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; (e) all parties to executory contracts

---

[8]     The Proof of Claim Form is substantially in the form of Official Bankruptcy Form No. 10, but has been modified, and may be further modified in certain limited respects, to accommodate the process in these chapter 11 cases.

and unexpired leases of the Debtors; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors do business; (h) all relevant state attorneys general; (i) all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order; and (j) such additional persons and entities as deemed appropriate by the Debtors.  The timing of the Bar Dates will ensure that potential claimants known as of the date hereof will receive no fewer than 35 days' notice by mail of the General Bar Date.

18.     For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including:  (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as disputed, contingent or unliquidated; and (d) whether the claim is listed as a secured, unsecured non-priority or unsecured priority claim.

19.     For any claim arising prior to the Petition Date to be validly and properly filed, a signed original of a completed proof of claim, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), must be delivered to Epiq at the address identified on the Bar Date Notice so as to be received no later than 4:00 p.m., Eastern Time, on the applicable Bar Date.  The Debtors propose that prepetition claimants be permitted to submit proofs of claim in person or by courier service, hand delivery or mail.  Proofs of claim submitted by facsimile or electronic mail will not be accepted.  Proofs of claim will be deemed filed when actually received by Epiq (as described in the Bar Date Notice) by one of the approved methods of delivery.

***Filing Proofs of Claim Against Multiple Debtors; Failure to Identify a Debtor***

20.     The Debtors also propose that all entities asserting prepetition claims against more than one Debtor be required to file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which their claim is asserted.  Requiring parties to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of proofs of claim in these cases and will not be unduly burdensome on claimants.  The Debtors also propose that if more than one Debtor is listed on the proof of claim form, then the Debtors will treat such claim as filed only against the first listed Debtor.  Finally, the Debtors propose that any claim filed under the joint administration case number, or otherwise without identifying a Debtor, be deemed as filed only against ERG Operating Company, LLC.

***Publication of Bar Date Notice***

21.     In light of the size, complexity, longevity and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors are unable to identify.  Therefore, pursuant to Bankruptcy Rule 2002(l),[9] the Debtors request authority to publish notice of the General Bar Date substantially in the form attached hereto as <u>Exhibit C</u> (the "<u>Publication Notice</u>") in the *Houston Chronicle* and the *Los Angeles Times* to provide notice of the General Bar Date to such unknown potential claimants.  Such publication shall be within 10 days after serving the Bar Date Notice Package.

<u>**Reservation of Rights**</u>

22.     Nothing herein shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claims reflected in the Schedules.

---

[9]     Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

**Notice**

23.     Notice of this Motion shall be provided to: (a) the Office of the United

States Trustee for the Northern District of Texas; (b) the Debtors' 20 largest unsecured creditors

on a consolidated basis, as identified in their chapter 11 petitions; (c) counsel to the agents for

the Debtors' prepetition and proposed postpetition secured lenders; and (d) any party that

requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested

herein, the Debtors respectfully submit that no further notice of this Motion is required.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order

substantially in the form attached hereto as Exhibit D, granting the relief requested herein and

(b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  May 11, 2015           Respectfully submitted,
        Dallas, Texas


         /s/  Tom A. Howley

        Tom A. Howley
        JONES DAY
        717 Texas Avenue, Suite 3300
        Houston, Texas 77002
        Telephone:  (832) 239-3939
        tahowley@jonesday.com

        Brad B. Erens
        Joseph A. Florczak
        JONES DAY
        77 West Wacker
        Chicago, Illinois 60601
        Telephone:  (312) 782-3939
        bberens@jonesday.com
        jflorczak@jonesday.com

        PROPOSED ATTORNEYS FOR DEBTORS

## **EXHIBIT A**

Form of Bar Date Notice

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED ON APPENDIX A ATTACHED HERETO:**

On [_____], the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an order (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"). A list of all of the Debtors and their respective case numbers is attached hereto as Appendix A.

By the Bar Date Order, [-----------] at 4:00 p.m., Eastern Time (the "General Bar Date") has been established as the general claims bar date for filing proofs of claim in the Debtors' cases.

For your convenience, enclosed with this Notice is a proof of claim form for the filing of claims that arose prior to April 30, 2015, which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these cases (collectively, the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and includes all persons, estates, trusts, governmental units and the United States Trustee. In addition, the terms

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

"persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on April 30, 2015 (the "Petition Date") are required to file proofs of claim by the General Bar Date (i.e., by [----------] at 4:00 p.m., Eastern Time).  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

The Government Bar Date.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file proofs of claim by the Government Bar Date (i.e., by October 27, 2015 at 4:00 p.m., Eastern Time).  The Government Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against a Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

The Rejection Bar Date.  Any entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case, must file a proof of claim on or before the later of (a) the General Bar Date and (b) 14 days after the entry of the order authorizing, or notice memorializing, the Debtor's rejection of the applicable contract or lease (the "Rejection Bar Date").

The Amended Schedule Bar Date.  If, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to reduce the undisputed,

noncontingent and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against a Debtor reflected in the Schedules or to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date and (b) 20 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant. The later of these dates is referred to in this Notice as the "Amended Schedule Bar Date."

## FILING PREPETITION CLAIMS

### 1. WHO MUST FILE A PROOF OF CLAIM

Except where the Rejection Bar Date or the Amended Schedule Bar Date applies to establish a different deadline or one of the exceptions in Section 4 below applies, you MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose or is deemed to have arisen prior to the Petition Date. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Except where one of the exceptions in Section 4 below applies, the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)     any entity that believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

### 2. WHAT TO FILE (PROOF OF CLAIM FORM)

The Debtors are enclosing a proof of claim form for use in these cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is scheduled by the Debtors, the attached proof of claim form also sets forth: (a) the amount of your claim (if any) as scheduled by the Debtors; (b) the specific Debtor against which the claim is scheduled; (c) whether your claim is scheduled as disputed, contingent or unliquidated; and (d) whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. You may utilize the proof of claim form(s) provided by the Debtors to file your claim.

Additional proof of claim forms may be obtained at the following websites:

http://dm.epiq11.com/erg; or

http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/BK_Forms_Official_2010/B_010_041 0.pdf

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted. A list of all of the Debtors, together with their respective case numbers, is found on Appendix A attached hereto. Any claim filed under the joint administration case number (ERG Intermediate Holdings, LLC, Case No. 15-31858-hdh-11or that otherwise fails to identify a Debtor shall be deemed as filed <u>only</u> against Debtor ERG Operating Company, LLC. If more than one Debtor is listed on the form, the proof of claim will be treated as filed <u>only</u> against the first listed Debtor.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with sections 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim. Claims under section 503(b)(9) must be filed by the General Bar Date.

## 3. WHEN AND WHERE TO FILE PROOFS OF CLAIM

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date,** at the following address:

**If via first class mail:**

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If via messenger or overnight mail:**

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Proofs of claim will be deemed filed only when **actually received** by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), on or before the applicable Bar Date. **Proofs of claim may not be delivered by facsimile or electronic mail transmission.** Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proofs of claims will be collected, docketed and maintained by Epiq. If you wish to receive acknowledgement of Epiq's receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

## 4. WHO NEED NOT FILE A PROOF OF CLAIM

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date or the Government Bar Date, need <u>not</u> file proofs of claim in these cases:

(a)     any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein;

(b)     any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     a holder of a claim that previously has been allowed by order of the Court;

(d)     a holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

(e)     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(f)     the Pre-Petition Agent[2] or any of the Pre-Petition Lenders, except as expressly provided in the Interim DIP Order or any final order subsequent thereto; or

(g)     any Debtor having a claim against one or more of the other Debtors;

---

[2]     Unless otherwise defined, the defined terms in this sub-paragraph (f) have the meanings given them in the Interim Order Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Pre-Petition Secured Parties, (II) Obtain Post-Petition Financing and (III) Provide Adequate Assurance Protection to the Pre-Petition Secured Parties, and (B) Prescribing Form and Manner of Notice Of and Scheduling Final Hearing [Docket No. 43] (the "Interim DIP Order").

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As described above, any entity that has a claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of a plan of reorganization must file a proof of claim for damages caused by such rejection by the Rejection Bar Date.

## 6. THE DEBTORS' SCHEDULES

You may be listed as the holder of a claim against one or more of the Debtors in their Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the information on the enclosed proof of claim form may not reflect the net remaining amount of your claims. If the Debtors believe that you may hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. You may rely on the enclosed form, however, which sets forth the amount of your claim (if any) as scheduled, identifies the Debtor against which it is scheduled, specifies whether your claim is listed in the Schedules as disputed, contingent or unliquidated and identifies whether your claim is scheduled as a secured, unsecured priority or unsecured nonpriority claim.

As described above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the General Bar Date in accordance with the procedures set forth in this Notice.

**INTEREST HOLDERS**

**No Bar Date for Proofs of Interest.** Any entity holding an interest in any Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common or preferred stock in a corporation or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to in this Notice as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders who wish to assert claims against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the General Bar Date, unless another exception identified in this Notice applies. The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified of the bar date for filing of proofs of interest at the appropriate time.

## CONSEQUENCES OF FAILURE TO FILE A PROOF THE GENERAL BAR DATE

Any entity that is required to file a proof of claim but that fails to do so by the General Bar Date described in this Notice, shall be forever barred, estopped and enjoined from the following: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to in this Notice as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

## RESERVATION OF RIGHTS

The Debtors reserve the right to: (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

## ADDITIONAL INFORMATION

Copies of the Bar Date Order and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at www http://dm.epiq11.com/erg. The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496.

If you require additional information, you may contact the Debtors' claims agent, Epiq, directly by calling (877) 854-9980 or writing to:

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Epiq cannot advise you how to file, or whether you should file, a proof of claim. You should consult an attorney for assistance regarding any inquiries, such as questions concerning whether you must file a proof of claim, whether you should file such proof of claim, and the proper completion or filing of a proof of claim.

Dated: Dallas, Texas                    BY ORDER OF THE COURT
_____, 2015

## APPENDIX A

ERG Intermediate Holdings, LLC:  Case Number 15-31858-hdh-11

ERG Resources, L.L.C.: Case Number 15-31859-hdh-11

ERG Interests, LLC: Case Number 15-31860-hdh-11

ERG Operating Company, LLC: Case Number 15-31861-hdh-11

West Cat Canyon, L.L.C.: Case Number 15-31862-hdh-11

# **EXHIBIT B**

Proof of Claim Form

UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS

**PROOF OF CLAIM**

**ERG Intermediate Holdings, LLC Claims Processing Center**
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**COURT USE ONLY**

| Name of Debtor: | Case Number: |
|---|---|

**NOTE:** *With the exception of 503(b)(9) claims (see section 6 below), do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.  You may use this form for a § 503(b)(9) claims*

Name and address where notices should be sent:




Telephone number:          Email:

❏  Check this box if this claim amends a previously filed claim.

**Court Claim Number:**

*(If known)*  _____

Filed on:  _____

❏  Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above) :




Telephone number:          Email:

**COURT USE ONLY**

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏  Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

❏  Wages, salaries or commissions (up to $12,475), earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507(a)(4).

❏  Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

❏  Up to $2,775 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

❏  Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

❏  Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$_____

**1.    Amount of Claim as of Date Case Filed:**          $_____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
If all or part of the claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
❏  Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest charges.

**2.    Basis for Claim:** _____
      (See instruction #2)

**3.    Last four digits of any number by which creditor identifies debtor:** ____ ____ ____ ____
      **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a)
      **3b. Uniform Claim Identifier (optional):** _____
      (See instruction #3b)

**4.    Secured Claim** (See instruction #4)
      Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**
❏  Real Estate        ❏  Motor Vehicle       ❏  Other

**Describe:** _____

**Value of Property:** $_____

**Annual Interest Rate** _____%  ❏ Fixed  or  ❏ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**        (See instruction #6)

**7.    Credits:**  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  (See instruction #7)

**8.    Documents:**  Attach **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements.  If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached.  *(See instruction #8 and definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9.    Signature:**  (See instruction #9)    Check the appropriate box:
❏ I am the creditor.    ❏ I am the creditor's authorized agent.    ❏ I am the trustee, or the debtor, or their    ❏ I am a guarantor, surety, indorser, or other codebtor.
              (Attached a copy of power of attorney, if any.)    authorized agent. (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Address, telephone number, and email
(if different from notice address above):

Print Name: _____
Title: _____
Company: _____                (Signature)                _____
              (Date)                                      Telephone number: _____
                          Email: _____

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Names of Debtors, and Case Numbers:**

Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 15-31858 | ERG Intermediate Holdings, LLC | 15-31861 | ERG Operating Company, LLC |
| 15-31859 | ERG Resources, LLC | 15-31862 | West Cat Canyon, LLC |
| 15-31860 | ERG Interests, LLC | | |

*If your Claim is against multiple Debtors, complete a separate form for each Debtor.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5, and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier.**
If you use a uniform claims identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing.

**\*\*\*Where to Send Proof of Claim\*\*\***
The creditor must file the form with the Claims Agent for the ERG Intermediate Holdings, LLC case at one of the following addresses:
**If by First Class Mail:**
**ERG Intermediate Holdings, LLC Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**If by Hand Delivery or Overnight Mail:**
**ERG Intermediate Holdings, LLC Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**10300 SW Allen Blvd**
**Beaverton, OR 97005**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information.

A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**INFORMATION**
**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (http://dm.epiq11.com/erg) to view your filed proof of claim under "Claims."

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**EXHIBIT C**

Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## <u>NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM</u>

PLEASE TAKE NOTICE OF THE FOLLOWING:

On [_____], the Bankruptcy Court for the Nothern District of Texas (the "<u>Court</u>") entered an order (the "<u>Bar Date Order</u>") establishing certain deadlines for the filing of proofs of claim in the chapter 11 cases of the following debtors (collectively, the "<u>Debtors</u>"):

ERG Intermediate Holdings, LLC:  Case Number 15-31858-hdh-11
ERG Resources, L.L.C.: Case Number 15-31859-hdh-11
ERG Interests, LLC: Case Number 15-31860-hdh-11
ERG Operating Company, LLC: Case Number 15-31861-hdh-11
West Cat Canyon, L.L.C.: Case Number 15-31862-hdh-11

The Bar Date Order establishes, among others, the following bar date for filing proofs of claim in these cases (collectively, the "<u>Bar Dates</u>"):

<u>The General Bar Date</u>.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on April 30, 2015 (the "<u>Petition Date</u>") are required to file proofs of claim by the General Bar Date (*i.e.*, by [-------------] at 4:00 p.m., Eastern Time).  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

<u>The Government Bar Date</u>.  Pursuant to the Bar Date Order, except as described below, all governmental units holding claims against the Debtors that arose or are deemed to have arisen

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

prior to the Petition Date are required to file proofs of claim by the Government Bar Date (i.e., by October 27, 2015 at 4:00 p.m., Eastern Time). The Government Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against a Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR A REQUEST FOR ALLOWANCE OF ADMINISTRATIVE CLAIM.**

Copies of the Bar Date Order and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Epiq's website at http://dm.epiq11.com/erg. The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:30 p.m., Central Time, Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496.

If you require additional information, you may contact the Debtors' claims agent, Epiq, directly by calling (877) 854-9980 or writing to:

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Epiq cannot advise you how to file, or whether you should file, a proof of claim. You should consult an attorney for assistance regarding any inquiries, such as questions concerning whether you must file a proof of claim, whether you should file a proof of claim, and the proper completion or filing of a proof of claim.

Unless one of the exceptions described in Bar Date Order applies, you MUST file a proof of claim to vote on a chapter 11 plan or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose or is deemed to have arisen prior to the Petition Date. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

The following entities must file proofs of claim on or before the General Bar Date:

(a) any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as "disputed," "contingent" or

"unliquidated" and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b) any entity that believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

A proof of claim form may be obtained at the following websites: http://dm.epiq11.com/erg or http://www.uscourts.gov/bkforms. All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. You should attach to your completed proof of claim any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.

All proofs of claim must be filed so as to be received **on or before the applicable Bar Date,** at the following address:

**If via first class mail:**

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4419
Beaverton, OR 97076-4419

**If via messenger or overnight mail:**

ERG Intermediate Holdings, LLC Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

Proofs of claim will be deemed filed only when **actually received** by Epiq on or before the General Bar Date. **Proofs of claim may not be delivered by facsimile or electronic mail transmission.** Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Any entity that is required to file a proof of claim but that fails to do so by the General Bar Date described in this Notice, shall be forever barred, estopped and enjoined from the following: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim being referred to in this Notice as an "Unscheduled Claim"); or (b) voting upon, or receiving

distributions under, any plan or plans of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

Dated: Dallas, Texas                 BY ORDER OF THE COURT
_____, 2015

## **EXHIBIT D**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

**ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF**
**CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

      This matter coming before the Court on the Motion of the Debtors for an Order

(I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving Form and Manner of

Notice Thereof (the "Motion"), filed by the above-captioned debtors (collectively,

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

the "Debtors");[2] the Court having reviewed the Motion and having heard the statements of

counsel regarding the relief requested in the Motion at a hearing before the Court

(the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and

(c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED in its entirety.

      2.      As used herein, (a) the term "claim" has the meaning given to it in section

101(5) of the Bankruptcy Code, and (b) the term "entity" has the meaning given to it in section

101(15) of the Bankruptcy Code.

      3.      The forms of the Bar Date Notice, the Publication Notice and the Proof of

Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are

approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l). The form and

manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements

of the Bankruptcy Code and the Bankruptcy Rules. As such, the Debtors are authorized to serve

the Bar Date Notice Package in the manner described in paragraphs 14 and 15 below.

      4.      Except as otherwise provided in this Order, all entities (including, without

limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a claim

against a Debtor that arose or is deemed to have arisen prior to commencement of these

chapter 11 cases on April 30, 2015 (the "Petition Date") must file a proof of claim in writing

---

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

accordance with the procedures described herein by the later of (a) 30 days after the Service

Date or (b) June 30, 2015 (the "General Bar Date"). Notwithstanding any other provision hereof,

proofs of claim filed by governmental units must be filed on or before October 27, 2015 (the

"Government Bar Date").

5.      The General Bar Date applies to all types of claims against the Debtors

that arose prior to the Petition Date, including secured claims, unsecured priority claims

(including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and

503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims. The filing of a proof of

claim form shall be deemed to satisfy the procedural requirements for the assertion of

administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other

Administrative Claims under section 503(b) of the Bankruptcy Code shall be made by separate

requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be

deemed proper if made by proof of claim.

6.      The Government Bar Date applies to all governmental units holding

claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that

arose prior to the Petition Date, including governmental units with claims against a Debtor for

unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition

transactions to which the Debtor was a party.

7.      Subject to the exceptions described in paragraphs 9 and 10 below, the

following entities must file a proof of claim on or before the General Bar Date:

(a)      any entity (i) whose prepetition claim against a Debtor is not listed in the

applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and (ii) that

desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

8.     The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must be on the Proof of Claim Form attached to the Motion as Exhibit B or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)     Proofs of claim must be filed either by:  (i) mailing to ERG Intermediate Holdings, LLC Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4419 Beaverton, OR 97076-4419 or (ii) delivering the original proof of claim by hand or overnight courier to ERG Intermediate Holdings, LLC Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.  Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed filed only when **actually received** by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC. ("Epiq"), at the address above on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of Epiq's receipt of a proof of claim, the creditor also must submit to Epiq by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope;

(d)     Proofs of claim must:  (i) be signed; (ii) include supporting documentation (or, if such documents are voluminous, a summary) or an explanation as to why documentation is not

available; (iii) be in the English language; and (iv) be denominated in United States currency; and

(e)  Proofs of claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted.  If more than one debtor is listed on the form, the claim shall be treated as filed only against the first listed Debtor.  Any claim filed under the joint administration case number or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor ERG Operating Company, LLC.

9.  The following entities, whose claims otherwise would be subject to the General Bar Date, shall not be required to file proofs of claim in these chapter 11 cases:

(a)  any entity that already has properly filed a proof of claim against one or more of the Debtors in accordance with the procedures described herein;

(b)  any entity whose claim is listed on the Schedules if:  (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)  any holder of a claim that previously has been allowed by order of the Court;

(d)     any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

(e)     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(f)     the Pre-Petition Agent[3] or any of the Pre-Petition Lenders, except as expressly provided in the Interim DIP Order or any final order subsequent thereto; or

(g)     any Debtor having a claim against one or more of the other Debtors;

10.     Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered or applicable notice filed prior to the confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case (a "Rejection Order") shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (a) the General Bar Date and (b) 14 days after the date of entry of the applicable Rejection Order.

11.     The Debtors shall retain the right to:  (a) dispute, or assert offsets or defenses against, any filed proof of claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  If the Debtors amend or supplement their Schedules after the service of the Bar Date

---

[3]     Unless otherwise defined, the defined terms in this sub-paragraph (f) have the meanings given them in the Interim Order Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Pre-Petition Secured Parties, (II) Obtain Post-Petition Financing and (III) Provide Adequate Assurance Protection to the Pre-Petition Secured Parties, and (B) Prescribing Form and Manner of Notice Of and Scheduling Final Hearing [Docket No. 43] (the "Interim DIP Order").

Notice Package, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules. In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim accordance with the procedures described herein by the Amended Schedule Bar Date. The Amended Schedule Bar Date shall be the later of (a) the General Bar Date and (b) 20 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

       12.     Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the General Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

13.    The Debtors, through Epiq or otherwise, shall serve the Bar Date Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached to the Motion as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, by first class mail, postage prepaid, on:

(a)    all known potential holders of prepetition claims as of the date of the Bar Date Order, including all entities listed in the Schedules as potentially holding claims;

(b)    the Office of the United States Trustee for the Northern District of Texas;

(c)    counsel to any committee appointed in these case;

(d)    all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(e)    all parties to executory contracts and unexpired leases of the Debtors;

(f)    all parties to litigation with the Debtors;

(g)    the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors do business;

(h)    all relevant state attorneys general;

(i)    all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order; and

(j)    such additional persons and entities as deemed appropriate by the Debtors.

14.    As part of the Bar Date Package, the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice. For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim,

if any; (c) whether the claim is listed as disputed, contingent or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority or unsecured non-priority claim.

15.     Upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to Epiq, the Debtors or other parties in interest within ten days after the date of a written request for such documents.

16.     Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the General Bar Date in substantially the form of the Publication Notice attached to the Motion as Exhibit C, once in the *Houston Chronicle* and the *Los Angeles Times*.  Such publication shall be within 10 days after serving the Bar Date Notice Package, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the General Bar Date.

17.     The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.     The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

###END OF ORDER###

Submitted by:


Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS