Thomas E Lauria, State Bar No. 11998025
WHITE & CASE LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744
tlauria@whitecase.com

Craig H. Averch, State Bar No. 01451020
Roberto J. Kampfner (*pro hac vice* pending)
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 620-7700
Facsimile:  (213) 452-2329
caverch@whitecase.com
rkampfner@whitecase.com

*Attorneys for CLMG Corp.*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re<br><br>ERG Intermediate Holdings, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Jointly Administered<br><br>Case No. 15-31858-hdh-11 |

**CLMG CORP.'S OPPOSITION TO THE MOTION FOR AN ORDER
SHORTENING NOTICE RELATING TO MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO TRANSFER VENUE**

CLMG Corp. ("**CLMG**"), in its capacities as the Pre-Petition Agent and the DIP Agent,[2] hereby files this opposition to the *Motion for an Order Shortening Notice Relating to Motion of the Official Committee of Unsecured Creditors to Transfer Venue* [D.I. 95] (the

---

[1] The Debtors in these cases, along with the last four digits of their respective federal tax identification numbers, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385)

[2] As used herein, the terms "**Pre-Petition Agent**" and "**DIP Agent**" shall have the meanings ascribed to such terms in the Debtors' *Motion for Entry of Interim and Final Orders Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (a) Authorizing the Debtors to (i) Use Cash Collateral of the Pre-Petition Secured Parties, (ii) Obtain Post-Petition Financing and (iii) Provide Adequate Protection to the Pre-Petition Secured Parties, (b) Prescribing Form and Manner of Notice of and Scheduling Final Hearing and (c) Granting Related Relief* [D.I. 15] (the "**DIP Motion**").

"**Motion to Expedite**"), filed by the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Debtors' chapter 11 cases (the "**Chapter 11 Cases**") in respect of the *Motion of the Official Committee of Unsecured Creditors to Transfer Venue* [D.I. 94] (the "**Venue Motion**"), and respectfully states:

## OPPOSITION

1. The Committee does not, and cannot, identify any valid reason to expedite consideration of the Venue Motion. Moreover, to do so would be prejudicial to those parties, including CLMG, who may oppose the relief requested in the Venue Motion. Accordingly, the Motion to Expedite should be denied.

2. By the Venue Motion, the Committee asks this Court to disturb the Debtors' choice of venue for the Chapter 11 Cases, uprooting the proceedings successfully underway before this Court and moving them to the Central District of California (or, alternatively, to the Eastern District of Texas or the Southern Districts of Texas). The Committee urges the Court to consider its request on an expedited basis "so that creditors' concerns are simultaneously addressed" with the Debtors' request for approval of the bidding procedures and the DIP Motion. Mot. to Expedite, ¶ 10.

3. As an initial matter, these "creditors' concerns," which are expressed in the Venue Motion, are unfounded. The Debtors' chief executive office is located in Texas. The Debtors appropriately chose venue in their home state and the home state of CLMG. As Pre-Petition Agent, CLMG represents the holders of over $400 million in claims against the Debtors, including most likely the vast majority of unsecured claims against the Debtors by amount. As the DIP Agent, CLMG represents the Debtors' post-petition lenders who have committed $17.5 million to fund the Debtors during the Chapter 11 Cases. The Committee argues that the

Debtors' choice should be set aside in deference to nebulous concerns about the convenience of creditors holding a tiny fraction, by amount,[3] of claims against the Debtors and because most of the Debtors' property is located in California. The Committee is wrong. Indeed, even the Committee acknowledges that venue is proper before this Court, Venue Mot., ¶ 27, and completely undermines its own arguments concerning California creditors and assets by requesting an alternative transfer to *either* the Southern District of Texas *or* the Eastern District of Texas. *See id.* at 1. CLMG will fully set forth the reasons the Venue Motion should be denied in a separate opposition.

4.   More importantly at the moment, however, is that nothing contained in the Venue Motion is so urgent as to justify expedited consideration as requested in the Motion to Expedite. Notice of the hearing on the Venue Motion may be shortened only for "cause shown." Fed. R. Bankr. P. 9006(c)(1). This requires some form of emergency. *In re Villareal*, 160 B.R. 786, 788 (Bankr. W.D. Tex. 1993). Indeed, the rule in this Court is clear: "Motions for expedited hearings will only be granted under emergency or exigent circumstances." N.D. Tex. L.B.R., App'x E. Moreover, a request for an expedited hearing should address prejudice to other parties. *Id.* There is simply no cause to consider the Venue Motion on shortened time and persons opposing the Venue Motion would be prejudiced if it were considered on shortened time.

### A. There Is No Emergency or Exigent Circumstance Which Warrants Expedited Determination of the Venue Motion

5.   The only rationale the Committee offers in support of its Motion to Expedite is neither an emergency nor an exigent circumstance. The Committee asserts that "it is critical that the [Venue Motion] be heard prior to or in conjunction with [the Debtors' bid procedures motion

---

[3] The Committee disingenuously refers to the aggregate claims shown on the top twenty unsecured creditors list as the "total debt" in order to state that "creditors holding debt in the aggregate amount of $8,387,623.00, or approximately 65% of the total debt, are listed with California addresses." Venue Mot., ¶ 14. The Committee is well aware of the claims in excess of $400 million represented by CLMG as the Pre-Petition Agent.

and DIP Motion] so that the creditors' concerns are simultaneously addressed." Mot. to Expedite, ¶ 10. This assertion—the only proffered justification for accelerating the Venue Motion—rings hollow.

6. First, the Venue Motion has nothing to do with the DIP Motion or the Debtors' bid procedures motion. Creditors' concerns about party travel times and proximities of witnesses to the proceeding simply do not relate to whether the Debtors can function without additional financing, whether the financing proposed in the DIP Motion is appropriate, and whether the Debtors' proposed procedures for the sale of certain of its assets will result in an open and fair sale process. Put simply, the issues raised in the Venue Motion do not need to be considered simultaneously with the DIP Motion and the bid procedures motion.

7. In any event, any such concerns are misplaced. The Committee has requested discovery with respect to the DIP Motion and the bid procedures motion. Any such discovery will occur in Texas, not California. The Debtors' chief executive offices are located in Texas, as are all of the principals of the DIP Agent, the DIP Lender, the Pre-Petition Agent, and the Pre-Petition Lender (which hold the overwhelming amount of debt). Deciding these matters while the Chapter 11 Cases are in Texas will not prejudice the Committee in any way.

8. It is absolutely critical to the Debtors that the DIP Motion and bid procedures motions be approved and the efforts of the parties at this juncture of the case should be focused on resolving any disputes that may exist in connection with these motions. Simultaneously litigating the question of venue on an expedited basis will impede this important objective, needlessly increase costs, and divert resources from the substantive aspects of the Chapter 11 Cases.

4

9. Second, there is no emergency because the Committee is up and running and can ably present its concerns regarding the DIP Motion and the bid procedures motion in this Court just as well as it could in a California or other Texas bankruptcy court. The Committee has engaged highly experienced bankruptcy counsel which is more than competent to ensure that the matters set for determination in the near term serve the best interests of the Debtors' estates for the benefit of all unsecured creditors, including any creditors who are purportedly not able to personally appear before this Court.

10. In short, there is simply no emergency requiring the Court to consider whether to move the Chapter 11 Cases to California on an expedited basis, even if such a transfer were warranted (which it is not). The Debtors have transitioned smoothly into operating as debtors in possession under the supervision of this Court and the Chapter 11 Cases are successfully underway. The Committee has been appointed and faces no material impediment to representing the interests of its constituents so long as the cases remain before this Court.

**B. An Accelerated Schedule Is Prejudicial to Parties Opposed to the Venue Motion**

11. The Motion to Expedite fails to address prejudice to those parties that may wish to oppose the Venue Motion and may be denied for this reason alone. *See In re Villareal*, 160 B.R. at 788 ("[T]he motion to expedite should address the question of prejudice to other parties otherwise entitled to notice."). As the Court in *Villareal* acknowledged, "[t]he princip[al] victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest." *Id.*

12. In this case, CLMG understands that the Committee will seek discovery relating to the Venue Motion. CLMG may seek discovery in opposition. A motion to transfer venue is fact-intensive. *See Knapper v. Safety Kleen Sys., Inc.*, No. 9:08-CV-84-TH, 2009 WL 909479, at *5 (E.D. Tex. Apr. 3, 2009) (recognizing "fact intensive nature of [venue transfer] analysis"); *j2*

5

*Global Commc'ns, Inc. v. Protus IP Solutions, Inc.*, No. 6:08-CV-211, 2008 WL 5378010, at *3 (E.D. Tex. Dec. 23, 2008) ("Motions to Transfer Venue require fact intensive analysis."). The need for discovery to develop an adequate record militates in favor of denying the Motion to Expedite. Expediting the Venue Motion not only undermines due process, but it imposes needless and additional costs on all parties in interest, including the Debtors.

## CONCLUSION

WHEREFORE, CLMG respectfully requests that the Court deny the Motion to Expedite.

Dated: May 15, 2015
Los Angeles, California

        WHITE & CASE LLP

        By:  /s/ Craig H. Averch
            Craig H. Averch, State Bar No. 01451020
            Roberto J. Kampfner, admitted *pro hac vice*
            633 West Fifth Street, Suite 1900
            Los Angeles, CA 90071
            Telephone:      (213) 620-7700
            Facsimile:       (213) 452-2329
            caverch@whitecase.com
            rkampfner@whitecase.com

                —and—

            Thomas E Lauria, State Bar No. 11998025
            Southeast Financial Center, Suite 4900
            200 South Biscayne Boulevard
            Miami, FL 33131
            Telephone:      (305) 371-2700
            Facsimile:       (305) 358-5744
            tlauria@whitecase.com

        *Attorneys for CLMG Corp*.

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that notice of the foregoing document was sent on the date thereof to all parties receiving electronic notification in this bankruptcy case from the Court's electronic filing system.

Dated:  May 15, 2015                    /s/  Craig H. Averch
                                                          Craig H. Averch, Esq.