UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| ERG INTERMEDIATE | § | JOINTLY ADMINISTERED |
| HOLDINGS, LLC, ET AL[1] | § | |
| | § | CASE NO. 15-31858-HDH-11 |
| DEBTORS. | § | |

**MOTION OF THE OFFICIAL UNSECURED CREDITORS' COMMITTEE
FOR AN ORDER (I) ESTABLISHING INFORMATION
SHARING PROCEDURES AND (II) GRANTING RELATED RELIEF**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL BUILDING, U.S. BANKRUPTCY COURT, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TX 75242  BEFORE CLOSE OF BUSINESS ON JUNE 11, 2015, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.  ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**NOW COMES** the Official Unsecured Creditors' Committee (the "Committee") of ERG

---

[1]The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385).  ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors.  The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street, Suite 4400, Houston, Texas 77002.  The mailing address for the ERG Operating Company, LLC is 4900 California Avenue, Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

1

Intermediate Holdings, LLC ("ERG"), one of the debtors and debtors in possession in the above-captioned case (the "Debtors") under chapter 11 of Title of the United States Code (as amended, the "Bankruptcy Code"), by and through its undersigned proposed counsel, hereby moves (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide information to creditors and establishing information sharing procedures. In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION

1.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

3.  On April 30, 2015, the Debtors each filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their properties and assets as debtors in possession. No trustee or examiner has been appointed in these cases.

4.  On May 12, 2015, the Office of the United States Trustee appointed the

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

2

Committee pursuant to section 1102 of the Bankruptcy Code [Dkt. No. 84]. The Committee consists of the following five members: (i) Baker Petrolite Corporation; (ii) Cynthia Garcia; (iii) MMI Services, Inc.; (iv) Pacific Petroleum California, Inc.; and (v) SCS Engineers.

## RELIEF REQUESTED

5.      By this Motion, the Committee seeks entry of an order clarifying section 1102(b)(3)(A) of the Bankruptcy Code, which requires the Committee to provide access to information to any creditor the Committee that holds a claim of the kind represented by the Committee.  Specifically, the Committee seeks to (a) clarify that the Committee is not required to provide access to Confidential Information (as defined below) and/or Privileged Information (as defined below) and (b) establish procedures that will help assure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and will aid the Committee in performing its statutory functions.

## BASIS FOR RELIEF

6.      Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee."  11 U.S.C. § 1102(b)(3)(A).  However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors nor does the associated legislative history provide any guidance.

7.      The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees.  Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

3

"<u>Confidential Information</u>").[2] Creditors' committees then use this Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan. Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor. In this case, the Committee expects the Debtors and other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and related information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures and applicable state or federal law.

8.     In this case, absent appropriate protections, the Debtors and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively. As such, given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement that the Committee to provide access to information to exclude Confidential Information.

9.     Section 1102(b)(3)(A) could also be read to permit the disclosure of

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the Committee by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtors, as well as derivations, summaries, and analyses of the same.

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

4

attorney-client privileged information (or information protected by any other applicable privilege

or doctrine). Such a reading of the statute raises the question of whether the Committee could be

required to disclose another party's or its own privileged information (collectively, the

"Privileged Information").[3]  Clearly, any obligation to disseminate Privileged Information could

hamstring Committee counsel's ability to effectively communicate with and advise the

Committee.  Thus, the Committee seeks an order of the Court clarifying that the Committee is

not obligated under section 1102 to provide access to any Privileged Information.  However, the

Committee should be permitted, but not required, to provide access to Privileged Information to

any party so long as (a) such Privileged Information was not Confidential Information, and (b)

the relevant privilege was held and controlled solely by the Committee.

10.     When a statute is clear and unambiguous, "the sole function of the courts

is to enforce it according to its terms."  *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)

(quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  However, in "rare cases [in

which] the literal application of a statute will produce a result  demonstrably at odds with the

intention of its drafters… the intention of the drafters, rather that the strict language, controls."

*Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal

quotation omitted)).

11.     The Committee respectfully submits that section 1102(b)(3)(A) is unclear

and ambiguous.  The statute simply requires a creditors' committee "to provide access to

information," yet sets forth no guidelines as to the type, kind and extent of the information to be

---

[3]  For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney- work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party.

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

5

provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§243.100 to 243.103 (2005).

12. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them."). As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Rules, such as section 107(b) or Rule 9018.

13. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." The language of section

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

6

107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

14.     That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) and Bankruptcy Rule 9018 strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

15.     In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

16.     The relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its Bylaws. A creditors' committee cannot be put in a position of either violating the statute or

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

7

breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties.

17.     Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems.  If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster.  Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

18.     Accordingly, bankruptcy courts in this district which have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information.  *See, e.g., In re Buffet Partners, L.P.*, Case No. 14-30699 (HDH) (Bankr. N.D. TX Apr. 30, 2014); *In re Reddy Ice Holdings, Inc.*, Case No. 12-32349 (SGJ) (Bankr. N.D. TX May 16, 2012); and *In re Key Fitness Products, L.P.*, Case No. 08-31790 (HDH) (Bankr. N.D. TX June 9, 2008).

19.     In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

a.      Privileged and Confidential Information.  The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

8

be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information.  In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

b.      Information Obtained Through Discovery.  Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

c.      Creditor Information Requests.  If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with.  If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102 (b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

9

Information.  Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u>.

d.    <u>Release of Confidential Information of Third Parties</u>.  If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors:  (a) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (b) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

20.    The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee and affected creditors.

21.    The Committee, through its proposed counsel, will also establish and maintain a website, until the earliest to occur of dissolution of the Committee, dismissal, or conversion of this chapter 11 case and a further order of the Court.  For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/ERG to make non-confidential and non-privileged information available to unsecured creditors.  The Committee website will contain links to the Court's ECF\CM website,

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

10

posts of relevant pleadings, and provide creditors with the information necessary to email or contact Committee counsel.  Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtors' logo on the website during the period that this case is active.

22.    The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates.  Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Committee respectfully requests that the relief herein be granted.

**NO PRIOR REQUEST**

23.    No prior request for the relief sought in this Motion has been made to this or any other court.

**NOTICE**

24.    Notice of this Motion has been given to the following parties: (a) the Office of the United States Trustee for the Northern District of Texas; (b) counsel to the Debtors; and (c) all other parties designated for service on the Initial Service List pursuant to the Complex Case Order [Dkt. No. 61].  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested therein, and such other and further relief as this Court deems appropriate.

**DATED:**  May 18, 2015

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

11

Respectfully submitted,
**SEARCY & SEARCY, P.C.**

/s/ Jason R. Searcy
Jason R. Searcy, State Bar # 17953500
jsearcy@jrsearcylaw.com
Joshua P. Searcy, State Bar #24053468
joshsearcy@jrsearcylaw.com
Callan C. Searcy, State Bar #24075523
ccsearcy@jrsearcylaw.com
P.O. Box 3929
Longview, Texas 75606
Tel. 903 757 3399
Fax. 903 757 9559

**AND**

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Shirley S. Cho (CA Bar No. 192
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
scho@pszjlaw.com

**PACHULSKI STANG ZIEHL & JONES LLP**
Robert J. Feinstein (NY Bar No. 1767805)
Maria A. Bove (NY Bar No. 3065943)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: rfeinstein@pszjlaw.com
mbove@pszjlaw.com

[Proposed] Counsel to the Official Unsecured
Creditors' Committee

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

12

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that a true and correct copy of the above and foregoing was served by electronic notice on all persons requesting notice under the ECF filing system for the Northern District of Texas, and by U. S. Mail, postage paid, to each interested party on the attached service list, on or before the 18th day of May 2015.

/s/ Jason R. Searcy
Jason R. Searcy

X:\Files\Cases\ERG Intermediate Holdings, LLC et al\Ch 11 #15-31858 filed 04-30-15\Pleadings\Committee Motion for Information Sharing\Committee Confidentiality - Mtn..wpd

13

Jones Day
Attn: Tom A. Howley
717 Texas Avenue, Suite 3300
Houston, Texas 77002

Jones Day
Attn: Brad B. Erens & Joseph A.
Florczak
77 West Wacker
Chicago, IL 60601

White and Case, Llp
Attn: Roberto Kampfner & Craig H.
Averch
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007

White and Case, Llp
Attn: Thomas E Lauria
Southeast Financial Center
200 South Biscayne Blvd, Suite 4900
Miami, FL 33131-2352

Office of the U. S. Trustee
Attn: William T. Neary, US Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242

Central Coast Piping Products
801 Maulhardt Avenue
Oxnard, CA 93030

Chevron USA, Inc.
Attn: David Singer, Asst Secretary
1400 Smith Street
Houston, Texas  77002

Chevron USA, Inc.
Attn: Rebecca Trujillo
9525 Camino Media
Bakersfield, CA 93311

Chevron USA, Inc.
General Counsel's Office
Attn: Bankrupcty Matters
6001 Bollinger Cyn Road, Bldg T
San Ramon, CA 94583

Construction Specialty Service, Inc.
4550 Buck Owens Blvd
Bakersfied, CA 93308

DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas  77002-5005

Dowden Electrical Service
Attn: Tia Dowden
509 Hilltop Court
Taft, CA 932608

Driltek Inc
Attn: Susan Bailey
901 Tower Way, Suite 102
Bakersfield, CA 93309

Electrical Solutions Corp
2368 Eastman Avenue, Suite 13
Venutra, CA 93003

Engel & Gray Inc
745 West Betteravia Road
PO Box 5020
Santa Maria, CA 93456-5020

Hollister & Brace, PC
Attorneys at Law
1126 Santa Barbara Street
Santa Barbara, CA 93102

M M I Services, Inc.
Attn: Roxanne Campbell
4042 Patton Way
Bakersfield, CA 93308-5030

Macquarie Group
Attn: General Counsel
125 West 55th Street
New York, NY 10019

P C Mechanical Inc
2803 Industrial Parkway
Santa Maria, CA 93455

Pacific Gas & Electric
C/o Bankruptcy Department
8110 Lorraine Avenue
Stockton, CA 95210

Pacific Petroleum California, Inc.
1615 E. Betteravia Road
Santa Maria, CA 93454

Pat Phelan Construction
235 Phelan Ranch Way
Arroyo Grande, CA 93420

Quinn Pumps Ca, Inc
Attn: Amanda Neigum
300a Rocklite Rd.
Ventura, CA 93001

Scs Engineers
3900 Kilroy Airport Way, Suite 100
Long Beach, CA 90806

Simpson Thacher & Bartlett Llp
2 Houston Center - Suite 1475
909 Fannin Street
Houston, Texas  77010

Speed's Oil Tool Service Inc
Attn: Cheryl Wetta
1573 E. Betteravia Road
Santa Maria, CA 93456

West Coast Welding & Constr. Inc.
Attn: Kassandra Arambuoa
2201 Celsius Ave. Ste. B
Oxnard, CA 93030-5183

Gerald M. Leverett, Esq.
1830 Truxtun Avenue Suite 212
Bakersfield, CA 93301

Haynes and Boone, LLP
1221 Mckinney, Suite 2100
Attn: Charles A. Beckham, Jr.
Houston, Texas  77010

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Attn: Jarom Yates
Dallas, Texas  75219

Law Offices of Judith W. Ross
700 N. Pearl Street, Suite 1610
Attn: Neil J. Orleans
Dallas, Texas  75201

Baker Petrolite Corporation
c/o Christopher J. Ryan
2929 Allen Parkway, Suite 2100
Houston, Texas 77019

Cynthia Garcia
1901 Truxtun Avenue
Bakersfield, California 93301

MMI Services, Inc.
c/o Steve McGowan
4042 Patton Way
Bakersfield, California 93308-5030

Pacific Petroleum California, Inc.
c/o John Hochleutner
1615 E. Betteravia Road
Santa Maria, California 93454

SCS Engineers
c/o Richard S. Bedell
11260 Roger Bacon Drive, Suite 300
Reston, Virginia 20190

Jeff Pomerantz
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

John A. Morris & Robert Feinstein
Pachulski Stang Ziehl & Jones, LLP
780 Third Ave., 34th Floor
New York, NY 10017