Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens (admitted *pro hac vice*)
Joseph A. Florczak (admitted *pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31859-hdh-11 |

A HEARING WILL BE CONDUCTED ON THIS MATTER
ON **JUNE 9, 2015** AT **11:00 A.M. (CDT)** IN COURTROOM #3,
1100 COMMERCE ST., 14TH FLOOR, DALLAS, TEXAS.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

## MOTION OF THE DEBTORS FOR AN
## ORDER ESTABLISHING PROCEDURES FOR INTERIM
## COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

The above-captioned debtors (collectively, the "Debtors") hereby move the Court

for the entry of an order pursuant to sections 105(a) and 331 of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 2016-1(c) and Appendix F of the Local Bankruptcy Rules of

the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules")

(i) establishing procedures for the interim compensation and reimbursement of expenses of

professionals and (ii) granting certain related relief.

### Background

1.      On April 30, 2015 (the "Petition Date"), each of the Debtors commenced a

case under chapter 11 of the Bankruptcy Code.[2]  On May 4, 2015, the Court ordered that these

chapter 11 cases be consolidated for procedural purposes only and administered jointly on

May 4, 2015 [Docket No. 40].

2.      Debtor ERG Resources, L.L.C. ("ERG Resources") is a privately owned

oil & gas producer that was formed in 1996.  As further described below, ERG Resources

(a) directly operates certain oil & gas properties in Texas and (b) operates certain oil & gas

properties in California through its wholly owned subsidiary, ERG Operating Company, LLC

("ERG Operating Co.").  The Debtors' corporate headquarters is located in Houston, Texas.

3.      Since 2010, ERG Resources and ERG Operating Co. have been primarily

engaged in the exploration and production of crude oil and natural gas in the Cat Canyon Field in

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core
proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to
28 U.S.C. § 1409.

Santa Barbara County, California. ERG Resources owns approximately 19,027 gross acres (18,794 net acres) of leasehold in the Cat Canyon Field which it has acquired through a series of transactions since 2010.

4.     ERG Resources currently owns an average working interest of approximately ninety-seven percent (97%) and an average net revenue interest of approximately seventy-eight percent (78%) in these leases. ERG Interests, LLC, another wholly owned subsidiary of ERG Resources, currently owns a seven percent (7%) overriding royalty interest in the oil & gas leases owned by ERG Resources in the Cat Canyon Field. There is a single purchaser for all of the oil & gas production generated in the Cat Canyon Field.

5.     ERG Resources also owns and operates oil & gas leases representing approximately 683 gross acres (680 net acres) of leasehold located in Liberty County, Texas. There are currently two (2) purchasers of the oil and gas produced from the Liberty County, Texas properties.

### Retention of Professionals

6.     The Debtors have filed, or anticipate filing, applications to retain Jones Day as general restructuring counsel; AP Services, LLC as financial advisor; DLA Piper as special corporate counsel and Gibbs & Bruns, LLP as special litigation counsel. The Debtors anticipate that, as these cases progress, they may need to retain other professionals in connection with their reorganization efforts. In addition, one or more statutory committees (collectively, the "Committees") may be appointed in these cases. It is anticipated that the Committees would retain counsel, and possibly other professionals, to assist them in fulfilling their obligations.

## Relief Requested

7.     By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for the compensation and reimbursement of professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code (collectively, the "Professionals") on a monthly basis, on terms comparable to the procedures established in other large chapter 11 cases.  Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor more effectively the professional fees incurred in these chapter 11 cases.

8.     Specifically, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a)     Each Professional seeking monthly compensation must serve, which service may be by email, a monthly fee application (a "Monthly Fee Application") so as to be received on or before twenty (25) days following the month for which the fees are sought.  Service of the monthly Fee Applications, shall be made on the following parties (collectively, the "Notice Parties"):

(A)     *the Debtors*, c/o ERG Resources, L.L.C., 333 Clay Street Suite 4400, Houston, TX 77002 (Attn: Kelly Plato, email: kplato@ergresources.com);

(B)     *Debtors' Counsel*, Jones Day, 77 W. Wacker Dr. Suite 3500, Chicago, IL 60601 (Attn: Joe Florczak, email: jflorczak@jonesday.com);

(C)     *the Office of the United States Trustee*, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn: Erin Schmidt, email: Erin.Schmidt2@usdoj.gov);

(D)     *counsel to Prepetition and Postpetition Lenders to the Debtors*, White & Case, LLP, 633 West Fifth Street, Suite 1900, Los Angeles, California  90071 (Attn: Roberto Kampfner, email: rkampfner@whitecase.com; and

(E)   *counsel to the Official Committee of Unsecured Creditors*, (i) Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, email: rfeinstein@pszjlaw.com) and (ii) Pachulski Stang Ziehl & Jones LLP 10100 Santa Monica Boulevard ,13th Floor, Los Angeles, CA 90067-4003 (Attn: Jeff Pomerantz, email: jpomerantz@pszjlaw.com).

Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Application, in accordance with Appendix F of the Local Rules, shall include a monthly invoice that shall include a fee and expense detail that describes the fees and expenses incurred by such Professional.

Any Professional who fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law.

(b)   Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 8.c. hereof.

(c)   If any party in interest objects to a Professional's Monthly Fee Application, it must file and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within seven (7) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional.

(d)     Each Professional may submit its first Monthly Fee Application on or after June 25, 2015, and such Monthly Fee Application shall be for the period from the Petition Date through and including May 30, 2015.

(e)     Commencing with the period ending August 31, 2015, at four-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application pursuant to section 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period.  Interim Fee Applications must be filed on or before the forty-fifth (45) day after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (i.e., special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules.  A Professional filing an Interim Fee Application or final fee application (i) shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law. and (ii) must intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*.

The first Interim Fee Application must be filed on or before September 25, 2015 for the Interim Fee Period from the Petition Date through August 31, 2015.  Any Objections or Additional Objections to an Interim Fee Application shall be filed and served upon, which service may be via email, the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a Certificate of No Objection.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all

requested fees (including the 20% holdback) and expenses not previously paid.

(f)     The Debtors shall request a hearing on the pending Interim Fee Applications at the end of each Interim Fee Period.

(g)     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(h)     Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

9.      The Debtors also request that each member of a Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Fifth Circuit law or the practices of this Court.

### Legal Basis for Relief Requested

10.     Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

11.     Section 331 of the Bankruptcy Code establishes the general rule that professionals may apply to the court for compensation for services and/or reimbursement of expenses only three times per year. However, section 331 of the Bankruptcy Code also expressly allows a court to permit the more frequent filing of such applications. In that vein, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts regularly have entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis.

12.     In addition, Paragraph I.H of Appendix F to the Local Rules provides:

> In a complex case, the Court may, upon request, consider at the outset of the case approval of an interim compensation mechanism for estate professionals that would enable professionals on a monthly basis to be paid up to 80% of their compensation for services rendered and reimbursed up to 100% of their actual and necessary out of pocket expenses. In connection with such a procedure, if approved in a particular complex case, professionals shall be required to circulate monthly billing statements to the U.S. Trustee and other primary parties in interest, and the Debtor in Possession or Trustee will be authorized to pay the applicable percentage of such bill not disputed or contested by a party in interest.

N.D. Tex. L.B.R., Appendix F, ¶ I.H. The Court entered an order designating this case as complex on May 7, 2015 [Docket No. 61].

13.     The Debtors submit that the procedures proposed herein will (a) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Applications, (b) enable parties in interest to monitor more closely the costs of administering these cases, (c) diminish undue financial burdens on the Professionals and

avoid having Professionals fund the costs of the Debtors' reorganization, and (d) permit the Debtors to better predict and manage their monthly cash needs.

14.     Accordingly, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates and creditors.

## Notice

15.     Notice of this Motion has been given to:  (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the agents for the Debtors' prepetition and proposed postpetition secured lenders; and (iv) counsel to the Official Committee of Unsecured Creditors.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  May 18, 2015                    Respectfully submitted,
   Dallas, Texas


            /s/  Tom A. Howley

           Tom A. Howley
           JONES DAY
           717 Texas Avenue, Suite 3300
           Houston, Texas 77002
           Telephone:  (832) 239-3939
           tahowley@jonesday.com

           Brad B. Erens
           Joseph A. Florczak
           JONES DAY
           77 West Wacker
           Chicago, Illinois 60601
           Telephone:  (312) 782-3939
           bberens@jonesday.com
           jflorczak@jonesday.com

           PROPOSED ATTORNEYS FOR DEBTORS

## **EXHIBIT A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31859-hdh-11 |

---

**ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This matter coming before the Court on the Motion of the Debtors for an Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

Professionals (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors");

the Court having reviewed the Motion and having heard the statements of counsel and evidence

adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court

having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was

sufficient under the circumstances; after due deliberation the Court having determined that the

relief requested in the Motion is in the best interests of the Debtors, their estates and their

creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Except as otherwise provided in an order of the Court authorizing the

retention of a particular professional, the professionals specifically retained pursuant to an order

of the Court in these cases (collectively, the "Professionals") may seek interim payment of

compensation and reimbursement of expenses in accordance with the following procedures

(collectively, the "Compensation Procedures"):

> (a)     Each Professional seeking monthly compensation must serve, which
> service may be by email, a monthly fee application (a "Monthly Fee
> Application") so as to be received on or before twenty (25) days following
> the month for which the fees are sought.  Service of the monthly Fee
> Applications, shall be made on the following parties (collectively,
> the "Notice Parties"):
>
> > (A)     the Debtors, c/o ERG Resources, L.L.C., 333 Clay Street
> > Suite 4400, Houston, TX 77002 (Attn: Kelly Plato,
> > email: kplato@ergresources.com);

---

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(B) *Debtors' Counsel*, Jones Day, 77 W. Wacker Dr. Suite 3500, Chicago, IL 60601 (Attn: Joe Florczak, email: jflorczak@jonesday.com);

(C) *the Office of the United States Trustee*, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn: Erin Schmidt, email: Erin.Schmidt2@usdoj.gov);

(D) *counsel to Prepetition and Postpetition Lenders to the Debtors*, White & Case, LLP, 633 West Fifth Street, Suite 1900, Los Angeles, California 90071 (Attn: Roberto Kampfner, email: rkampfner@whitecase.com; and

(E) *counsel to the Official Committee of Unsecured Creditors*, (i) Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, email: rfeinstein@pszjlaw.com) and (ii) Pachulski Stang Ziehl & Jones LLP 10100 Santa Monica Boulevard ,13th Floor, Los Angeles, CA 90067-4003 (Attn: Jeff Pomerantz, email: jpomerantz@pszjlaw.com).

Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Application, in accordance with Appendix F of the Local Rules, shall include a monthly invoice that shall include a fee and expense detail that describes the fees and expenses incurred by such Professional.

Any Professional who fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law.

(b) Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Payment"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 8.c. hereof.

(c) If any party in interest objects to a Professional's Monthly Fee Application, it must file and serve on the affected Professional and each of the Notice Parties a written objection (the "Objection") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If

the parties are unable to reach a resolution of the Objection within seven (7) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional.

(d)     Each Professional may submit its first Monthly Fee Application on or after June 25, 2015, and such Monthly Fee Application shall be for the period from the Petition Date through and including May 30, 2015.

(e)     Commencing with the period ending August 31, 2015, at four-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application pursuant to section 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period.  Interim Fee Applications must be filed on or before the forty-fifth (45) day after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses.  An Interim Fee Application must identify (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (i.e., special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules. A Professional filing an Interim Fee Application or final fee application (i) shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law. and (ii) must intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

The first Interim Fee Application must be filed on or before September 25, 2015 for the Interim Fee Period from the Petition Date through August 31, 2015.  Any Objections or Additional Objections to an Interim Fee

Application shall be filed and served upon, which service may be via email, the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a Certificate of No Objection.  Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f)     The Debtors shall request a hearing on the pending Interim Fee Applications at the end of each Interim Fee Period.

(g)     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(h)     Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

3.     Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

4.     The relief granted herein is subject to any interim or final order of the Court authorizing the Debtors' use of a postpetition financing or cash collateral, as well as any related budgets.

5.     Each member of a Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and

supporting vouchers to the Committee's counsel, which counsel will collect and submit the

Committee members' requests for reimbursement in accordance with the Compensation

Procedures.  Approval of these Compensation Procedures, however, will not authorize payment

of such expenses to the extent that such authorization does not exist under the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, applicable Fifth Circuit law or the practices of this Court.

###END OF ORDER###

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS