Jeffrey N. Pomerantz
Robert J. Feinstein
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        rfeinstein@pszjlaw.com

*Proposed Counsel to the Official Unsecured
Creditors' Committee*

Jason R. Searcy
SEARCY & SEARCY P.C.
446 Forest Square
P.O. Box 3929
Longview, TX 75606
Telephone: (903) 757-3399
Facsimile: (903)-757-9559
Email: jsearcy@jrsearcylaw.com

## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, et al.,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No. 15-31858-hdh-11 |
| | § | |
| | § | |

## THE OFFICIAL UNSECURED CREDITORS' COMMITTEE'S
## NOTICE OF SUBPOENA TO
## MACQUARIE CAPITAL (USA), INC., MICK SOLIMENE

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules

of Civil Procedure, made applicable herein by Rules 7034 and 9016 of the Federal Rules of

Bankruptcy Procedure, the Official Unsecured Creditors' Committee of ERG Intermediate

Holdings, LLC and its affiliated debtors and debtors in possession (the "Committee"), by and

through its undersigned counsel, caused the subpoenas attached hereto (each a "Subpoena", and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

collectively, the "Subpoenas") to be served upon: (i) Macquarie Capital (USA), Inc. for the

production of documents identified in its Subpoena on or before May 21, 2015, attached hereto

as **Exhibit 1**; and (ii) Mick Solimene for appearance at deposition on May 22, 2015 at 10:00 a.m.

EST, attached hereto as **Exhibit 2**.

Dated: May 18, 2015            SEARCY & SEARCY, P.C.


            */s/ Jason R. Searcy*
            Jason R. Searcy (TX Bar No. 17953500)
            446 Forest Square
            P.O. Box 3929
            Longview, TX 75606
            Telephone: (903) 757-3399
            Facsimile: (903) 757-9559
            Email: jsearcy@jrsearcylaw.com

            And

            PACHULSKI STANG ZIEHL & JONES LLP
            Jeffrey N. Pomerantz
            Robert J. Feinstein
            10100 Santa Monica Blvd., 13th Floor
            Los Angeles, CA 90067
            Telephone: (310) 277-6910
            Facsimile: (310) 201-0760
            Email: jpomerantz@pszjlaw.com
                   rfeinstein@pszjlaw.com

            [Proposed] Counsel to the Official Unsecured
            Creditors' Committee

# EXHIBIT 1

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

| Northern | District of | Texas |
| --- | --- | --- |

In re ERG Intermediate Holdings, LLC, et al.,

**Debtors**

*(Complete if issued in an adversary proceeding)*

Case No. 15-31858

Chapter 11

_____
**Plaintiff**
v.
_____
**Defendant**

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE

To: Macquaire Bank, 1 N. Upper Wacker Drive, #900, Chicago, Illinois 60606
*(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
| --- | --- |
| Robert J. Feinstein, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 | Thursday, May 21, 2015<br>5:00 p.m. Eastern |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 18, 2015

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

*/s/ Robert J. Feinstein*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Official Committee of Unsecured Creditors _____, who issues or requests this subpoena, are:

Robert J. Feinstein, Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor, New York, New York 10017
Tel. (212) 561-7710; Email: rfeinstein@pszjlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).


American LegalNet, Inc.
www.FormsWorkFlow.com

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

American LegalNet, Inc.
www.FormsWorkFlow.com

## EXHIBIT A

## DEFINITIONS

1.      "Communication" means any oral, written and/or electronic exchange of information, including, but not limited to, any and all telephone conversations, oral conversations other than telephone conversations, meetings, correspondence, letters, notes, reports, telegrams, telexes, facsimile transmissions, e-mails, texts, calendar invitations, and memoranda and Documents relating to each communication to, from, within the hearing of or witnessed by you.

2.      "Debtors" means ERG Intermediate Holdings, LLC, ERG Resources, LLC, West Cat Canyon, LLC, ERG Interests, LLC, ERG Operating Company, LLC, and each of their agents, representatives, officers, directors, managers, members, principals, employees and/or attorneys.

3.      "Document" means any printed, written, typed, recorded, transcribed, taped, or photographic matter, however produced or reproduced, including, but not limited to, the following: (i) any electronically stored information; (ii) any letter, correspondence, electronic mail or communication of any sort; (iii) film, negative or photograph; (iv) sound recording or video recording; (v) note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; (vi) facsimile transmission; (vii) summary, report, or record of telephone conversation, personal conversation, discussion interview, meeting, conference, investigation, negotiation, act or activity; (viii) projection, work paper, or draft; (viii) financial statement, statement of account, bank statement, check book, stubs or register, cancelled check, deposit slip, charge slip, tax return (income or other), or requisition; (ix) file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or

unsigned or transcribed; (x) any other data compilation from which information can be obtained, translated, recalled, viewed, and/or edited by the respondent through detection devices into reasonably usable form.

      4.      "Marketing Agreement" means each agreement, contract and/or understanding, and any amendments or modifications thereto, pursuant to which Macquarie provided services to the Debtors in connection with the marketing of the Debtors, or all or any of the Debtors' assets at any time since January 1, 2012.

      5.      "Macquarie" means Macquarie Bank or any parent, subsidiary or affiliate that provided services to the Debtors pursuant to a Marketing Agreement.

## DOCUMENT REQUESTS

      1.      All Marketing Agreements.

      2.      All Communications concerning the termination of each Marketing Agreement.

      3.      All Documents and Communications concerning any services rendered by Macquarie to the Debtors pursuant to any Marketing Agreement including but not limited to (a) documents sufficient to identify every prospective purchaser or investor contacted by Macquarie, (b) all expressions of interest, offers, bids or letters of intent (whether or not deemed to be "binding"); (c) Confidential Information Memoranda or other marketing materials prepared for prospective purchasers; (d) materials prepared for any Board of Directors meeting; and (e) signed Nondisclosure Agreements.

# EXHIBIT 2

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of _____ Texas

In re ERG Intermediate Holdings, LLC, et al., _____
         Debtors

*(Complete if issued in an adversary proceeding)*

_____
         Plaintiff
                  v.
_____
         Defendant

Case No. 15-31858 _____

Chapter 11 _____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE

To: Mick Solimene, c/o Macquaire Capital (USA), Inc., 1 N. Upper Wacker Drive, #900, Chicago, Illinois 60606
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Telephonically, with dial-in-instructions to follow. | Friday, May 22, 2015 10:00 a.m. Eastern |

The deposition will be recorded by this method: _____

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 18, 2015 _____

         CLERK OF COURT

                           OR

_____          /s/ Robert J. Feinstein_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Official Committee of Unsecured Creditors _____, who issues or requests this subpoena, are:
Robert J. Feinstein, Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor, New York, New York 10017
Tel. (212) 561-7710; Email: rfeinstein@pszjlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

DOCS_NY:32513.1 20304/002


American LegalNet, Inc.
www.FormsWorkFlow.com

Jeffrey N. Pomerantz
Robert J. Feinstein
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       rfeinstein@pszjlaw.com

*Proposed Counsel to the Official Committee
of Unsecured Creditors*

Jason R. Searcy
SEARCY & SEARCY P.C.
446 Forest Square
P.O. Box 3929
Longview, TX 75606
Telephone: (903) 757-3399
Facsimile: (903-757-9559
Email: jsearcy@jrsearcylaw.com

## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, et al.,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No. 15-31858-hdh-11 |
| | § | |
| | § | |

## AFFIDAVIT OF SERVICE

Sophia L. Lee, being duly sworn according to law, deposes and says that she is employed by the law firm of Pachulski Stang Ziehl & Jones LLP, and that on the 19th day of May, 2015, she caused a copy of the following document to be served upon the attached service list in the manner indicated:

**Subpoena to Macquarie Bank to Testify at a Deposition in a Bankruptcy Case and to Produce Documents**

**Subpoena to Mick Solimene to Testify at a Deposition in a Bankruptcy Case**

Sophia L. Lee

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

**CA JURAT W/AFFIANT STATEMENT:**                                    GOV'T CODE § 8202

> *A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California        )
County of Los Angeles      )

Subscribed and sworn to (or affirmed) before me on
this 19th day of May, 2015 by Sophia L. Lee and
proved to me on the basis of satisfactory evidence
to be the person who appeared before me.

_____
Notary Public:
My Commission Expires:   11/27/17

MELISA DESJARDIEN
Commission # 2047359
Notary Public - California
Los Angeles County
My Comm. Expires Nov 27, 2017

**SERVICE LIST**

**In re: ERG Intermediate Holdings, LLC, et al.**
**Case No. 15-31858-hdh-11**

<u>VIA US MAIL</u>

JONES DAY
717 TEXAS AVENUE, SUITE 3300
ATTN: TOM A. HOWLEY
HOUSTON, TX 77002
(COUNSEL TO DEBTORS)

JONES DAY
77 WEST WACKER
ATTN: BRAD B. ERENS & JOSEPH A. FLORCZAK
CHICAGO, IL 60601
(COUNSEL TO DEBTORS)

WHITE AND CASE, LLP
ROBERTO KAMPFNER &
CRAIG H. AVERCH
633 WEST FIFTH STREET, SUITE 1900
LOS ANGELES, CA 90071-2007
(COUNSEL TO CLMG CORP., ADMIN AGENT)

WHITE AND CASE, LLP
THOMAS E LAURIA
200 S. BISCAYNE BLVD, SUITE 4900
MIAMI, FL 33131-2352
(COUNSEL TO CLMG CORP., ADMIN AGENT)

<u>VIA EMAIL AND US MAIL</u>

OFFICE OF THE U. S. TRUSTEE
WILLIAM T. NEARY, US TRUSTEE
1100 COMMERCE STREET, ROOM 976
DALLAS, TX 75242
USTP.REGION06@USDOJ.GOV
(U.S. TRUSTEE)

HAYNES AND BOONE, LLP
CHARLES A. BECKHAM, JR.
1221 MCKINNEY, SUITE 2100
HOUSTON, TX 77010
CHARLES.BECKHAM@HAYNESBOONE.COM
(COUNSEL TO SCOTT Y. WOOD)
(NOTICE OF APPEARANCE)

HAYNES AND BOONE, LLP
JAROM YATES
2323 VICTORY AVENUE, SUITE 700
DALLAS, TX 75219
JAROM.YATES@HAYNESBOONE.COM
(COUNSEL TO SCOTT Y. WOOD)
(NOTICE OF APPEARANCE)

GERALD M. LEVERETT, ESQ.
(COUNSEL TO MMI SERVICES, INC.)
1830 TRUXTUN AVENUE SUITE 212
BAKERSFIELD, CA 93301
GLEVERETT@GERALDLEVERETT.COM
(NOTICE OF APPEARANCE)

LAW OFFICES OF JUDITH W. ROSS
NEIL J. ORLEANS
700 N. PEARL STREET, SUITE 1610
(COUNSEL TO M-I, LLC)
DALLAS, TX 75201
NEIL.ORLEANS@JUDITHWROSS.COM
(NOTICE OF APPEARANCE)

KING & SPALDING LLP
ATTN: EDWARD L. RIPLEY, MARK W. WEGE
ERIC M. ENGLISH
1100 LOUISIANA, SUITE 4000
HOUSTON, TEXAS 77002
ERIPLEY@KSLAW.COM ; MWEGE@KSLAW.COM ;
EENGLISH@KSLAW.COM
(COUNSEL TO CHEVRON U.S.A., INC. AND UNION OIL
COMPANY OF CALIFORNIA)
(NOTICE OF APPEARANCE)