Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens (admitted *pro hac vice*)
Joseph A. Florczak (admitted *pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY JONES DAY AS COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors (collectively, the "Debtors") apply to the Court for

the entry of an order pursuant to sections 327(a) and 329(a) of the Bankruptcy Code, Rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

L.B.R. 2014-1 and L.B.R. 2016-1 of the Local Bankruptcy Rules of the United States

Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and consistent with the

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

of the United States Trustee (the "U.S. Trustee Guidelines"): (i) authorizing them to retain and employ Jones Day as counsel in these chapter 11 cases, nunc pro tunc as of the commencement of these cases; and (ii) granting certain related relief. In support of this application, the Debtors: (i) submit (a) the Declaration of R. Kelly Plato (the "Debtors' Declaration"), a copy of which is attached hereto as Exhibit A; (b) the Declaration of Tom A. Howley, a partner in Jones Day (the "Howley Declaration"), a copy of which is attached hereto as Exhibit B; and (c) Jones Day's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit C; and (ii) further respectfully represents as follows:

## Background

1.    On April 30, 2015, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2] On May 4, 2015, the Court ordered that these chapter 11 cases be consolidated for procedural purposes only and administered jointly on May 4, 2015 [Docket No. 40].

2.    Debtor ERG Resources, L.L.C. ("ERG Resources") is a privately owned oil & gas producer that was formed in 1996. As further described below, ERG Resources (a) directly operates certain oil & gas properties in Texas and (b) operates certain oil & gas properties in California through its wholly owned subsidiary, ERG Operating Company, LLC ("ERG Operating Co."). The Debtors' corporate headquarters is located in Houston, Texas.

3.    Since 2010, ERG Resources and ERG Operating Co. have been primarily engaged in the exploration and production of crude oil and natural gas in the Cat Canyon Field in Santa Barbara County, California. ERG Resources owns approximately 19,027 gross acres

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

(18,794 net acres) of leasehold in the Cat Canyon Field which it has acquired through a series of transactions since 2010.

4.      ERG Resources currently owns an average working interest of approximately ninety-seven percent (97%) and an average net revenue interest of approximately seventy-eight percent (78%) in these leases. ERG Interests, LLC, another wholly owned subsidiary of ERG Resources, currently owns a seven percent (7%) overriding royalty interest in the oil & gas leases owned by ERG Resources in the Cat Canyon Field. There is a single purchaser for all of the oil & gas production generated in the Cat Canyon Field.

5.      ERG Resources also owns and operates oil & gas leases representing approximately 683 gross acres (680 net acres) of leasehold located in Liberty County, Texas. There are currently two (2) purchasers of the oil and gas produced from the Liberty County, Texas properties.

## Basis for Relief Requested

### *Jones Day's Qualifications*

6.      Jones Day is well qualified to serve as the Debtors' counsel in these chapter 11 cases. Jones Day is one of the largest law firms in the world, with a national and international practice, and has substantial experience in virtually all aspects of the law that may potentially arise in these chapter 11 cases, including bankruptcy, employee benefits, finance, intellectual property, labor and employment, litigation, real estate, and tax expertise.

7.      Jones Day's restructuring practice group consists of approximately 100 attorneys practicing in offices throughout the United States and overseas. Jones Day's restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including those of Allegheny Health, Education and Research Foundation; Borden Chemicals and Plastics

Operating Limited Partnership; Boscov's, Inc.; Burlington Industries, Inc.; Calpine Corporation; Chrysler LLC; Cone Mills Corporation; Dana Corporation; The Elder Beerman Stores Corp.; Enron Corporation; Fairfield Communities Inc.; Federated Department Stores, Inc.; FLYi, Inc.; Fresh and Easy Neighborhood Market Inc.; Fruehauf Trailer Corporation; Globalstar L.P.; Great American Communications Company; GWI, Inc.; Harry & David Holdings, Inc.; HomePlace Stores, Inc.; Hostess Brands, Inc.; HQ Global Holdings, Inc.; The Imperial Home Decor Group Inc.; Interep National Radio Sales, Inc.; Kaiser Aluminum Corporation; Kmart Corporation; Laidlaw Inc.; Lehman Brothers Holdings Inc.; Levitz Home Furnishings, Inc.; Loewen Group International, Inc.; LTV Steel Company, Inc.; Meridian Automotive Systems, Inc.; Metaldyne Corp.; Montgomery Ward & Co.; Morrison Knudsen Corporation; Napster, Inc.; National Century Financial Enterprises, Inc.; NationsRent, Inc.; NexPak Corporation; Oglebay Norton Company; Olympia & York Developments Limited; Orbital Imaging Corporation; Penton Business Media Holdings; Performance Transportation Services, Inc.; Phar Mor, Inc.; Pillowtex, Inc.; Plant Insulation Co.; PLVTZ, Inc.; Purina Mills, Inc.; Radioshack Corporation, Inc.; Resorts International, Inc.; R.H. Macy & Co., Inc.; Slater Steel U.S., Inc.; Snyder's Drug Stores, Inc.; Specialty Foods Corporation; Specialty Products Holding Corp.; Tower Automotive, Inc.; USG Corporation; WHX Corporation; Wiltel Communications; Woodward & Lothrop, Inc.; and World Kitchen, Inc.

8.      Jones Day also is familiar with the Debtors' businesses and financial affairs. Jones Day has provided services to the Debtors since December 10, 2014. In addition, prior to the commencement of these cases, Jones Day assisted the Debtors in their negotiations with the Debtors' senior secured creditor, and in preparing for the filing of these chapter 11 cases. Jones Day's professionals have worked closely with the Debtors' management and other

professionals and, as a result, have become acquainted with the Debtors' history, business operations, capital and corporate structure and related matters. Accordingly, Jones Day has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in these chapter 11 cases.

***Services to Be Provided by Jones Day***

9.     The employment of Jones Day as the Debtors' counsel is appropriate and necessary to enable the Debtors to fulfill their duties as debtors in possession and to preserve and maximize the value of the Debtors' estates for all stakeholders. The Debtors propose to retain Jones Day according to the terms outlined in this application.

10.     The Debtors anticipate that Jones Day will render general legal services to the Debtors as needed throughout the course of these chapter 11 cases, including, without limitation, bankruptcy, employee benefits, finance, intellectual property, employment, litigation, real estate and tax advice. In particular, the Debtors anticipate that Jones Day will perform, among others, the following legal services:

a)   advise the Debtors of their rights, powers and duties as debtors and debtors in possession continuing to operate and manage their respective businesses and properties under chapter 11 of the Bankruptcy Code;

b)   prepare on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules and other documents, and review all financial and other reports to be filed in these chapter 11 cases;

c)   advise the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these chapter 11 cases and appear on behalf of the Debtors in any hearings or other proceedings relating to those matters;

d)   advise the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

e)   advise and assist the Debtors in connection with any asset dispositions in connection with DLA Piper, LLP, as proposed special corporate counsel;

f)   advise, and represent, the Debtors with respect to employment related issues;

g)   advise and assist the Debtors in negotiations with the Debtors' debt holders and other stakeholders;

h)   advise the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

i)   advise the Debtors in connection with the formulation, negotiation and promulgation of any plan or plans of reorganization or liquidation, and related transactional documents;

j)   assist the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

k)   commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization or liquidation; and

l)   perform all other necessary and appropriate legal services in connection with these chapter 11 cases for or on behalf of the Debtors.

11.   The Debtors require knowledgeable counsel to render these essential professional services.  Jones Day has substantial expertise in all of these areas.  Moreover, as indicated above, Jones Day has obtained valuable institutional knowledge of the Debtors' business and financial affairs as a result of its representation of the Debtors prior to the Petition Date.  Accordingly, the Debtors respectfully submit that Jones Day is well qualified to perform these services and represent the Debtors' interests in these chapter 11 cases.

***Compensation and Fee Applications***

12.   Subject to the Court's approval of this application, Jones Day intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary

hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

13. Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience. At present, the standard hourly rates charged by Jones Day range as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $675-$1,200 |
| Counsel | $425-$800 |
| Associates | $400-$750 |
| Paralegals | $250 |

14. The names, positions, resident offices and current hourly rates of those Jones Day lawyers currently expected to spend significant time on these chapter 11 cases are attached as Schedule 3 to the Howley Declaration. Jones Day's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases. Further, Jones Day bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements. For all of these reasons, Jones Day's rates are reasonable and favorable to the Debtors' estates.

15. Jones Day's hourly billing rates are subject to periodic review and adjustments. Prior to any increase in the rates as set forth in Schedule 3 of the Howley Declaration, Jones Day will file a supplemental affidavit (a "Supplemental Affidavit") with the

---

[3]     The hourly rates charged by Jones Day professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident. Jones Day does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

Court and provide the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") and the official unsecured creditors' committee appointed in these cases with ten business days' notice of any such increase. Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. Jones Day's practice of periodically adjusting its billing rates was disclosed to the Debtors, and the Debtors have agreed to pay these modified rates. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, Jones Day will provide justification of the reasonableness of any rate increase in the applicable fee application.[4]

16.     Jones Day will maintain detailed, contemporaneous time records in six minute intervals and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any additional procedures that may be established by the Court in these chapter 11 cases and the U.S. Trustee Guidelines. Jones Day contemplates using the following billing categories:

---

[4]     Like many of its peer law firms, Jones Day increases the hourly billing rate of attorneys and paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing seniority and promotion. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). Accordingly, Jones Day does not intend to provide a separate justification for such step increases.

| MATTER | DESCRIPTION |
|---|---|
| Case Administration | Includes general case administration services; advice relating to business operations; communications with the U.S. Trustee not within scope of other matter numbers; utility adequate assurance disputes; maintenance of case docket and calendar; filing and circulation of papers; and preparation and review of work in process report, notices and service lists. |
| Asset Analysis and Recovery | Identification and review of potential assets including causes of action and non-litigation recoveries. |
| Asset Disposition | Includes all matters relating to acquisitions, dispositions and other postpetition uses of property of the estate. |
| Assumption and Rejection of Leases and Contracts | Includes contract and lease analysis and matters relating to assumption, assumption and assignment, rejection or recharacterization of executory contracts and unexpired leases. |
| Avoidance Action Analysis | Review of potential avoidance actions under Sections 544–549 of the Code to determine whether adversary proceedings are warranted. |
| Budgeting (Case) | Preparation, negotiation, and amendment to budgets for applicant. |
| Business Operations | Issues related to debtor-in-possession operating in chapter 11 such as employee, vendor, utility adequate assurance issues and other similar problems. |
| Claims Administration and Objections | Includes bar date matters, claims objections and related contested matters and other claims administration activities. |
| Corporate Governance Matters | Preparation for and attendance at manager meetings; analysis and advice regarding corporate governance issues, including trustee, examiner, and CRO issues; review and preparation of corporate documents (e.g., articles and bylaws, etc.). |

| **MATTER** | **DESCRIPTION** |
|---|---|
| Court Hearings | Preparation for and attendance at court hearings. |
| Employee Benefits and Pensions | Includes employee compensation and benefits matters, collective bargaining matters, other employee relations matters and ERISA and retiree benefits matters. |
| Employment and Fee Applications | Includes preparation of applications to retain professionals, other matters relating to retention of other professionals and objections to fees of other professionals and preparation of Jones Day fee applications and related activities and the preparation of monthly invoices. |
| Employment and Fee Application Objections | Review of and objections to the employment and fee applications of others. |
| Financing and Cash Collateral | Includes negotiation and documentation of debtor in possession financing and postconfirmation financing and cash collateral issues and related services. |
| Litigation /Adversary Proceedings | Includes all non-bankruptcy litigation and adversary proceedings (i.e., actions initiated by a complaint in the Bankruptcy Court), such as avoidable transfer litigation, claims litigation and related prelitigation matters; also includes all other contested matters that do not fit within another, more specific matter number description. |
| Meetings and Communications with Creditors | Includes preparing for and attending meetings with creditors' committees, individual creditors, the U.S. Trustee, co-counsel and other interested parties. |
| Non-Working Travel | Includes all nonworking travel time. |
| Plan and Disclosure Statement | Includes formulation, negotiation, preparation and promulgation of plans of reorganization or liquidation, disclosure statements and related corporate documentation and research relating thereto and matters related to exclusivity. |

| **MATTER** | **DESCRIPTION** |
|---|---|
| Real Estate | Review and analysis of real estate-related matters, including purchase agreements and lease provisions |
| Relief from Stay and Adequate Protection | Includes all motions to modify the automatic stay, all other types of actions where adequate protection is the central issue and issues related to the effect of the automatic stay on pending matters. |
| Reporting | Statement of financial affairs, schedules, monthly operating reports, and any other accounting or reporting activities; contacts with the United States Trustee not included in other categories. |
| Tax | Includes all federal and state income, property, employment, excise and other tax matters. |
| Valuation | Appraise or review appraisals of assets. |

17.     Furthermore, Jones Day contemplates using the following expense categories:  (a) copies; (b) outside printing; (c) telephone; (d) facsimile; (e) online research; (f) delivery services/couriers; (g) postage; (h) local travel; (i) out-of-town travel (including subcategories for transportation, hotel,  meals, ground transportation, other); (j) meals (local); (k) court fees; (l) subpoena fees; (m) witness fees; (n) deposition transcripts; (o) trial transcripts; (p) trial exhibits; (q) litigation support vendors; (r) experts; (s) investigators; (t) arbitrators/mediators; and (u) other.

18.     Jones Day will consult with the U.S. Trustee regarding suggested alterations to these categories, and will seek to coordinate the consistent use of these categories among professionals required to file applications for payment of fees and reimbursement of expenses in these cases.  In addition, Jones Day understands that interim and final fee awards are subject to approval by this Court.

***Disclosure Concerning Disinterestedness***

19. The Howley Declaration, incorporated herein by reference, discloses Jones Day's connections to the Debtors and parties in interest in these cases and is incorporated herein by reference. In reliance on the Howley Declaration, and except as set forth therein, the Debtors believe that: (a) Jones Day has no connection with the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) Jones Day is not a creditor, equity security holder or insider of the Debtors; (c) none of Jones Day's lawyers is, or was within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Jones Day neither holds nor represents an interest materially adverse to the Debtors or their respective estates. Accordingly, the Debtors believe that Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

20. In the event that Jones Day's representation of the Debtors in connection with any matter in these chapter 11 cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtors shall retain separate counsel to represent their interests with respect to such matter against such party.

***Professional Compensation***

21. On December 12, 2014, the Debtors provided Jones Day with an advance payment of $100,000 to establish a retainer (as subsequently increased and replenished, the "Retainer") for professional services to be rendered and expenses to be incurred by Jones Day. Thereafter, the Retainer was reduced to pay certain invoices and replenished by additional payments. As of the Petition Date, the balance of the Retainer was $53,098.85.

22.     Since the commencement of Jones Day's retention by the Debtors, the Debtors have paid Jones Day's invoices in the ordinary course of business.  Such payments in the ordinary course have included payments for non-bankruptcy advice and services and restructuring related advice and services provided to the Debtors.  From December 10, 2014 through the Petition Date, Jones Day received payments from the Debtors, including the Retainer, totaling $719,485.90  (collectively, the "Prepetition Payments").[5]

23.     Jones Day requests that it be permitted to hold the full amount of the Retainer (following the reconciliation described in footnote 5) as a postpetition retainer.  Upon the conclusion of Jones Day's representation of the Debtors (or as otherwise directed by the Court), Jones Day will apply the remaining portion of the Retainer against any unpaid fees or unreimbursed disbursements, with any unapplied portion of the Retainer to be promptly returned to the Debtors.

**Statement Regarding U.S. Trustee Guidelines**

24.     Jones Day intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Jones Day also

---

[5]     The Prepetition Payments reflect the payment of actual fees and expenses through April 28, 2015 and estimated fees and expenses through the Petition Date.  If the estimated Prepetition Payments exceed Jones Day's actual fees and expenses for the applicable invoice period, the excess amount will be added to, and treated as part of, the Retainer.

Jones Day expects to:  (a) complete its reconciliation of prepetition fees and expenses actually incurred through the Petition Date no later than the filing of its first interim fee application in these cases; (b) make a corresponding adjustment to the amount of the Retainer on or about that date; and (c) disclose such adjustment in its first interim fee application.  Jones Day will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court.

intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Jones Day in these chapter 11 cases.[6]

25.     The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response: | No. |
| **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, |

---

[6]     As this Court is aware, the Executive Office for the United States Trustee ("EOUST") recently adopted the new U.S. Trustee Guidelines. By their terms, the new U.S. Trustee Guidelines "apply to the USTP's review of applications for compensation filed by attorneys in larger chapter 11 cases," and are intended as an update to the original Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "Appendix A Guidelines") adopted by the EOUST in 1996. In other chapter 11 cases where it has been retained, Jones Day has filed its fee applications in compliance with the Appendix A Guidelines. Among other things, the new U.S. Trustee Guidelines ask attorneys in larger chapter 11 cases to provide additional documentation and make significant new disclosures in connection with their retention under section 327 and compensation under section 330 of the Bankruptcy Code. As the new U.S. Trustee Guidelines themselves acknowledge, "the Guidelines do not supersede local rules, court orders, or other controlling authority." It is the Debtors' and Jones Day's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the EOUST to adopt the new U.S. Trustee Guidelines; however, in doing so, the Debtors and Jones Day reserve all rights as to the relevance and substantive legal effect of the new U.S. Trustee Guidelines in respect of any application for employment or compensation in these cases that falls within the ambit of the new U.S. Trustee Guidelines.

|  | including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
|---|---|
| Response: | As disclosed above, Jones Day represented the Debtors during the 12-month period prior to the Petition Date. During that time period, Jones Day charged its standard rates, subject to the customary annual rate increase as of January 1, 2015. The billing rates and financial terms have not changed postpetition. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response | Yes. The budget has been approved through September, 2015. |

### Basis for Relief Requested

26.     Under section 327(a) of the Bankruptcy Code, a debtor in possession is

authorized to employ professional persons "that do not hold or represent an interest adverse to

the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in

carrying out [its] duties under this title." 11 U.S.C. § 327(a).[7]  Section 1107(b) of the

---

[7]     Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:

a person that —

(A)     is not a creditor, an equity security holder, or an insider;

(B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

[Footnote continued on next page]

Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

27.    As required by Bankruptcy Rule 2014(a),[8] the above-described facts set forth in the Application and the information in the Exhibits attached hereto set forth:  (a) the specific facts showing the necessity for Jones Day's employment; (b) the reasons for the Debtors' selection of Jones Day as their counsel in connection with these chapter 11 cases; (c) the professional services proposed to be provided by Jones Day; (d) the arrangement between the Debtors and Jones Day with respect to Jones Day's compensation, including information on retainers and hourly fees and the reasonableness thereof; and (e) to the best of the Debtors' knowledge, the extent of Jones Day's connections, if any, to certain parties in interest in these matters.  Accordingly, Jones Day's retention by the Debtors should be approved.

---

11 U.S.C. § 101(14).

[8]    Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

**Notice**

28.     Notice of this Application has been given to: (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the agents for the Debtors' prepetition and postpetition secured lenders, and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit D:  (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated:  May 19, 2015            Respectfully submitted,
        Dallas, Texas

                                 /s/   R. Kelly Plato
                                _____
                                R. Kelly Plato
                                Manager
                                ERG Intermediate Holdings, LLC et al.
                                333 Clay Street, Suite 4400
                                Houston, Texas 77002

                                DEBTORS

# **EXHIBIT A**

Debtors' Declaration

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## <u>DECLARATION OF R. KELLY PLATO</u>

Pursuant to Section D of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustee (the "<u>U.S.

Trustee Guidelines</u>"), I, R. Kelly Plato, hereby declare, under penalty of perjury, as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am

competent to make this Declaration.

2.      My testimony herein is based upon my personal knowledge, unless stated

otherwise.

3.      If called to testify, I could and would testify to the matters stated herein.

4.      I make this declaration under 28 U.S.C. § 1746 for all permissible

purposes under applicable rules of evidence and procedure, in support of the Application of

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors.  The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002.  The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

Debtors For An Order Authorizing Them to Retain and Employ Jones Day as Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> to the Petition Date (the "<u>Application</u>").[2]

5.      I am currently the Chief Financial Officer for ERG Resources, L.L.C., where I have been employed since November of 2012.

6.      In my current capacity, I am familiar with all aspects of the Debtors' decision to retain and employ Jones Day as counsel with respect to these chapter 11 cases.

### The Debtors' Selection of Jones Day

7.      Jones Day has provided workout and restructuring services to the Debtors since approximately December 10, 2014.  In addition, prior to the commencement of these cases, Jones Day assisted the Debtors in the negotiations with their senior secured creditor, and in preparing for the filing of these chapter 11 cases.  The Debtors selected Jones Day after conducting an interview process in December of 2014.

8.      The Debtors believe that this prior representation has permitted Jones Day to become familiar with the Debtors' business and capital and corporate structure, as well as with the Debtors' management team and their senior secured creditor.  Moreover, the Debtors were aware that Jones Day has extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code.  Accordingly, given these facts, it was determined that Jones Day was well qualified to represent the Debtors in connection with any potential bankruptcy proceedings.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

## Rate Structure

9.      The Debtors and Jones Day agreed that Jones Day's standard fees would apply to this engagement.[3]  Having previously reviewed invoices from other large law firms and invoices submitted from Jones Day, I can verify that the rates being charged by Jones Day in connection with this representation are within the range typically charged by similar firms and generally consistent with rates previously charged by Jones Day in its engagement with the Debtors.

10.      The Debtors recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that Jones Day regularly submits.

## Cost Supervision

11.      As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.  Jones Day's fees and expenses will be subject to review, comment and objection (if warranted), and court approval pursuant to proposed interim compensation procedures that provide for the interim allowance and payment of fees and expenses during the course of these chapter 11 cases.  Jones Day's fees and expenses will be subject to the periodic

---

[3]      As disclosed above, Jones Day represented the Debtors during the 12-month period prior to the Petition Date.  During that time period, Jones Day charged its standard rates, subject to the customary annual rate increase as of January 1, 2015.  The billing rates and financial terms have not changed postpetition.

review on a monthly, interim and final basis during the course of these chapter 11 cases by the

U.S. Trustee, any official committee and the Court, as well as by the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:   May 19, 2015
         Dallas, Texas

/s/  R. Kelly Plato
R. Kelly Plato
Chief Financial Officer
ERG Resources, L.L.C.
333 Clay Street, Suite 4400
Houston, Texas 77002

# **EXHIBIT B**

Howley Declaration

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## <u>DECLARATION OF TOM A. HOWLEY</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>") and in accordance with the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in

Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustee (the "<u>U.S.</u>

<u>Trustee Guidelines</u>"), Tom A. Howley declares:

1.    I am an attorney at law admitted and in good standing to practice in the

State of Texas.

2.    I am a partner with the law firm of Jones Day and am duly authorized to

make this declaration on behalf of Jones Day.  I make this declaration in support of the

Application of the Debtors For An Order Authorizing Them to Retain and Employ Jones Day as

Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> as of the Petition Date (the "<u>Application</u>").[2]  The facts set forth in this

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors.  The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002.  The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

declaration are personally known to me and, if called as a witness, I could and would testify
thereto.

## Jones Day's Qualifications

3.     Jones Day is well qualified to serve as the Debtors' counsel in these
chapter 11 cases.  Jones Day is one of the largest law firms in the world, with a national and
international practice, and has substantial experience in virtually all aspects of the law that may
potentially arise in these chapter 11 cases, including bankruptcy, employee benefits, finance,
labor and employment, litigation, real estate and tax expertise.

4.     Jones Day's restructuring practice group consists of approximately
100 attorneys practicing in offices throughout the United States and overseas.  Jones Day's
restructuring lawyers have played significant roles in a wide array of chapter 11 cases, including
those of Allegheny Health, Education and Research Foundation; Borden Chemicals and Plastics
Operating Limited Partnership; Boscov's, Inc.; Burlington Industries, Inc.; Calpine Corporation;
Chrysler LLC; Cone Mills Corporation; Dana Corporation; The Elder Beerman Stores Corp.;
Enron Corporation; Fairfield Communities Inc.; Federated Department Stores, Inc.; FLYi, Inc.;
Fresh and Easy Neighborhood Market Inc.; Fruehauf Trailer Corporation; Globalstar L.P.; Great
American Communications Company; GWI, Inc.; Harry & David Holdings, Inc.; HomePlace
Stores, Inc.; Hostess Brands, Inc.; HQ Global Holdings, Inc.; The Imperial Home Decor Group
Inc.; Interep National Radio Sales, Inc.; Kaiser Aluminum Corporation; Kmart Corporation;
Laidlaw Inc.; Lehman Brothers Holdings Inc.; Levitz Home Furnishings, Inc.; Loewen Group
International, Inc.; LTV Steel Company, Inc.; Meridian Automotive Systems, Inc.; Metaldyne
Corp.; Montgomery Ward & Co.; Morrison Knudsen Corporation; Napster, Inc.; National
Century Financial Enterprises, Inc.; NationsRent, Inc.; NexPak Corporation; Oglebay Norton

Company; Olympia & York Developments Limited; Orbital Imaging Corporation; Penton Business Media Holdings; Performance Transportation Services, Inc.; Phar Mor, Inc.; Pillowtex, Inc.; Plant Insulation Co.; PLVTZ, Inc.; Purina Mills, Inc.; Radioshack Corporation, Inc.; Resorts International, Inc.; R.H. Macy & Co., Inc.; Slater Steel U.S., Inc.; Snyder's Drug Stores, Inc.; Specialty Foods Corporation; Specialty Products Holding Corp.; Tower Automotive, Inc.; USG Corporation; WHX Corporation; Wiltel Communications; Woodward & Lothrop, Inc.; and World Kitchen, Inc.

5.      Jones Day also is familiar with the Debtors' businesses and financial affairs. Jones Day has provided workout and restructuring services to the Debtors since December 10, 2014. Prior to the commencement of these cases, Jones Day assisted the Debtors in the negotiations with their senior secured creditor, and in preparing for the filing of these chapter 11 cases. Jones Day's professionals have worked closely with the Debtors' management and other professionals and, as a result, have become acquainted with the Debtors' history, business operations, capital and corporate structure and related matters. Accordingly, Jones Day has developed knowledge regarding the Debtors that will result in effective and efficient services in these chapter 11 cases.

### Services to Be Provided by Jones Day

6.      The Debtors have requested that Jones Day render, to the extent necessary, the following legal services in connection with these chapter 11 cases and certain continuing matters:

   a) advise the Debtors of their rights, powers and duties as debtors and debtors in possession continuing to operate and manage their respective businesses and properties under chapter 11 of the Bankruptcy Code;

   b) prepare on behalf of the Debtors all necessary and appropriate applications, motions, proposed orders, other pleadings, notices,

schedules and other documents, and review all financial and other reports to be filed in these chapter 11 cases;

c) advise the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in these chapter 11 cases and appear on behalf of the Debtors in any hearings or other proceedings relating to those matters;

d) advise the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

e) advise and assist the Debtors in connection with any asset dispositions in connection with DLA Piper, LLP, as proposed special corporate counsel;

f) advise, and represent, the Debtors with respect to employment related issues;

g) advise and assist the Debtors in negotiations with the Debtors' debt holders and other stakeholders;

h) advise the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

i) advise the Debtors in connection with the formulation, negotiation and promulgation of any plan or plans of reorganization or liquidation, and related transactional documents;

j) assist the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

k) commence and conduct litigation that is necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization or liquidation; and

l) perform all other necessary and appropriate legal services in connection with these chapter 11 cases for or on behalf of the Debtors.

### Compensation and Fee Applications

7.    Subject to the Court's approval of this application, Jones Day intends to:

(a) charge for its legal services on an hourly basis in accordance with the ordinary and customary

hourly rates in effect on the date services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]

        8.      Jones Day will be compensated at its standard hourly rates, which are based on the professionals' level of experience.  At present, the standard hourly rates charged by Jones Day range as follows:

| Billing Category | U.S. Range |
|---|---|
| Partners | $675-$1,200 |
| Counsel | $425-$800 |
| Associates | $400-$750 |
| Paralegals | $250 |

        9.      The names, positions, resident offices and current hourly rates of those Jones Day lawyers currently expected to spend significant time on these chapter 11 cases are attached as Schedule 3 hereto.  Jones Day's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases.  Further, I believe that Jones Day bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as its professionals in non-bankruptcy engagements.

        10.      Jones Day's hourly billing rates are subject to periodic review and adjustments.  Prior to any increase in the rates as set forth in Schedule 3 hereto, Jones Day will file a supplemental affidavit (a "Supplemental Affidavit") with the Court and provide the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") and the

---

[3]     The hourly rates charged by Jones Day professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident.  Jones Day does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

official unsecured creditors' committee appointed in these cases with ten business days' notice of

any such increase. Any Supplemental Affidavit will explain the basis for the requested rate

increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code. Jones Day's practice

of periodically adjusting its billing rates was disclosed to the Debtors, and the Debtors have

agreed to pay these modified rates. Pursuant to section B(2)(d) of the U.S. Trustee Guidelines,

Jones Day will provide justification of the reasonableness of any rate increase in the applicable

fee application.[4]

11.     Jones Day will maintain detailed, contemporaneous time records in six

minute intervals and apply to the Court for payment of compensation and reimbursement of

expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Bankruptcy Rules, any additional procedures that may be established by the

Court in these chapter 11 cases and the U.S. Trustee Guidelines.

### Disclosure Concerning Disinterestedness

12.     The Debtors have provided Jones Day with a list of the names

(collectively, the "Interested Parties") of individuals or institutions in the following categories:

(a) the Debtors; (b) domestic nondebtor affiliates; (c) Debtor trade names and other names used;

(d) current and recent former directors, officers and senior management; (e) major business

affiliations of the Debtors' directors; (f) current and former significant equityholders of the

Debtors; (g) significant debtholders of Debtors; (h) hedge counterparties; (i) issuers of surety

bonds; (j) beneficiaries of surety bonds; (k) depository banks; (l) major insurers and insurance

---

[4]     Like many of its peer law firms, Jones Day increases the hourly billing rate of attorneys and
paraprofessionals periodically in the form of step increases in the ordinary course on the basis of advancing
seniority and promotion. The step increases do not constitute "rate increases" (as the term is used in the
U.S. Trustee Guidelines). Accordingly, Jones Day does not intend to provide a separate justification for
such step increases.

brokers; (m) equipment lessors; (n) creditors' restructuring professionals; (o) parties to significant litigation; (p) parties to material contracts with Debtors; (q) real estate lessors; (r) current or prior restructuring professionals of the Debtors; (s) significant suppliers and vendors ($1 million cumulative spend in 24 months); (t) significant customers of the Debtors; (u) significant taxing authorities; (v) third party administrators; and (w) parties to oil and gas royalty agreements. We also have considered publicly available information identifying (w) attorneys for the U.S. Trustee's office; and (x) bankruptcy judges for the Northern District of Texas. The identities of the Interested Parties are set forth on <u>Schedule 1</u> hereto.

   13. To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" (as such term is used in Bankruptcy Rule 2014) to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, Jones Day researched its client database to determine whether it had any relationships with the Interested Parties. To the extent that Jones Day's research of its relationships with the Interested Parties indicates that Jones Day has represented in the past two years, or currently represents, any of these entities in matters unrelated to these chapter 11 cases, the identities of these entities and such entities' relationship to the Debtors and connection to Jones Day, are set forth in <u>Schedule 2</u> hereto.

   14. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Jones Day nor any partner, associate or other professional thereof has any connection with the Debtors, their creditors, the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below and in <u>Schedule 2</u> hereto:

     a) Jones Day has not, does not and will not represent any entity other than the Debtors in matters related to these chapter 11 cases.

b) Prior to the Petition Date, Jones Day performed certain legal services for certain of the Debtors, as described herein and in the Application. As described in the Disclosure of Compensation, Jones Day has been paid in full for all of its prepetition services.

c) In matters unrelated to the Debtors or these chapter 11 cases, Jones Day currently represents or formerly represented certain of the interested parties in these chapter 11 cases. For example, Jones Day handles a significant number of transactional and litigation matters for Chevron USA, Inc. ("Chevron") and various affiliates. Chevron is an overriding royalty owner and a predecessor-in-interest in certain oil and gas leases owned by the Debtors in California. There are various pre-petition agreements between the parties regarding, among other things, responsibility for decommissioning and environmental liabilities. As part of the acquisition of oil and gas leases from Chevron, the Debtors maintain a surety bond as a back-stop to cover certain obligations. According to the Debtors' books and records, Chevron was owed approximately $3.8 million as of the Petition Date on account of its overriding royalty ownership interest.

This relationship and others are set forth on the attached Schedule 2. Jones Day, however, has not represented and does not and will not represent any of these entities in matters relating to the Debtors or their chapter 11 cases.

**Jones Day Is a Disinterested Person**

15. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, Jones Day is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that: (a) Jones Day has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth herein; (b) Jones Day is not a creditor, equity security holder or insider of the Debtors; (c) no Jones Day partner, associate or other professional is, or was within

two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Jones Day neither holds nor represents an interest materially adverse to the Debtors or their estates.

16.    Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with hundreds of creditors and other relationships, and because Jones Day is an international firm with more than 2,400 attorneys in 41 offices, Jones Day is unable to state with certainty that every client representation or other connection of Jones Day has been disclosed.  In this regard, if Jones Day discovers additional information that requires disclosure, Jones Day will file supplemental disclosures with the Court.

17.    In the event that Jones Day's representation of the Debtors in connection with any matter in these chapter 11 cases would result in it becoming adverse to a party in interest that gives rise to a professional conflict, the Debtors shall retain separate counsel to represent their interests with respect to such matter against such party.

## Statement Regarding U.S. Trustee Guidelines

18.    Jones Day intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.  Jones Day also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Jones Day in these chapter 11 cases.

19.     The following information is provided in response to the request for

additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response: | No. |
| **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | As disclosed above, Jones Day represented the Debtors during the 12-month period prior to the Petition Date.  During that time period, Jones Day charged its standard rates, subject to the customary annual rate increase as of January 1, 2015.  The billing rates and financial terms have not changed postpetition. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response | Yes.  The budget has been approved through September, 2015. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2015

   /s/ Tom A. Howley_____
Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

# **SCHEDULE 1**

Interested Parties List

**SCHEDULE 1**

**Interested Parties**

**Debtors**

ERG Interests, LLC
ERG Intermediate Holdings, LLC
ERG Operating Company, LLC
ERG Resources, L.L.C.
West Cat Canyon, L.L.C.

**Domestic Nondebtor Affiliates**

CTS Management, LLC
CTS Properties, LTD
ERG Holdings, LLC
ERG Operating, LLP
Manolo LLC

**Foreign Nondebtor Affiliates**

None

**Debtor Trade Names and Other Names Used**

ERG

**Directors, Officers and Senior Management**

Scott Y. Wood - CEO
R. Kelly Plato – CFO
Tom Counihan – Engineering Manager – California
Phil Jewett – Exploration Manager
Doug Lacey – Land Manager and Documentation
James Wagner – Operations Superintendent

**Major Business Affiliations
of the Debtors' Directors**

None

**Recent Former Directors, Officers
and Senior Management**

Phillip E. Sorbet – President
  (ERG Operating Co., LLC)
Edger Dunne – Chief Operating Officer
Bruce McConnell – Vice President, Finance

**Current and Former Significant
Equityholders of the Debtors**

Scott Y. Wood
Tana Wood

**Significant Debtholders of Debtors**

Beal Bank
BP Energy Company
CLG Energy Finance
CLMG Corporation
LNV Corporation

**Indenture Trustees for Significant Debt**

None

**Issuers of Letters of Credit and Surety Bonds**

US Specialty Insurance Company
IndemCo

**Beneficiaries of Letters of
Credit and Surety Bonds**

Chevron USA, Inc.
County of Santa Barbara
State of California
Union Oil Company of California
US Specialty Insurance Company

**Depository Banks**

Citibank, NA
Prosperity Bank
Union Bank

**Major Insurers and Insurance Brokers**

ACE USA
Berkley National Insurance Company
Gemini Insurance Company
JH Blades and Company
State Compensation Insurance Fund
Texas Mutual Insurance Company
The Hartford
Twin City Fire Insurance Company

**Equipment Lessors**

Ford Credit Commercial Leasing
GE Capital, dba FCCL
GMAC Smartlease
Q.I. Exchange LLC
Signature Financial
Tracelease

**Creditors' Restructuring Professionals**

Opportune LLP
White and Case LLP

**Labor Unions**

None

**Parties to Significant Litigation**

CSD Engineering, Inc., dba Cannon
Legacy Reserves Operating, L.P.
Nabors Global Holdings II
Strategic American Oil Corporation

**Parties to Material Contracts with Debtors**

Betteravia Farms LLC
BP Energy Company
Central Coast Piping
Citigroup Global Markets
MMI Services, Inc.
Nobles Americas Energy Solutions
PetroRock LLC
Quinn Pumps California, Inc.

**Real Estate Lessors**

Danari Bakersfield LLC
Montiavo at Bradley Square
Three Allen Center Co. LLC

**Restructuring Professionals of the Debtors**

AP Services LLC
DLA Piper
Jones Day
Macquarie Capital
Macquarie Capital (USA) Inc.

**Significant Suppliers and Vendors
($1MM Cumulative spend in 24 Months)**

ADP Benefit Services
APT American Pipe & Tubing
Baker Hughes Business Support
Bakersfield Pipe & Supply
Cannon
Central Coast Piping Products
Cockrell Resources, Inc
Construction Specialty Service, Inc.
Diversified Project Services
Dowden Electrical Service
Driltek, Inc.
Fullenweider Wilhite, P.C.

GEO Drilling Fluids, Inc.
J B Dewar, Inc.
JD Rush Company
Key Energy Services, Inc.
M M I Services, Inc.
Nalco Company
Netherland Sewell & Associates, Inc.
Noble Americas Energy Solutions
NTS, Inc.
P C Mechanical, Inc.
Pacific Petroleum California, Inc.
Pat Phelan Construction
PG&E
Quinn Pumps CA, Inc.
Rival Well Services, Inc.
Rockin CJ Transport
Ronald O. Nagatani
Scientific Drilling, Inc.
SCS Engineers
Shores Lift Solutions-Pumping Units
Southern Sierra, Inc.
Speed's Oil Tool Service, Inc.
Sunshine Metal Clad, Inc.
Sweet Oil Tool Rental, Inc.
Thompco, Inc.
USI Southwest
Vince Lopez, Jr. & Sons
Weatherford US, L.P.
West Coast Welding & Construction, Inc.

**Significant Customers of the Debtors**

Bi-Petro, Inc
ConocoPhillips Company
Enterprise Crude Oil LLC
Lunday Thagard Company
Phillips 66 Company
Plains Marketing, L.P.
Texas Gathering Company LLC

**Significant Taxing Authorities**

City of Bakersfield, CA
County of Santa Barbara, CA
Franchise Tax Board of California
Harris County, TX
Internal Revenue Service
Liberty County Texas
Railroad Commission of Texas
Texas Comptroller of Public Accounts

**Third Party Administrators**

ADP, Inc.

**Bankruptcy Judges for the**
**Northern District of Texas**

Chief Judge Barbara J. Houser
Judge Harlin D. Hale
Judge Michael D. Lynn
Judge Robert J. Jones
Judge Russell F. Nelms
Judge Stacey G. C. Jernigan

**Attorneys for the United States Trustee's**
**Office for the Northern District of Texas**

Mary Frances Durham
Meredyth Kippes
Lisa L. Lambert
William T. Neary
Timothy W. O'Neal
Nancy S. Resnick
Marc F. Salitore
Erin Schmidt
John M. Vardeman
Elizabeth Ziegler

**Parties to Oil and Gas Royalty Agreements**

A. A. Sterling, Jr.
A. V. Scott Investments, Ltd.
A. W. Dugan
Abe E. McGinty
Abolghassem Parvizian
Ada Catherine Cone
Adolph Burl Cone
Adolph O. Susholtz
AF & CA Fugler, Inc.
Aimwell LLC
Albert Dewaine Little
Amy Jane Phillips
Ann Dearmore Gibbins
Aquarius Land & Mineral Trust
Audrey J. Brown
Austin A. Hardt
Baldwin Properties Partnership
Barbara B. Green, Co-Trustee
Barbara Jordan Meyers
Barry Johnson
Barry Pulaski
Benjamin Hardy Carlton, Jr., Est.
Berta Neil Wilborn Smeal
Betty Ann Sud
Betty Sue Whitenburg
BHSD, Inc.
Blackstone Minerals
Bonetti All
Bradford Bender Jones, Trustee
C. Marie Broussard Arnold

Carl Reed Vanderhider
Carolyn Hart Draper
Carroll E. Wilborn, Jr.
Cat Canyon LLC
Catherine Jolene Auderer
Cawley, Gillespie & Associates
Charles Joseph Mangano
Charles R. Wiggins
Chevron U.S.A., Inc.
Christine Louse Stoker Shortt
Christopher S. Burr
Clint Edward Garrett
Columbine I Limited PTSP
Cornerstone Land & Mineral Trust
CTS Properties, Ltd.
Daniel H. Watts
David Dearmore
David E. Watts
David Hannah, III
David L. Jackson
Devon Energy Production Co., L.P.
Diane Dyer
Diane Taylor
Donn Tognazzini
Donna Ruth Davidson Zeller
Douglas Hannah
E. B. & Sammy Lou Stinnett
Earl Littman
Edith Maureen Street
Edward McCoy, aka J.E. McCoy
Edward Rensimer, M.D.
Era Lynn Smith
Frank Alton Chalfant
Frank McCoy
Frank R. Mease, Jr.
G. Rauch Non-Exempt Marital Trust
Gail Taylor Sandifer
GCH Oil & Gas LLC
George P. Kirkpatrick, Jr. Living Trust
Gerald Cline
Glen Hannah Cole
Greg Burr
GRL LLC
Guy C. Jackson, III
Hannah Davis Cutshall
Harold D. Einarsen Trust
Hazel Broussard Holt
Heather Hannah Beadle
Helen Buchanan Davis
Helen Leaf Hancock Trust
Henry Constable Beck, III
Henry R. Hamman
Hochstetter, L.P.
Honora Arnold
James B. Jackson Irrevocable Trust
James C. Jackson

James D. Granberry 2005 Trust
James L. Warren
James R. Harrris, Jr.
James R. Cyrus Living Trust Dated 10/17/1994
James Robert Jackson
Jane Pfeiffer Michael
Janet Hannah Eskridge
Janice Louise Eger
JDMI LLC
Jean Cline
Jean Elaine Scott Kelly
Jeffery Warren
Jennifer Jackson
Jewel Pulaski Trust
Jimmie Chalfant Shivers
Jo Ann Ramsey
Joanne P. Kendall Trust
Joe B. Farris, Jr.
Joe Guy Giardina
Joel Dixon Jones
John A. Warren Trust
John Arthur Stoker
John Bradford Pruitt
Jon S. Brown
Jordan Davidson Garrett
Judith J. Bell
Judith Lea Bahr
Katherine Buford Barlow Nelson
KBB Separate Trust
Ken Coleman
Kevin Bregman
Kimberley Corbin
Laura Hamman Fain
Laura Jackson Howe
Lela K. Newson
Leonard Rauch
Lewis N. Stuckey, Jr.
Linda H. Poole
Linda Lou Rhodes
Linda Robbie
LNV Corporation c/o Beal Bank
Lorna Jackson
Lydia R. Spirko
Lynn Reynolds, Life Tenant
Mack E. Lee, III
Margaret Scott Keeland
Margie R. Carpenter Test Trust
Marianne Mel Rhodes Groos
Mariella Edgar
Marilyn Lee Pierce
Mark Kalish
Martha Gail Jones
Martha Parr Harrison
Martin Properties, Inc. – Unleased
Mary Barneycastle
Mary Hofheinz Ennis

Mary Jean Abshier Estate
Mary K. Mooring Estate
Mary Lynn Giardina McGowan
Mary Rowe
Matthew Knox Jackson
Melba A. Kelly
Michael James Pruitt
Michael R. Little
Mikal Edwards Acct.
Mohammed Athari, M.D.
Myra B. Wilson
Myrna Schaffer
Nancy Cyrus Parmeter
Nash & Associates
Ned Sayford Thompson
Nelda & Lutcher Stark Foundation
Nellie Sterling Thurow
Oakwood Minerals I, L.P.
OGM Partners I
Ouida C. Townsen
P.A. Brennen Trust
Patricia Ann Barr
Patricia Davis Beck Trust
Patricia King Kiddy
Patricia P. Cappel Trust
Patricia Stuckey O'Block
Patricia Terry
Patty Penland Horton
PDB Properties, Ltd.
Peggy Ann McGuirt
Penny Penland Kubiak
Petrorock LLC
Phillip Jewett
Poco Minerals LLC
R.H. Smurr Trust #000
R.H. Smurr Trust #001
Ralph S. Jackson, III
Ramshorn Investments, Inc.
Raybourne Thompson, Jr.
RCPTX, Ltd.
Richard D. Rudd Special Needs Trust 2005
Richard Pulaski
Rita L. Stoker
Robert Basil Baldwin, Jr. Est. (Dec.)
Robert Granger Lee
Robert Jackson
Robert L. Einarsen
Robert Nelson Green
Robert S. & Nancy F. Friedman
Robin Ann Hofheinz
Rochester Minerals, L.P.
Ronald M. Mucci
Royalty Clearinghouse PTSP
Ruthanne Tompkins
Samuel Denius Estate
Sandra Edwards Trust

Sandra Louise Holik
Sarah Granberry Rooney 2005 Trust
Scott Burr
Seth C. B. Johnson Trust
Sharon Carleton Black
Sharon Ann Bunyard
Shelley Fleishman
Silverado Oil & Gas LLP
Smith Family Fund LLC
Southwest Petroleum Company, L.P.
Spindletop Exploration Co., Inc.
Spindrift Beck Al Swaidi
Sterling Sanders Clark
Steve William Lee
Stonewall Royalty LLC
Sumner Hansen
Sun West Trust
Suzanna W. Brignac
Tacy Wiggins Dubose
Texas General Land Office
The Estate of Constance Fish
The Estate of Elizabeth Youngblood Tribble
The Hannah 1994 Revocable Trust
The Scurlock Foundation
The Wood Trust, dated October 9, 1996
Thelma Broussard Fisher
Thomas Allen Barr
Thomas Carlton Hofheinz
ThreeRivers LLC
Trudi Reynolds, Life Tenant
Turkey Trot/Midway Alabama, L.P.
Valerie T. Kieser
Valley Oaks Investment, L.P.
Velma I. Fisher
Vera I. Broussard Brown
Verda Mae Harris
Vernon R. Canienenberg
Viking Exploration LLC
W. Maury Poole
Wade Griggin Jones, Sr.
Walter William Hofheinz
West, Elsberry, Longenbaugh & Zickerman PLLC
Wickenden Company
Wilda M. Gray, Declaration of Trust, July 27, 1982
William Briscoe Cyrus
William J. Granberry 2005 Trust
William R. Haynes Estate
William Robert Jackson
William Todd Shoemake
Williams Holding Company
Wilson Black
Wright Sanders Walden

## **SCHEDULE 2**

Jones Day Relationships with Interested Parties

## SCHEDULE 2

### ERG INTERMEDIATE HOLDINGS LLC, *ET AL.*

### SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED JONES DAY IN MATTERS UNRELATED TO THE DEBTOR OR ITS CHAPTER 11 CASE

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **PARTIES IN INTEREST (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST TWO YEARS[1]** | | |
| ***ADP, Inc.***<br><br>ADP Benefit Services | Third Party Administrator<br><br>Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • ***ADP, Inc.*** is a current client. |
| Ally Smart Lease, fka GMAC Smartlease | Equipment Lessor | • Parent company ***Ally Bank*** and affiliate company ***GMAC Mortgage LLC*** are current clients; and<br><br>• Affiliate company Capmark Financial Group, fka GMAC Commercial Mortgage Corporation, is a former client (closed 2014). |
| AP Services LLC | Current Restructuring Professionals of the Debtors | • Affiliate company ***Alix Partners*** is a current client. |
| Bank of America, NA | Vehicle Note Holder | • Bank of America is a current client. |

---

[1] The names of current clients of Jones Day appear in bold and italics. The disclosure of stockholder interests or other affiliate relationships among potentially related entities reflects only information known to Jones Day through its conflict reporting system. Jones Day has not performed independent research to identify all stockholder interests or other affiliate relationships with respect to interested parties. Moreover, Jones Day has not disclosed representations of trade associations and similar industry or special interest organizations in which interested parties are members.

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| BP Energy Company | Hedge Counterparty | • Parent BP Plc is a joint venture owner of former client TNK-BP (closed 2013);<br><br>• Affiliate company BP Europa SE is a co-owner of Ruhr Oel GmbH Gelsenkirchen, which is a shareholder of current client *Miro Mineraloelraffinerie Oberrhein GmbH & Co.*;<br><br>• Affiliate BP Wind Energy North America, Inc. is a joint venture partner with Sempra Generation in current client *Mehoopany Wind Energy LLC*;<br><br>• Affiliate company BP Exploration (Alaska), Inc. is a participant in a joint venture with current client *Alaska Gasline Development Corporation*; and<br><br>• Affiliate company BP Exploration & Operating Company Limited is a former partner in a former joint venture (closed 2014) with current client *PT Pertamina (Persero)*. |
| *Chevron USA, Inc.*<br><br>Union Oil Company of California | Royalty Owner; Predecessor-in-Interest in Oil and Gas leases and Beneficiary of Surety Bond; and Party to Material Contract with Debtors | • *Chevron USA, Inc.*, is: (a) a current client; and (b) a stockholder of current client *Sunrise Power Company LLC*;<br><br>• Parent company *Chevron Corporation* and affiliate companies *Arkhan Corporation*, *Chevron Intellectual Property LLC*, *Chevron Global Gas*, *Chevron International Pte Ltd.*, *Chevron Pipeline Company*, *Chevron Australia Pty. Ltd.*, *Chevron Vietnam Ltd.*, *Chevron Nigeria Limited*, *Chevron Upstream*, *Chevron Brasil Upstream Frade Ltda.*, *Chevron Bangladesh Block Twelve Limited*, *Chevron Oronite SAS*, *Talcor Pty Ltd.*, *Chevron (Thailand) Ltd.*, *Chevron Trinidad and Tobago Resources SRL*, *Chevron Asia Pacific Holdings Ltd.*, *Chevron (TAPL) Pty Ltd.*, *Chevron North Asean Ventures IV Ltd.* and *Chevron Sing* are current clients; and<br><br>• Affiliate company Chevron North Sea Limited is a partner in a former joint venture (closed 2014) with current client *PT Pertamina (Persero)*. |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Citibank, N.A.<br><br>***Citigroup Global Markets, Inc.*** | Depository Bank<br><br>Party to Material Contracts with the Debtors | • Citibank, N.A. is: (a) a member of current client ***The Clearing House Payments Company LLC***; (b) a member of former client CF Housing Capital LLC (closed 2014); and (c) a former co-client in a joint representation with former client Homeward Residential, Inc. (closed 2013);<br><br>• ***Citigroup Global Markets, Inc.*** is a current client;<br><br>• Parent company ***Citigroup, Inc.*** is: (a) current client; (b) co-client in a current joint representation of MF Global Lenders (c) the former employer of an individual who is a former Jones Day client (closed 2014); and (d) the parent company of current clients ***Citibank Financial Products***; ***Citibank, N.A. London Branch***, ***Citigroup Energy, Inc.***, and ***Citicorp International Limited*** ;<br><br>• Affiliate company ***Citigroup Global Markets India Private, Ltd.*** is: (a) a current client; and (b) a co-client in a current joint representation with current client ***Axis Capital Limited***;<br><br>• Affiliate company ***Department Stores National Bank*** is a co-client in a current matter with current client ***Macy's, Inc.***; and<br><br>• Affiliate company Citigroup Global Markets Japan is the employer of two individuals who are former Jones Day clients (closed 2013 and 2015, respectively). |
| Cannon (name given) | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • To the extent it may be related to the named party in interest, an entity named ***Canon Power Corporation*** is a current co-client in a joint representation with current client ***Windy Point Partners LLC*** |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| GE Capital d/b/a FCCL | Equipment Lessor | • Parent company **General Electric Company** is: (a) a current client; and (b) a joint venture partner in and co-owner of current client **Universal Studios International BV**; <br><br>• Affiliate company GE Ventures, Ltd. is an investor in current client **Aver Informatics, Inc.**; <br><br>• Affiliate company GE Commercial Finance Energy Financial Services is the owner of TIFD 111-X LLC, a limited partner of current client **NCL Applachian Partners, L.P.**; <br><br>• Affiliate companies **General Electric International, Inc.**, **GE Healthcare**, **GE Healthcare Financial Services**, **GE Capital**, **GE Capital SpA**, **GE Water & Process Technologies France**, **GE Commercial Finance, Japan**, **GE Japan Corporation**, **GE Oil & Gas**, **GE Antares Capital Corporation**, **GE Power Controls France**, **GE Energy Power Conversion Group SAS** and **General Electric International Operation** are current clients; and <br><br>• Affiliate company GE Projektplanungs GmbH is a former client (closed 2013). |
| The Hartford <br><br> and <br><br> Twin City Fire Insurance Company | Major Insurer and Insurance Broker | • Affiliated entity Hartford Floating Rate Fund is a member of former client Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair (closed 2013); and <br><br>• Affiliate company Hartford Insurance is a member of former client Pacific Coast Automobile Underwriters Conference (closed 2014). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Macquarie Capital<br><br>and<br><br>*Macquarie Capital (USA), Inc.* | Prior Restructuring Professionals and Investment Banker of the Debtors | • Affiliate company *Macquarie Capital (USA), Inc.* is: (a) a current client; and (b) a stockholder of former client Harley Marine Services, Inc. (closed 2015);<br><br>• Parent company *Macquarie Group Limited* is: (a) a current client; (b) a joint venture owner of M. D. Sass-Macquarie Financial Strategies, L.P., the parent company of current client *Amerra Capital Management*; and (c) a joint venture partner of former client HPI Fleet & Mobility (France) SAS (closed 2014);<br><br>• Affiliate companies *Macquarie Water Heater Rentals LLC*, *Macquarie Atlas Roads International Limited*, *Goodman Limited*, *Goodman UK Limited*, *Macquarie Bank Limited*, *Macquarie Bank Limited (London Branch)*, *Macquarie Energy LLC*, *Macquarie Group Limited London Branch*, *Macquarie Capital Group Limited*, *Macquarie European Infrastructure Fund Ltd.* and *Macquarie Infrastructure and Real Assets* are current clients;<br><br>• Affiliate company *Macquarie Capital Securities (India) Pvt* is a current co-client in a matter with current client *IDFC Capital Limited*;<br><br>• Affiliate company Macquarie Medical Imaging Pty Ltd. is an affiliated entity of current client *Alfred Medical Imaging Pty Limited*;<br><br>• Affiliate company Macquarie DDR Trust (MDT) is an affiliated entity of current client *DDR Corporation*;<br><br>• Affiliate company Macquarie/First Trust Global Infrastructure is a member of former client Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair (closed 2013); and |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| | | • Affiliate companies Macquarie Securities Limited and Goodman Industrial Trust (both closed 2013) and Macquarie Mexico Infrastructure Management, S.A. and Goodman Japan Limited (both closed 2014) are former clients. |
| Noble Americas Energy Solutions | Parties to Material Contracts with the Debtors<br><br>and<br><br>Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate company **Noble Resources International Pte Ltd.** is a current client. |
| Pacific Petroleum California, Inc. | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate company Pacific Petroleum Company, S.A. is a former client (closed 2013). |
| PG&E Corporation | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate company Pacific Gas & Electric Company is: (a) a former client (closed 2014); and (b) the employer of an individual who is a former Jones Day client (closed 2013). |
| Phillips 66 Company | Significant Customer of the Debtors | • Affiliate company Phillips 66 Continental Holding GmbH Hamburg is a stockholder of current client **Miro Mineraloelraffinerie Oberrhein GmbH & Co. KK**. |
| Quinn Pumps California, Inc. | Significant Supplier and Vendors ($1MM Cumulative Spend in 24 Months)<br><br>and<br><br>Party to Material Contracts with the Debtors | • Parent company **General Electric Company** is: (a) a current client; and (b) a joint venture partner in and co-owner of current client **Universal Studios International BV**.<br><br>• *See also* entry above for GE Capital, dba FCCL regarding related disclosure. |
| Railroad Commission of Texas<br>and<br>Texas Comptroller of Public Accounts | Taxing Authorities | • Governing entity, the State of Texas, is affiliated with former client Texas University Network for Innovation and Entrepreneurs (closed 2013). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Scientific Drilling, Inc. | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate company **Scientific Drilling International, Inc.** is a current client. |
| State of California | Beneficiary Surety Bond | • The State of California is the parent of current client **Judicial Council of California**;<br><br>• Stage governed entity, The California Public Employees Retirement System (CALPERS), is: (a) a member of former clients Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair (closed 2013) and CalEast Industrial Investors, Ltd. (closed 2014); (b) a major shareholder of current client **NII Holdings, Inc.** and an interested party in the chapter 11 cases for **NII Holdings, Inc.**, *et al.* in which Jones Day is Debtors' counsel; (c) a participant in a current joint venture with current client **Macquarie Capital (USA), Inc.**; and (d) a member, along with the Regents of the University of California, of former client Adelphia Non-Agent Committee c/o Oak Hill Advisors, L.P., Committee Chair (closed 2013);<br><br>• State governed entity, The California State Teachers Retirement System, is a former joint venture partner with former client Thomas Properties Group, Inc. (closed 2014);<br><br>• The Regents of the University of California, San Diego and the University of California at San Francisco, both state governed universities, are former clients (both closed 2014);<br><br>• An attorney in Jones Day's Los Angeles Office serves on the Board of state governed entity The Medical Board of California; and<br><br>• State governed entity Sacramento County Employees' Retirement System is a former client (closed 2014). |

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTOR | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Union Bank, N.A. | Depository Bank | • Union Bank, N.A. is: (a) a former client (closed 2015); and (b) a member of current client **The Clearing House Payments Company LLC**. |
| USI Southwest | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate companies **USI Corporation**, **USI Holdings Corporation** are current clients;<br><br>• An individual affiliated with USI is a current Jones Day client;<br><br>• Parent company **Onex Corporation** is: (a) a current co-client with affiliated entity and current client **Onex Partners Advisor L.P.**; (b) a 50% owner of current client **Allison Transmission, Inc.**; (c) the parent company of current client **Tropicana Las Vegas, Inc.**; (d) a stockholder of Husky Injection Molding Systems, Ltd., the parent company of former client Husky Injection Molding Systems Asia-Pacific Ltd. (closed 2015); (e) the parent company of Tube City IMS Corporation, which is a member of former client Tube City LLC (closed 2013); (f) the ultimate private equity owner of Caliber Holdings, Inc. (d/b/a Caliber Collision Centers), which is an affiliated entity of former client Management Team of Caliber Holdings, Inc. (closed 2014) (g) an affiliated entity of former client Liquidating Landco Debtors (closed 2013); and (h) the parent company of former client Skilled Healthcare LLC (closed 2014). |
| U.S. Specialty Insurance Company | Beneficiary of Surety Bond | • Parent company **HCC Insurance Holdings, Inc.** is a current client. |
| Weatherford US, L.P. | Significant Supplier and Vendor ($1MM Cumulative Spend in 24 Months) | • Affiliate company Weatherford International, Inc. is the employer of an individual who is a current Jones Day client. |

## <u>SCHEDULE 3</u>

Nonexclusive List of Certain Jones Day Professionals
and Their Current Hourly Rates as of May, 2015

| NAME | LOCATION | POSITION | BILLING RATE IN EFFECT AS OF THE PETITION DATE |
|---|---|---|---|
| Brad Erens | Chicago | Partner | $925 / hr |
| Tom Howley | Houston | Partner | $775 / hr |
| Joseph Florczak | Chicago | Associate | $400 / hr |
| Jonathan Fisher | Dallas | Associate | $400 /hr |
| Christa Smith | Dallas | Paralegal | $250 / hr |

## **EXHIBIT C**

Compensation Disclosure

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

## DISCLOSURE OF COMPENSATION OF JONES DAY

Pursuant to section 329(a) of the Bankruptcy Code, Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and L.B.R. 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas, Tom A. Howley hereby certifies as follows:

1.      I am a partner with the law firm of Jones Day and am duly authorized to make this Disclosure of Compensation on behalf of Jones Day in connection with the Application of the Debtors For An Order Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc as of the Petition Dates (the "Application").[2]  The facts set forth in this Disclosure of Compensation are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors.  The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002.  The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

[2]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

2.      On December 12, 2014, the Debtors provided Jones Day with an advance payment of $100,000 to establish a retainer (as subsequently increased and replenished, the "Retainer") for professional services to be rendered  and expenses to be incurred by Jones Day. Thereafter, the Retainer was reduced to pay certain invoices and replenished by additional payments.  As of the Petition Date, the balance of the Retainer was $53,098.85.

3.      From December 10, 2014 through the Petition Date, Jones Day received payments from the Debtors, including the Retainer, totaling $719,485.90 (collectively, the "Prepetition Payments").[3]  Jones Day expects to:  (a) complete its reconciliation of prepetition fees and expenses actually incurred through the Petition Date no later than the filing of its first interim fee application in these cases; (b) make a corresponding adjustment to the amount of the Retainer on or about that date; and (c) disclose such adjustment in its first interim fee application.  Jones Day will not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court.

4.      I have been advised by the Debtors that the Prepetition Payments were paid by, and the source of such funds were, the Debtors.

5.      To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Jones Day, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in

---

[3]      The Prepetition Payments reflect the payment of actual fees and expenses through April 28, 2015 and estimated fees and expenses through the Petition Date.  If the estimated Prepetition Payments exceed Jones Day's actual fees and expenses for the applicable invoice period, the excess amount will be added to, and treated as part of, the Retainer.

any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the

Bankruptcy Code. Jones Day has not agreed to share compensation received in connection with

these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Jones Day's

partners.

Dated: May 19, 2015

   /s/ Tom A. Howley_____
Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

**EXHIBIT D**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY**
**JONES DAY AS COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE**

This matter coming before the Court on the Application of the Debtors

Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc to the Petition

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

Date (the "Application"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Application, the Debtors' Declaration, the Howley Declaration and the Disclosure of Compensation and having considered the statements of counsel with respect to the Application at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of the Application and the Hearing was sufficient under the circumstances, (e) Jones Day does not hold or represent any interest materially adverse to the Debtors' estates and is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327 of the Bankruptcy Code and (f) the Application and all related papers fully comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the U.S. Trustee Guidelines; and the Court having determined that the legal and factual bases set forth in the Application, the Debtors' Declaration, the Howley Declaration, and the Disclosure of Compensation and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.    The Application is GRANTED.

2.    The Debtors are authorized to retain and employ Jones Day as their counsel in these chapter 11 cases, in accordance with section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and L.B.R. 2014-1 on the terms and conditions set forth in the Application, nunc pro tunc to the Petition Date (the "Engagement").

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.      Jones Day shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court.

4.      Jones Day shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5.      Jones Day is authorized to: (a) complete its reconciliation of prepetition fees and expenses actually incurred through the Petition Date no later than the filing of its first interim fee application; and (b) make a corresponding adjustment to the amount and application of the Retainer, as described in paragraphs 22 and 23 and footnote 5 of the Application, on or about that date; provided, however, that Jones Day shall not apply any portion of the Retainer to fees and expenses incurred from and after the Petition Date unless and until authorized to do so by a further order of this Court.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      To the extent that this Order is inconsistent with the Application, the terms of this Order shall govern.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

###END OF ORDER###

Submitted by:


Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3790
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS