Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens (admitted *pro hac vice*)
Joseph A. Florczak (admitted *pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

A HEARING WILL BE CONDUCTED ON THIS MATTER
ON **JUNE 9, 2015** AT **11:00 A.M. (CDT)** IN COURTROOM #3,
1100 COMMERCE ST., 14TH FLOOR, DALLAS, TEXAS.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

NAI-181965692v2

**MOTION OF THE DEBTORS FOR AN ORDER
AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS
UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court for the entry of an order, pursuant to sections 105(a), 327, 328 and 330 of Atitle 11 of the United States Code (the "Bankruptcy Code") and 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the retention and payment of certain professionals employed by the Debtors in the ordinary course of business without the submission of separate retention applications and the issuance of separate retention orders for each individual professional and (ii) granting certain related relief. In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On April 30, 2015 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.[2] On May 4, 2015, the Court ordered that these chapter 11 cases be consolidated for procedural purposes only and administered jointly on May 4, 2015 [Docket No. 40].

2. Debtor ERG Resources, L.L.C. ("ERG Resources") is a privately owned oil & gas producer that was formed in 1996. As further described below, ERG Resources (a) directly operates certain oil & gas properties in Texas and (b) operates certain oil & gas properties in California through its wholly owned subsidiary, ERG Operating Company, LLC ("ERG Operating Co."). The Debtors' corporate headquarters is located in Houston, Texas.

---

[2]  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

Further factual background regarding these chapter 11 cases can be found in the Declaration of R. Kelly Plato in Support of First Day Pleadings [Docket No. 19].

**The Ordinary Course Professionals**

3.      The Debtors regularly call upon a wide variety of professionals, including attorneys, accountants and other professionals, to assist the Debtors in carrying out their assigned duties and responsibilities in the ordinary course of business (the "Ordinary Course Professionals").  These Ordinary Course Professionals provide valuable and often critical assistance in addressing issues of importance to the Debtors and their business.  Exhibit A attached hereto and incorporated herein by reference is a nonexclusive list of the Ordinary Course Professionals identified by the Debtors as of the Petition Date (the "OCP List").

4.      It is essential that the employment of the Ordinary Course Professionals, many of whom are already familiar with the Debtors' business and affairs, be continued in order to avoid disruption of the Debtors' normal business operations.  The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interest of their estates and their creditors.  The relief requested herein will save the Debtors' estates the substantial expense associated with applying separately for the retention of each professional, as well as avoid the incurrence of additional fees related to the preparation and prosecution of interim fee applications.  Likewise, the procedure outlined below will relieve the Court, the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") and the Official Committee of Unsecured Creditors (the "Committee") and together with the U.S. Trustee, the "Interested Parties") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

**Relief Requested**

5. The Debtors propose that they be permitted to pay each Ordinary Course Professional, without prior application to the Court, 100% of the fees and disbursements incurred by such professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred after the Petition Date, up to the greater of (i) $20,000 per month per Ordinary Course Professional, or (ii) $40,000, in the aggregate, per Ordinary Course Professional, over the duration of these chapter 11 cases (collectively, the "OCP Fee Limits").

6. To the extent that an Ordinary Course Professional seeks compensation in excess of the OCP Fee Limits (the "Excess Fees"), the Ordinary Course Professional shall submit a Notice of Fees in Excess of the OCP Fee Limits (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. Interested Parties shall then have 14 days to file an objection to the Notice of Excess Fees (an "Excess Fee Objection"). If after 14 days no Excess Fee Objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an Excess Fee Objection is filed, the Debtors will be authorized to pay the applicable Ordinary Course Professional up to the OCP Fee Limit pending resolution of the Excess Fee Objection by the Court or otherwise.

7. Moreover, beginning 30 days after the end of the first calendar quarter following the Petition Date, and 30 days after the end of each quarter thereafter (each, a "Quarter") in which these chapter 11 cases are pending, the Debtors will file with the Court and serve on the Interested Parties a statement with respect to the immediately preceding Quarter which shall include the following information with respect to each Ordinary Course Professional:

(i) the name of the Ordinary Course Professional, (ii) the aggregate amounts of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

8. Within 30 days after the later of the entry of a final order granting this Motion or the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer or law firm that is an Ordinary Course Professional shall provide the Debtors' attorneys an affidavit (an "Ordinary Course Professional Affidavit"), substantially in the form annexed hereto as Exhibit B, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.[3]

9. The Debtors' attorneys shall then file the Ordinary Course Professional Affidavit with the Court and serve it upon the Interested Parties. The Interested Parties shall have 14 days following service of an Ordinary Course Professional Affidavit to notify the Debtors in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Affidavit. If after 14 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file fee applications, based upon the submission of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements

---

[3] Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest adverse to the Debtors, their creditors or other parties-in-interest on the matters for which they would be employed, and thus all of the Ordinary Course Professionals whom the Debtors propose to retain meet the requirements for retention of special counsel set forth at section 327(e) of the Bankruptcy Code.

actually incurred. No such Ordinary Course Professional shall be paid any fees or expenses until its Ordinary Course Professional Affidavit has been filed with the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

10. For the avoidance of doubt, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications and will be compensated i accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and other orders of this Court.

11. Relief similar to that requested herein routinely has been granted by courts in this District. See, e.g., In re ALCO Stores, Inc., Case No. 14-34941 (Bankr. N.D. Tex. Nov. 14, 2014); In re Sears Methodist Retirement System, Inc., Case No. 14-32821 (Bankr. N.D. Tex. July 15, 2014); In re R.E. Loans, LLC, Case No. 11-35865 (Bankr. N.D. Tex. Oct. 28, 2011); In re Erickson Retirement Cmtys., Case No. 09- 37010 (Bankr. N.D. Tex. Jan. 22, 2010); In re Pilgrim's Pride Corp, Case No. 08-45664 (Bankr. N.D. Tex. Dec. 31, 2008).

## Notice

12. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (iii) counsel to the agents for the Debtors' prepetition and proposed postpetition secured lenders; (iv) counsel to the Official Committee of Unsecured Creditors and (v) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit C: (i) granting the relief sought herein; and (ii) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: May 19, 2015
Dallas, Texas

Respectfully submitted,

/s/ Tom A. Howley

Tom A. Howley
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS

## **EXHIBIT A**

Nonexclusive List of Ordinary Course Professionals

| Firm Name | Address | Type of Work |
|---|---|---|
| Netherland Sewell & Associates, Inc. | 2100 Ross Avenue, Suite 2200<br>Dallas, TX 75201 | Reserve Report Engineers |
| Reicker, Pfau, Plye & McRoy LLP | 1421 State St, Suite B<br>Santa Barbara, CA 93101 | Legal |
| Rose LLP | 33 5 Ave SW #810,<br>Calgary, AB T2P 3B6, Canada | Legal |
| Zukowski, Bresenhan, Sinex & Petry L.L.P. | 1177 West Loop S #1100,<br>Houston, TX 77027 | Legal |
| LaPorte Sehrt Rornig Hand | 1770 St. James Place, Suite 250<br>Houston, TX 77056 | Tax |

## **EXHIBIT B**

Ordinary Course Professional Affidavit

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

## AFFIDAVIT IN SUPPORT OF ORDINARY COURSE RETENTION

STATE OF _____ )
                            ) ss:
COUNTY OF _____ )

        The undersigned hereby declares, under penalty of perjury, as follows:

        1.     I am a member, partner or similar representative of the following firm (the "Firm"), which maintains offices at the address and phone number listed below:

Firm:


Address and Phone Number:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

NAI-181965692v2

2. This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the Northern District of Texas authorizing the above-captioned debtors (collectively, the "<u>Debtors</u>") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "<u>Order</u>"). Since the Petition Date, the Debtors have requested that the Firm provide legal or other services (or continue to provide services) to the Debtors, and the Firm has agreed to provide such services.

3. The Firm, through me, and other members, partners, associates or employees of the Firm, has provided, and/or plans to provide, the following legal or other services to the Debtors from and after the Petition Date: **[_____]**.

4. To the best of my knowledge, information and belief, formed after due inquiry: (i) except for the proposed retention of the Firm in these chapter 11 cases, the Firm does not currently provide services to any party in any matter related to these chapter 11 cases; and (ii) the Firm does not represent or hold an interest adverse to the Debtors.

5. Now or in the future, the Firm may provide services to certain creditors of the Debtors or other interested parties in matters unrelated to the Debtors, but in this regard the Firm's work for these clients will not include the provision of services on any matters relating to the Debtors' chapter 11 cases.

6. The Firm is owed approximately $**[_____]** on account of services rendered and expenses incurred prior to the Petition Date in connection with the Firm's employment by the Debtors.

7. The Firm further states that it has not shared, has not agreed to share, nor will it agree to share, any compensation received in connection with these chapter 11 cases with

NAI-181965692v2

-3-

any party or person except to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

        8.     If, at any time during its employment by the Debtors, the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Dated: _____

By: _____
       [Counsel]

Sworn to and subscribed before me
this \_\_\_\_\_ day of _____, 2015

NAI-181965692v2

-4-

## **EXHIBIT C**

Proposed Order

NAI-181965692v2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**ORDER AUTHORIZING**
**RETENTION AND PAYMENT OF PROFESSIONALS**
**UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

This matter coming before the Court on the Motion of the Debtors for an Order

Authorizing the Retention and Payment of Professionals Utilized by the Debtors in the Ordinary

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

Course of Business (the "<u>Motion</u>"),[2] filed by the above-captioned debtors (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors are authorized to employ Ordinary Course Professionals effective as of the Petition Date.

13. The Debtors are authorized, but not directed, to pay each Ordinary Course Professional, without prior application to the Court, 100% of the fees and disbursements incurred by such professional, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred after the Petition Date, up to the greater of (i) $20,000 per month per Ordinary Course Professional, or (ii) $40,000, in the aggregate, per Ordinary Course Professional, over the duration of these chapter 11 cases (collectively, the "<u>OCP Fee Limits</u>").

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

14. To the extent that an Ordinary Course Professional seeks compensation in excess of the OCP Fee Limits (the "Excess Fees"), the Ordinary Course Professional shall submit to the Interested Parties a Notice of Fees in Excess of the OCP Fee Limits (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  Interested Parties shall then have 14 days to file an objection to the Notice of Excess Fees (an "Excess Fee Objection").  If after 14 days no Excess Fee Objection is filed, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.  If an Excess Fee Objection is filed, the Debtors will be authorized to pay the applicable Ordinary Course Professional up to the OCP Fee Limit pending resolution of the Excess Fee Objection by the Court or otherwise.

15. Beginning 30 days after the end of the first calendar quarter following the Petition Date, and 30 days after the end of each quarter thereafter (each, a "Quarter") in which these chapter 11 cases are pending, the Debtors shall file with the Court and serve on the Interested Parties a statement with respect to the immediately preceding Quarter which shall include the following information with respect to each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional, (ii) the aggregate amounts of fees paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the reported Quarter, and (iii) a general description of the services rendered by each Ordinary Course Professional during the reported Quarter.

16. Within 30 days after the later of the entry of this Order or the date on which the Ordinary Course Professional commences services for the Debtors, each lawyer or law firm that is an Ordinary Course Professional shall provide the Debtors' attorneys an affidavit

(an "<u>Ordinary Course Professional Affidavit</u>"), substantially in the form annexed hereto as <u>Exhibit B</u> to the Motion, certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed.

17. The Debtors' attorneys shall then file any Ordinary Course Professional Affidavit with the Court and serve it upon the Interested Parties. The Interested Parties shall have 14 days following service of an Ordinary Course Professional Affidavit to notify the Debtors in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Affidavit. If after 14 days no objection is filed, the retention of such Ordinary Course Professional shall be deemed approved without the need of a hearing or further order, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file fee applications, based upon the submission of an appropriate invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. No such Ordinary Course Professional shall be paid any fees or expenses until its Ordinary Course Professional Affidavit has been filed with the Court or, if an objection is filed, the objection is resolved consensually or by order of the Court.

18. For the avoidance of doubt, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications and will be compensated i accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>") and other orders of this Court.

###END OF ORDER###

-5-

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3790
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS