UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**DEBTORS' OPPOSITION TO MOTION OF J-5 EQUESTRIAN LLC
FOR AN ORDER ENFORCING THE AUTOMATIC STAY [DOCKET NO. 89]**

The above-captioned debtors (collectively, the "Debtors") hereby file this opposition to the Emergency Motion of J-5 Equestrian LLC ("J-5 Equestrian") for an Order (I) Enforcing the Automatic Stay Until Adjudication of the Ownership Dispute Pursuant to Section 11 U.S.C. 362 and (II) Declaring That Certain Horses Are Not Property of the Debtors' Estates Pursuant to 11 U.S.C. § 541 (the "Stay Motion") [Docket No. 89] and respectfully state as follows:

**Statement in Opposition**

1. Under the guise of concern for these estates and their creditors, J-5 Equestrian seeks to impose the automatic stay on a lawsuit pending in a Florida state court where it is a defendant. None of the Debtors are parties to this lawsuit. This is the second attempt at

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

NAI-1500348418v2

imposing the stay as the state court in Florida recently denied the same request after notice and a hearing. It appears that J-5 Equestrian is simply seeking to delay the lawsuit and is not really concerned about the welfare of these estates and their creditors. J-5 Equestrian concedes that it is not a creditor or party in interest in these cases.

2. It is the Debtors' position that it is in the best interests of these estates to allow the lawsuit to proceed in the state court. In the meantime, the Debtors can monitor the lawsuit and consider whether these estates have a stake in the outcome.

3. Without further investigation, and prior to the completion of the Debtors' schedules and statements of financial affairs and consultation with the recently appointed Official Committee of Unsecured Creditors, the Debtors do not take a position regarding the ownership of the horses.

4. Nevertheless, in the Debtors' view, the resolution of this dispute will require the development of a factual record regarding the ownership of the horses and will require a court to adjudicate issues of Florida state law. The Debtors submit that the Florida court is the better forum for these matters. To the extent that the Debtors reach a conclusion in the near future that these horses may be estate property, the Debtors still retain the ability to intervene in the ownership dispute and assert any ownership rights or seek redress from CTS Properties, Ltd. at the appropriate time.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the relief sought in the Stay Motion.

Dated:  May 21, 2015
        Dallas, Texas

Respectfully submitted,

/s/   Tom A. Howley

Tom A. Howley
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone:  (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS