Edward L. Ripley (Texas Bar No. 16935950)
Mark W. Wege (Texas Bar No. 21074225)
Eric M. English (Texas Bar No. 24062714)
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  713-751-3200
Facsimile:  713-751-3290
Email: MWege@kslaw.com
       ERipley@kslaw.com
       EEnglish@kslaw.com

ATTORNEYS FOR CHEVRON U.S.A. INC. AND
UNION OIL COMPANY OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **ERG Intermediate Holdings, LLC,** *et al.***,** § | | **Joint Administration Pending** |
| § | | |
| **Debtors.** § | | **Case No.: 15-31858-hdh-11** |

**LIMITED OBJECTION OF CHEVRON U.S.A. INC. AND UNION OIL COMPANY OF CALIFORNIA TO THE MOTION OF THE DEBTORS FOR ENTRY OF ORDERS (I) ESTABLISHING BIDDING AND SALE PROCEDURES; (II) APPROVING THE SALE OF ASSETS; AND (III) GRANTING RELATED RELIEF**
(Related to Doc. No. 20)

Chevron U.S.A. Inc. and Union Oil Company of California (collectively, "Chevron") file this Limited Objection (the "Objection") to the Motion of the Debtors for Entry of Orders (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief (the "Motion") and respectfully represents as follows.[1]

---

[1] This Objection is directed to the bid procedures portion of the Motion and Chevron reserves the right to object separately to any other relief requested in the Motion on any ground, whether or not asserted herein.

1

**BACKGROUND**

1.   On April 30, 2015 (the "Petition Date"), the Debtors commenced cases under chapter 11 of the Bankruptcy Code by filing petitions in this Court.

2.   On the Petition Date, the Debtors also filed the Consolidated List of Creditors Holding 20 Largest Unsecured Claims (the "20 Largest List") (Doc. No. 1, at 12).  Chevron U.S.A. Inc. is listed as the largest creditor on the 20 Largest List, and the Debtors state that they owe Chevron U.S.A. Inc. $3,820,204 arising from a "Royalty Agreement" (the "Chevron Claim").[2]  The Debtors have acknowledged that the Chevron Claim is not disputed, contingent or unliquidated.

3.   Chevron's Claim consists of the proceeds of royalty interests and overriding royalty interests specifically excepted from Chevron's sale of certain assets, including mineral fee and leasehold interests, to the Debtor ERG Resources, LLC in 2010 located in the Cat Canyon Field in Santa Barbara County, California ("Chevron Cat Canyon Assets").  Chevron's property includes, but is not limited to, various royalty, overriding royalty and other real property interests, and the proceeds of any such interests, in the Chevron Cat Canyon Assets ("Chevron's Property").  As the holder of royalty and overriding royalty interests, Chevron is entitled to payment of past-due royalty obligations, as well as ongoing post-petition royalty obligations related to funds currently directed to the Debtors.  Further, pursuant to the sale of the Chevron Cat Canyon Assets from Chevron to Debtor ERG Resources, the Debtors have other obligations to Chevron, including but not limited to indemnification, decommissioning and other environmental obligations necessarily involved in owning and operating oil and gas properties ("ERG Additional Obligations").

---

[2] Chevron agrees with the Debtors that Chevron holds a significant claim in these cases.  Chevron is in the process of determining the amount of that claim and reserves its right to file a proof of claim in an amount different from the Chevron Claim.

4. The Debtors have not paid Chevron for production post-December 31, 2013, and have not provided documentation to Chevron regarding production so that Chevron can determine the amounts owed, or determine the accuracy of prior payments.

5. The Debtors have asserted that they own approximately 19,027 gross lease acres in the Cat Canyon Field which were acquired through a series of transactions since 2010, and that the Debtors own an average working interest of approximately 97% and have an average net revenue interest of 78%, with a 7% overriding royalty interest owned by ERG Interests, LLC, an affiliate. It is not clear from the Debtors' filings to date what other royalty interest owners exist in the Cat Canyon Field, other than Chevron and ERG Interests, LLC, or may claim an interest in the Cat Canyon Field. In any event, Chevron holds (at a minimum) royalty and overriding royalty rights in a substantial portion of the property interests that comprise the Cat Canyon Field.

6. On May 1, 2015, the Debtors filed the Motion, which seeks, among other things, expedited approval of certain bidding procedures (the "Proposed Bidding Procedures") to govern the quick auction and sale of substantially all of the Debtors' assets, including assets related to the Cat Canyon Field that directly affects Chevron's Claim and property interests. However, the Proposed Bidding Procedures are general in nature and do not include adequate information to allow Chevron to assess whether they are adequately protective of Chevron's Claim and interests. For example, the Proposed Bidding Procedures do not include provisions or information defining the scope of the assets to be purchased or the obligations that must be paid and assumed. In addition, they do not define a "Qualified Bid" to require that it include assumption of decommissioning obligations, including plugging and abandonment obligations, environmental obligations, and related bonding obligations, and payment of past, current, and

future amounts owing to royalty holders.

## LIMITED OBJECTION

7. The Motion and the Proposed Bidding Procedures lack important information that is necessary for Chevron (and any similarly situated creditors) to evaluate whether the bid procedures and/or sale process will prejudice their interests. As noted above, the proposed sale process primarily involves the Debtors' interests in the Cat Canyon Field and related assets, including the same assets from which Chevron's royalty and overriding royalty interests arise. Clearly, Chevron's Claim and property interests are directly affected by the Motion and Proposed Bidding Procedures.

8. The Proposed Bidding Procedures do not make clear whether the purchaser will be required to assume decommissioning obligations, including plugging and abandonment obligations, environmental obligations, and related bonding obligations, or whether the purchaser will be required to pay all past, current, and future amounts owing to royalty holders. Chevron's position is that, because any purchaser would be legally responsible for such obligations, it is imperative that the Proposed Bidding Procedures provide potential bidders with details regarding the scope of assets to be acquired and the associated burdens and obligations that must be assumed.

9. In addition to the deficiencies in the Proposed Bidding Procedures, the Debtors only filed the proposed asset purchase agreement on May 25, 2015, one day before the objection deadline, which does not provide Chevron or other parties with a meaningful opportunity to review. This further clouds the scope of the sale process and its impact on creditors.

10. In sum, a legitimate third-party auction process must include adequate information and disclosures to potential bidders and creditors whose rights may be affected. The

Proposed Bidding Procedures fall short of that basic requirement.  Chevron requests that the Court deny approval of the Proposed Bidding Procedures unless the Debtors provide necessary information and make clear the parameters of the sale, including the proposed impact on decommissioning obligations and royalties.

11. Chevron reserves all rights with respect to the Motion, including its rights to file further pleadings.  Chevron further reserves its rights to object to the terms of any proposed sale on any ground, whether or not set forth herein.

Dated:  May 26, 2015
       Dallas, Texas

Respectfully submitted,

KING & SPALDING LLP

/s/ Edward L. Ripley
Edward L. Ripley
Mark W. Wege
Eric M. English
KING & SPALDING, LLP
1100 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  713-751-3200
Facsimile:  713-751-3290
Email: MWege@kslaw.com
      ERipley@kslaw.com
      EEnglish@kslaw.com

**ATTORNEYS FOR CHEVRON U.S.A. INC. AND UNION OIL COMPANY OF CALIFORNIA**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served electronically though the Clerk's Office ECF noticing facilities upon the parties eligible to receive notice on this 26th day of May 2015.

   /s/ Edward L. Ripley
Edward L. Ripley