

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 1, 2015**

**United States Bankruptcy Judge**

___

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

### ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of the Debtors for an Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving Form and Manner of Notice Thereof (the "Motion"), filed by the above-captioned debtors (collectively,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

the "Debtors");[2] the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED in its entirety.

    2.    As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

    3.    The forms of the Bar Date Notice, the Publication Notice and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 14 and 15 below.

    4.    Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a claim against a Debtor that arose or is deemed to have arisen prior to commencement of these chapter 11 cases on April 30, 2015 (the "Petition Date") must file a proof of claim in writing

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

accordance with the procedures described herein by the later of (a) 30 days after the Service Date or (b) June 30, 2015 (the "<u>General Bar Date</u>").  Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before October 27, 2015 (the "<u>Government Bar Date</u>").

    5.  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.  The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other Administrative Claims under section 503(b) of the Bankruptcy Code shall be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim.

    6.  The Government Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against a Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

    7.  Subject to the exceptions described in paragraphs 9 and 10 below, the following entities must file a proof of claim on or before the General Bar Date:

  (a)  any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and (ii) that

desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases; and

(b)     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

8.      The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must be on the Proof of Claim Form attached to the Motion as <u>Exhibit B</u> or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)     Proofs of claim must be filed either by: (i) mailing to ERG Intermediate Holdings, LLC Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC P.O. Box 4419 Beaverton, OR 97076-4419 or (ii) delivering the original proof of claim by hand or overnight courier to ERG Intermediate Holdings, LLC Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.  Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed filed only when **actually received** by the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC. ("<u>Epiq</u>"), at the address above on or before the applicable Bar Date.  If a creditor wishes to receive acknowledgement of Epiq's receipt of a proof of claim, the creditor also must submit to Epiq by the applicable Bar Date and concurrently with submitting its original proof of claim (i) a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope;

(d)     Proofs of claim must: (i) be signed; (ii) include supporting documentation (or, if such documents are voluminous, a summary) or an explanation as to why documentation is not

available; (iii) be in the English language; and (iv) be denominated in United States currency; and

 (e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor. Any entity asserting claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor. In addition, any entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its claim is asserted. If more than one debtor is listed on the form, the claim shall be treated as filed only against the first listed Debtor. Any claim filed under the joint administration case number or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor ERG Operating Company, LLC.

 9. The following entities, whose claims otherwise would be subject to the General Bar Date, shall not be required to file proofs of claim in these chapter 11 cases:

 (a) any entity that already has properly filed a proof of claim against one or more of the Debtors <u>in accordance with the procedures described herein</u>;

 (b) any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

 (c) any holder of a claim that previously has been allowed by order of the Court;

(d) any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

(e) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(f) the Pre-Petition Agent[3] or any of the Pre-Petition Lenders, except as expressly provided in the Interim DIP Order or any final order subsequent thereto; or

(g) any Debtor having a claim against one or more of the other Debtors;

10. Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order entered or applicable notice filed prior to the confirmation of a plan of reorganization in the applicable Debtor's chapter 11 case (a "Rejection Order") shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the later of (a) the General Bar Date and (b) 30 days after the date of service of notice regarding entry of the applicable Rejection Order.

11. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proof of claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors amend or supplement their Schedules after the service of the Bar Date

---

[3] Unless otherwise defined, the defined terms in this sub-paragraph (f) have the meanings given them in the Interim Order Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Pre-Petition Secured Parties, (II) Obtain Post-Petition Financing and (III) Provide Adequate Assurance Protection to the Pre-Petition Secured Parties, and (B) Prescribing Form and Manner of Notice Of and Scheduling Final Hearing [Docket No. 43] (the "Interim DIP Order").

Notice Package, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.  In particular, if a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim accordance with the procedures described herein by the Amended Schedule Bar Date.  The Amended Schedule Bar Date shall be the later of (a) the General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

12.    Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the General Bar Date, shall be forever barred, estopped and enjoined from:  (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "<u>Unscheduled Claim</u>"); or (b) voting upon, or receiving distributions under any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

13. The Debtors, through Epiq or otherwise, shall serve the Bar Date Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached to the Motion as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively, by first class mail, postage prepaid, on:

(a) all known potential holders of prepetition claims as of the date of the Bar Date Order, including all entities listed in the Schedules as potentially holding claims;

(b) the Office of the United States Trustee for the Northern District of Texas;

(c) counsel to any committee appointed in these case;

(d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

(e) all parties to executory contracts and unexpired leases of the Debtors;

(f) all parties to litigation with the Debtors;

(g) the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors do business;

(h) all relevant state attorneys general;

(i) all holders of record of any interests in any of the Debtors as of the date of the Bar Date Order; and

(j) such additional persons and entities as deemed appropriate by the Debtors.

14. As part of the Bar Date Package, the Debtors shall mail one or more Proof of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice. For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim,

if any; (c) whether the claim is listed as disputed, contingent or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority or unsecured non-priority claim.

15. Upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); provided, however, that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to Epiq, the Debtors or other parties in interest within ten days after the date of a written request for such documents.

16. Pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the General Bar Date in substantially the form of the Publication Notice attached to the Motion as Exhibit C, once in the *Houston Chronicle* and the *Los Angeles Times*.  Such publication shall be within 10 days after serving the Bar Date Notice Package, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the General Bar Date.

17. The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18. The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

###END OF ORDER###

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS