

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 10, 2015**

United States Bankruptcy Judge

___

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This matter coming before the Court on the Motion of the Debtors for an Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

NAI-181965203v3

Professionals (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

> (a) Each Professional seeking monthly compensation must serve, which service may be by email, a monthly fee application (a "Monthly Fee Application") so as to be received on or before twenty (25) days following the month for which the fees are sought. Service of the monthly Fee Applications, shall be made on the following parties (collectively, the "Notice Parties"):
>
>> (A) *the Debtors*, c/o ERG Resources, L.L.C., 333 Clay Street Suite 4400, Houston, TX 77002 (Attn: Kelly Plato, email: kplato@ergresources.com);

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

  (B) *Debtors' Counsel*, Jones Day, 77 W. Wacker Dr. Suite 3500, Chicago, IL 60601 (Attn: Joe Florczak, email: jflorczak@jonesday.com);

  (C) *the Office of the United States Trustee*, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn: Erin Schmidt, email: Erin.Schmidt2@usdoj.gov);

  (D) *counsel to Prepetition and Postpetition Lenders to the Debtors*, White & Case, LLP, 633 West Fifth Street, Suite 1900, Los Angeles, California 90071 (Attn: Roberto Kampfner, email: rkampfner@whitecase.com; and

  (E) *counsel to the Official Committee of Unsecured Creditors*, (i) Pachulski Stang Ziehl & Jones LLP 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, email: rfeinstein@pszjlaw.com) and (ii) Pachulski Stang Ziehl & Jones LLP 10100 Santa Monica Boulevard ,13th Floor, Los Angeles, CA 90067-4003 (Attn: Jeff Pomerantz, email: jpomerantz@pszjlaw.com).

Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Application, in accordance with Appendix F of the Local Rules, shall include a monthly invoice that shall include a fee and expense detail that describes the fees and expenses incurred by such Professional.

Any Professional who fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law.

(b) Each Notice Party will have fourteen (14) days after service of a Monthly Fee Application to object to such application (the "<u>Objection Deadline</u>"). Upon the expiration of the Objection Deadline, each Professional may file a certification of no objection or a certification of partial no objection with the Court, whichever is applicable, after which the Debtors are authorized to pay each Professional an amount (the "<u>Payment</u>") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application (the "<u>Maximum Payment</u>"), and (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to paragraph 8.c. hereof.

(c) If any party in interest objects to a Professional's Monthly Fee Application, it must file and serve on the affected Professional and each of the Notice Parties a written objection (the "<u>Objection</u>") on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If

the parties are unable to reach a resolution of the Objection within seven (7) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Payment made to the affected Professional (the "Incremental Amount") and schedule such matter for hearing on at least fourteen (14) days notice; or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the affected Professional.

(d)    Each Professional may submit its first Monthly Fee Application on or after June 25, 2015, and such Monthly Fee Application shall be for the period from the Petition Date through and including May 30, 2015.

(e)    Commencing with the period ending August 31, 2015, at four-month intervals (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application pursuant to section 331 of the Bankruptcy Code (an "Interim Fee Application") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period. Interim Fee Applications must be filed on or before the forty-fifth (45) day after the end of the Interim Fee Period (the "Interim Application Filing Date") for which the application seeks allowance of fees and reimbursement of expenses. An Interim Fee Application must identify (i) the Monthly Fee Applications that are subject of the request, (ii) the amount of fees and expenses requested, (iii) the amount of fees and expenses paid to date or subject to an Objection, (iv) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application, (v) circumstances that are not apparent from the activity description or that the applicant wishes to bring to the Court's attention (i.e., special employment terms, billing policies, expense policies, voluntary reductions, reasons for use of multiple professionals or reason for substantial time billed to a specific activity), and (vi) a certification that the professional seeking compensation has reviewed the Local Rules. A Professional filing an Interim Fee Application or final fee application (i) shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable law. and (ii) must intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

The first Interim Fee Application must be filed on or before September 25, 2015 for the Interim Fee Period from the Petition Date through August 31, 2015. Any Objections or Additional Objections to an Interim Fee

Application shall be filed and served upon, which service may be via email, the affected Professional and the Notice Parties so as to be received on or before the fourteenth (14th) day (or the next business day if such day is not a business day) following the Interim Fee Application Filing Date. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing, upon the Professional's filing of a Certificate of No Objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The Debtors shall request a hearing on the pending Interim Fee Applications at the end of each Interim Fee Period.

(g) The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

(h) Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

3. Neither (i) the payment of or the failure to pay in whole or in part, a Monthly Fee Application nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals are subject to disgorgement until final allowance by the Court.

4. The relief granted herein is subject to any interim or final order of the Court authorizing the Debtors' use of a postpetition financing or cash collateral, as well as any related budgets.

5. Each member of a Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and

NAI-181965203v3

-5-

supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable Fifth Circuit law or the practices of this Court.

###END OF ORDER###

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

PROPOSED ATTORNEYS FOR DEBTORS