

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2015**

_Hartin DeWayne Hale_

**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

### ORDER PURSUANT TO 11 U.S.C. §§ 105(A) and 363(B)
### (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
### AP SERVICES, LLC AND (II) DESIGNATING REBECCA A. ROOF AS
### CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO APRIL 30, 2015

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order") (I) authorizing the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors to retain AP Services, LLC ("APS") and (II) designating Rebecca A. Roof as Chief Restructuring Officer ("CRO") of the Debtors *nunc pro tunc* to the Petition Date, all as more fully set forth in the Motion; and the Court having reviewed the Roof Declaration; and notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is approved as set forth herein.

2.      The Debtors are authorized to (I) employ and retain APS to provide interim management and restructuring services and (II) designate Rebecca A. Roof as Chief Restructuring Officer in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, *nunc pro tunc* to the Petition Date subject to the terms outlined herein, which apply notwithstanding anything in the Engagement Letter or the Motion or any Exhibits related thereto to the contrary.

3.       APS shall be compensated for its services and reimbursed for any related expenses in accordance with the rates (as adjusted from time to time) and disbursement policies as set forth in the Motion, the Roof Declaration, the Engagement Letter, and any other applicable orders of this Court.

4.      APS and its personnel shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments and (ii) conform to the Fee and Expense Structure outlined in the Motion and the Engagement Letter.

5.      APS is not required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, but will instead submit monthly invoices to the Debtors, and the Debtors

are hereby authorized to pay, in the ordinary course of business, all reasonable amounts invoiced by APS for fees and expenses.

6. APS shall submit to the Court, with copies to the U.S. Trustee and the counsel to any statutory committee appointed in these chapter 11 cases (the "Notice Parties"), contemporaneously with such filing, monthly reports of compensation earned and expenses incurred on the engagement ("Compensation Reports"). Compensation Reports shall summarize services provided, identify compensation earned by each executive officer and APS employee, and itemize expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. The Notice Parties shall have the right to object under the standards of section 330 of the Bankruptcy Code to fees paid and expenses reimbursed to APS within 21 days after APS files and serves such Compensation Reports. Compensation Reports shall be subject to review in the event an objection is filed. APS will file its first Compensation Report by June 30, 2015, for the period covering the Petition Date through May 31, 2015.

7. Each month, APS shall also file with the Court (and serve copies to the Notice Parties) a report on staffing on the engagement for the previous month ("Staffing Reports"). Staffing Reports shall include the names and functions of the individuals assigned. The Notice Parties shall have the right to object to Staffing Reports within 21 days after APS files such Staffing Reports. Staffing Reports shall be subject to review by the Court in the event an objection is filed. APS will file its first Staffing Report by June 30, 2015, for the period covering the Petition Date through May 31, 2015.

8. To the extent a Success Fee is negotiated by Debtors and APS, before any such fee is paid, APS shall apply to the Court for approval of the Success Fee at the conclusion of

these chapter 11 cases.  The Notice Parties in these chapter 11 cases shall have the right to object to such application on any basis, including but not limited to whether the standard for earning the Success Fee is appropriate, and the Success Fee will be subject to a reasonableness standard under Bankruptcy Code section 330.

9.     APS is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses APS becomes aware of during its ordinary course billing review and reconciliation.  The remaining balance of the Retainer held by APS shall be treated as an evergreen retainer and be held by APS as security throughout these chapter 11 cases until APS' fees and expenses are fully paid.

10.     Notwithstanding the terms of the Engagement Letter, APS will apply to the Court for approval of the payment of any attorney's fees pursuant to the indemnity provisions of the Engagement Letter ("Indemnification Attorney Fee Payments"), and Court approval of such Indemnification Attorney Fee Payments will be required before the Debtors remit payment.  For the avoidance of doubt, this paragraph does not apply to payments made pursuant to the Debtors' director and officer insurance policies.

11.     The terms of the Engagement Letter, as modified by the Motion and this Order, are reasonable terms and conditions of employment and are thereby approved.

12.     Notwithstanding anything in the Motion or the Engagement Letter to the contrary, APS shall (i) to the extent APS uses the services of independent contractors (the "Contractors") in these cases, APS shall pass-through the cost of such Contractors to the Debtors at the same rate that APS pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for APS; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

13.    APS shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

14.    To the extent that there may be any inconsistency between the terms of the Motion, the Roof Declaration or the Engagement Letter and this Order, the terms of this Order shall govern.

15.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###END OF ORDER###

Submitted by:

Tom A. Howley, State Bar No. 24010115
JONES DAY
717 Texas Avenue, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3939
tahowley@jonesday.com

Brad B. Erens
Joseph A. Florczak
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
bberens@jonesday.com
jflorczak@jonesday.com

ATTORNEYS FOR THE DEBTORS