**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**SUMMARY OF FIRST INTERIM APPLICATION OF JONES DAY**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE**
**DEBTORS FOR THE PERIOD FROM APRIL 30, 2015 THROUGH AUGUST 31, 2015**

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | April 30, 2015 through August 31, 2015 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $1,277,033.75 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $29,078.03 |
| Petition Date: | April 30, 2015 |
| Date of Order Approving Retention: | June 10, 2015, *nunc pro tunc* to April 30, 2015 |
| Total Compensation Approved by Interim Order to Date: | N/A |

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

| | |
|---|---|
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Blended Hourly Rate in this Application for All Attorneys: | $699.33 |
| Blended Hourly Rate in this Application for All Timekeepers: | $669.20 |
| Compensation Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $847,040.00 |
| Expenses Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $25, 235.52 |
| Number of Professionals Included in this Application: | 22 |
| Number of Professionals Included in this Application Not Included on Staffing Plan | N/A |
| Number of Professionals Billing Fewer Than 15 Hours: | 12 |

This is a(n): ____ monthly   _X_ interim   ___ final application

Prior Applications Filed:

| Date / Docket | Month Covered | Fees (80% of Total) | Expenses |
|---|---|---|---|
| 6/25/15 - #330 | 4/30/15 – 5/31/15 | $323,528.00 | $4,043.13 |
| 7/24/15 - #384 | 6/1/15 – 6/30/15 | $329,227.00 | $17,673.10 |
| 8/25/15 - #447 | 7/1/15 – 7/31/15 | $194,285.00 | $3,519.29 |
| 9/25/15 - #547 | 8/1/15 – 8/31/15 | $266,805.00 | $3,842.51 |

To date, no objections have been received to any prior applications. The objection deadline relating to the Fourth Monthly Application of Jones Day for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors for the Period from August 1, 2015 through August 31, 2015 has not yet passed.

**SUMMARY OF HOURS AND COMPENSATION BY PROFESSIONAL**

| Name of Professional Individual | Position/Group*/Bar Year | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| M R Brown | Partner/RE/1997 | 725.00 | 11.10 | $8,047.50 |
| B B Erens | Partner/BRR/1991 | 925.00 | 507.40 | $469,345.00 |
| B B Erens | Partner/BRR/1991 | 462.50 | 41.10 | $19,008.75 |
| N S Fletcher | Partners/SEC/1990 | 800.00 | 94.50 | $75,600.00 |
| B Gregoratos | Partner/RE/1987 | 800.00 | 4.00 | $3,200.00 |
| I L Grimm | Partner/B&F/2001 | 875.00 | 31.90 | $27,912.50 |
| T A Howley | Partner/BRR/1995 | 775.00 | 496.80 | $385,020.00 |
| T A Howley | Partner/BRR/1995 | 387.50 | 29.20 | $11,315.00 |
| C A Ridgway | Partner/TAX/1988 | 925.00 | 20.50 | $18,962.50 |
| R G Weitz | Partner/TAX/1980 | 900.00 | 4.80 | $4,320.00 |
| M. Wach | Counsel/RE/1994 | 650.00 | 6.70 | $4,355.00 |
| P T Diehl | Associate/NLG/2014 | 425.00 | 1.70 | $722.50 |
| J M Fisher | Associate/BRR/2012 | 400.00 | 36.30 | $14,520.00 |
| J A Florczak | Associate/BRR/2013 | 400.00 | 423.50 | $169,400.00 |
| D A Hall | Associate/B&F/2003 | 625.00 | 2.20 | $1,375.00 |
| B J Stancil | Associate/B&F/2013 | 450.00 | 5.00 | $2,250.00 |
| J M Tiller | Associate/BRR/2006 | 650.00 | 22.10 | $14,365.00 |
| N T Aiello | Summer Associate | 375.00 | 21.40 | $8,025.00 |
| C E Mason | Summer Associate | 350.00 | 9.00 | $3,150.00 |
| D L Myers | Summer Associate | 350.00 | 10.40 | $3,640.00 |
| P A Boritza | Paralegal/BATL | 250.00 | 10.00 | $2,500.00 |
| A K Denton | Paralegal/BRR | 275.00 | 16.00 | $4,400.00 |
| C L Smith | Paralegal/BRR | 250.00 | 101.10 | $25,275.00 |
| C L Smith | Paralegal/BRR | 125.00 | .60 | $75.00 |
| C E Wolverton | Paralegal/RE | 250.00 | 1.00 | $250.00 |
| **TOTAL** | | | **1,908.30** | **$1,277,033.75** |

\* B&F – Banking & Financing; BATL – Business and Tort Litigation; BRR – Bankruptcy Restructuring and Reorganization; FILR – Financial Institutions Litigation & Regulation; IP – Intellectual Property; M&A – Mergers & Acquisitions; NLG – New Lawyers Group; PE – Private Equity; RE – Real Estate; SEC – Securities Litigation & SEC Enforcement; TAX – Tax;

### BLENDED RATE OF PROFESSIONALS – TOTAL

| Professionals | Blended Rate | Total Hours | Total Compensation |
|---|---|---|---|
| Partners & Counsel | $822.99 | 1,248.00 | $1,027,086.25 |
| Associates | $409.04 | 531.60 | $217,447.50 |
| Paralegals | $252.53 | 128.70 | $32,500.00 |
| **TOTAL** | **$669.20** | **1,908.30** | **$1,277,033.75** |

### BLENDED HOURLY RATE FOR DOMESTIC OFFICES CONTRIBUTING 10% OR MORE OF BILLED HOURS

| Office/Category of Professional | Blended Rate |
|---|---|
| Chicago/Partners & Counsel | $890.43 |
| Chicago/Associates | $411.69 |
| Chicago/Paralegals | $275.00 |
| Houston/Partners & Counsel | $760.57 |
| Houston/Associates | $350.00 |
| Houston/Paralegals | $250.00 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (610001) | 116.50 | $65,747.50 |
| Asset Disposition (610003) | 103.20 | $77,975.00 |
| Assumption and Rejection of Leases and Contracts (610004) | 13.50 | $8,362.50 |
| Budgeting (Case) (610006) | 1.70 | $1,572.50 |
| Business Operations (610007) | 215.20 | $148,247.50 |
| Claims Administration and Objections (610008) | 26.20 | $17,125.00 |
| Corporate Governance and Board Matters (610009) | 1.90 | $1,472.50 |
| Court Hearings (610010) | 163.50 | $90,967.50 |
| Employee Benefits and Pensions (610011) | 60.40 | $35,880.00 |
| Employment and Fee Applications (610012) | 85.40 | $42,665.00 |
| Employment and Fee Application Objections (610013) | 26.70 | $16,230.00 |
| Financing and Cash Collateral (610014) | 142.00 | $102,092.50 |
| Litigation/Adversary Proceedings (610015) | 401.90 | $280,007.50 |
| Meetings and Communications with Creditors (610016) | 89.30 | $68,832.50 |
| Non-Working Travel (610017) | 70.90 | $30,398.75 |
| Plan and Disclosure Statement (610018) | 335.70 | $253,322.50 |
| Real Estate (610019) | 9.50 | $7,362.50 |
| Relief from Stay and Adequate Protection (610020) | 24.40 | $12,970.00 |
| Reporting (610021) | 20.40 | $15,802.50 |
| **TOTAL** | **1,908.30** | **$1,277,033.75** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Computer Research Services | | $451.13 |
| Conference Charges | | $632.43 |
| Courier Services | | $379.34 |
| Court Reporter Fees | | $5,783.19 |
| Document Reproduction Charges | | $1,577.20 |
| Document Storage/Retrieval | | $284.87 |
| Filing Fees and Related | | $698.00 |
| General Communication Charges | | $32.31 |
| Local Transportation | | $72.00 |
| Long Distance | | $212.70 |
| Miscellaneous Expenses | | $802.10 |
| Printing Charges | | $12.00 |
| Staff Overtime Charges | | $185.58 |
| Special Services | | $160.00 |
| Supplies Expenses | | $126.82 |
| Travel – Air Fare | | $8,542.73 |
| Travel – Food and Beverage Expenses | | $1,472.84 |
| Travel – Hotel Charges | | $5,485.56 |
| Travel – Other Costs | | $955.62 |
| Travel – Taxi Charges | | $1,158.99 |
| United Parcel Service Charges | | $52.62 |
| **TOTAL** | | **$29,078.03** |

## INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

### SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Date(s) of Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

### CUMULATIVE FEE AND EXPENSE TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

**FIRST INTERIM APPLICATION OF JONES DAY FOR ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM APRIL 30, 2015 THROUGH AUGUST 31, 2015**

Jones Day, counsel to the above-captioned debtors (collectively, the "Debtors"),

makes its first interim application for allowance of compensation of $1,277,033.75 and

reimbursement of expenses of $29,078.03 for the period from April 30, 2015 through August 31,

2015 (the "Compensation Period") in accordance with (i) the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals, dated June 11, 2015

[Docket No. 256] (the "Interim Compensation Order"). In support of this application, Jones Day

respectfully represents as follows:

### Background

1.      Jones Day attorneys and paraprofessionals expended a total of

**1,908.30 hours** during the Compensation Period for which compensation is requested.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002. The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309. The above addresses are listed solely for the purposes of notices and communications.

2. During the Compensation Period, Jones Day did not receive any payments or promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Day and any other person, other than partners of the firm, for sharing of compensation to be received for services rendered in these cases.

3. The fees charged by Jones Day in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

4. Pursuant to Appendix F of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), attached hereto are (i) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by Jones Day, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases during the Compensation Period and fees billed therefor and the year in which each professional was first licensed to practice law; (ii) a summary of services by billing category for services rendered by Jones Day during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Debtors and for which it seeks reimbursement.

5. Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period and Jones Day's itemized

- 2 -

records detailing expenses incurred on behalf of the Debtors during the Compensation Period were attached as Exhibits A and B, respectively, to the previously-filed monthly fee applications (the "Prior Monthly Fee Applications"), which exhibits are incorporated herein by reference. All itemized expenses comply with the requirements set forth in the Local Rules.

6.      This Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Interim Compensation Order, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines"), and the Local Rules.

7.      On April 30, 2015 (the "Petition Date"), each of the Debtors commenced a reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]  The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On May 19, 2015, the Debtors filed their Application for an Order Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc as of the Petition Date [Docket No. 119] (the "Retention Application"), by which the Debtors sought authority to retain and employ Jones Day as their counsel in these chapter 11 cases.  On June 10, 2015, the Court entered an order [Docket No. 248] (the "Retention Order") authorizing the retention of Jones Day as the Debtors' counsel.

9.      On May 18, 2015 the Debtors filed the Motion of the Debtors for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

NAI-1500541790v3

Professionals [Docket No. 113].  On June 11, 2015 the Court approved this motion and entered

the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals [Docket No. 256].

**Summary of Services**

10.      The professional services performed by Jones Day were necessary and

appropriate to the administration of the Debtors' chapter 11 cases.  These services were in the

best interests of the Debtors and other parties in interest.  The compensation requested is

commensurate with the complexity and nature of the issues and tasks involved.

**Compensation by Project Category**

11.      The following is a summary of the activities performed by Jones Day

professionals and paraprofessionals during the Compensation Period, organized by project

billing category:[3]

12.      **Case Administration (610001) — 116.50 hours — $65,747.50**

This category includes general case administration services; communications with

the U.S. Trustee not within scope of other matter numbers; maintenance of case docket and

calendar; filing and circulation of papers; and preparation and review of the work in process

report, notices and service lists.  Specific matters within this category include, without limitation,

the research, drafting and prosecution of:

(a)      Motion of the Debtors (I) for an Order Directing the Joint Administration
of Their Chapter 11 Cases and (II) Waiving Certain Requirements of 11
U.S.C. § 342(c)(1) and Fed. R. Bankr. P. 1005 and 2002(n)
[Docket No. 2];

(b)      Debtors' Application for an Order Authorizing the Appointment of Epiq
Bankruptcy Solutions, LLC as Claims, Noticing and Balloting Agent
[Docket No. 8];

---

[3]      The summary set forth below is qualified in its entirety by reference to the time and services detail attached
as Exhibit A to each of the Prior Monthly Fee Applications further described below.

      (c)     Motion of the Debtors for an Order Extending the Time Within Which the Debtors Must File Their (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Reports [Docket No. 9]; and

      (d)     *Ex Parte* Motion of the Debtors for an Order Designating Complex Chapter 11 Cases [Docket No. 21].

13.     **Asset Disposition (610003) — 103.20 hours — $77,975.00**

This category includes matters related to the proposed sale of certain of the Debtors' assets and matters relating to the bidding procedures relating to such sale. Specific matters within this category included research, drafting and prosecution of:

      (a)     Bidding Procedures Component of the Motion of the Debtors for Entry of Orders: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief (the "Bid Procedures Motion") [Docket No. 20];

      (b)     Proposed Sale Order and Proposed Asset Purchase Agreement relating to the Bid Procedures Motion [Docket No. 149]; and

      (c)     Debtors' Consolidated Reply to Objections to the Bid Procedures Motion and the Final DIP Motion [Docket No. 231].

Also included in this category were matters related to the Debtors' responses to the initial opposition of the Official Committee of Unsecured Creditors (the "Committee") regarding the proposed sale process and issues related to the solicitation of bids for the purchase of the Debtors' assets. Ultimately, no qualifying bids were submitted by the bidding deadline, and the Debtors shifted the focus of the case to a reorganization of their operations with the support of the Committee and the Debtors' postpetition lender (the "DIP Lender").

14.     **Assumption and Rejection of Leases and Contracts (610004) — 13.50 hours — $8,362.5**

This category includes matters relating to the proposed assumption of certain executory contracts in the proposed asset purchase agreement and in the proposed plan of reorganization. Specific matters under this category also include the research, drafting and

prosecution of the Motion of the Debtors for an Order Extending Time to Assume or Reject

Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the

Bankruptcy Code [Docket No. 401].

15.     **Budgeting (Case) (610006) — 1.70 hours — $1,572.50**

This category includes preparation, negotiation, and amendment to the case

budget.

16.     **Business Operations (610007) — 215.20 hours — $148,247.50**

This category includes services provided to address issues related to the debtor-in-

possession operating in chapter 11.  Specific matters in this category include without limitation

the prosecution of the following:

(a)     Motion of the Debtors for an Order (I) Approving the Continued Use of
        the Debtors' Cash Management System, Bank Accounts and Business
        Forms, (II) Permitting Certain Intercompany Transactions and Setoffs and
        (III) Granting Related Relief [Docket No. 6] (contested motion);

(b)     Motion of the Debtors for Interim and Final Orders Establishing Adequate
        Assurance Procedures with Respect to Their Utility Providers Pursuant to
        Section 366 of the Bankruptcy Code [Docket No. 10];

(c)     Motion of the Debtors for an Order Authorizing Them to Pay Prepetition
        Employee Wages, Benefits, Business Expenses and Related Items
        [Docket No. 11];

(d)     Motion of the Debtors for an Order Authorizing Them to (I) Maintain
        Certain Customer Practices and (II) Honor or Pay Related Prepetition
        Obligations to Their Customers [Docket No. 12];

(e)     Motion of the Debtors for an Order Authorizing Them to Pay Certain
        Prepetition Taxes [Docket No. 13];

(f)     Motion of the Debtors for an Order (I) Authorizing Them to Pay Certain
        Prepetition Obligations on Account of Royalties, Overriding Royalty
        Interests, Working Interest Owner Payments and Severance Taxes and
        (II) Authorizing Banks to Honor and Process Related Checks and
        Electronic Transfers [Docket No. 14] (contested motion); and

(g)     Motion of the Debtors for an Order Authorizing Them to Pay Prepetition Claims of Certain Essential Suppliers [Docket No. 195].

17.     **Claims Administration and Objections (610008) — 26.20 hours — $17,125.00**

This category includes bar date matters and other claims administration activities. Specific matters include without limitation those relating to the Motion of the Debtors for an Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving Form and Manner of Notice Thereof [Docket No. 77].

18.     **Corporate Governance and Board Matters (610009) — 1.90 hours — $1,472.50**

This category includes analysis and advice regarding corporate governance issues.

19.     **Court Hearings (610010) — 163.50 hours — $90,967.50**

This category includes preparation for court hearings and the obtainment of court hearing transcripts.  Major hearings included:

(a)     Hearing on May 4, 2015 hearing regarding "first day" matters;

(b)     Hearing on May 22, 2015 regarding utility and tax payment matters;

(c)     Hearing on June 9, 2015 regarding the retention and compensation of certain professionals;

(d)     Hearing on June 11, 2015 regarding contested motions regarding (i) transfer of venue, (ii) the obtainment of postpetition financing and (iii) the bidding procedures for the proposed sale of the Debtors' California assets;

(e)     Hearing on June 24, 2015 regarding the retention of certain professionals, the payment of certain essential suppliers and approval of certain key employee incentive payments and severance payments; and

(f)     Hearing on August 25, 2015 regarding, among other matters, a plan status conference and the extension of time to assume or reject unexpired commercial property leases.

- 7 -

20.    **Employee Benefits and Pensions (610011) — 60.40 — $35,880.00**

This category includes matters relating to employee compensation, incentive and severance matters, as well as other employee relations matters.  Specific matters included research, drafting, negotiation and the prosecution of the Motion of the Debtors for an Order (A) Approving Payment of Key Employee Incentives, (B) Approving Severance Program and (C) Granting Certain Related Relief [Docket No. 196] (contested motion).

21.    **Employment and Fee Applications (610012) — 85.40 hours — $42,665.00**

This category includes preparation of employment and fee applications and related matters.  Specific items within this category include:

(a)    Motion of the Debtors for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 113];

(b)    Application to Employ Gibbs & Bruns, L.L.P. as Special Litigation Counsel [Docket No. 118];

(c)    Application of the Debtors Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc to the Petition Date [Docket No. 119]; and

(d)    Motion of the Debtors for an Order Authorizing the Retention and Payment of Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 120].

22.    **Employment and Fee Application Objections (610013) — 26.70 hours — $16,230.00**

This category includes addressing objections to or inquiries into employment and fee applications.  Specific matters include responses to Committee objections relating to Debtors' Motion for Entry of an Order (I) Authorizing the Retention and Employment of AP Services, LLC and (II) Designating Rebecca A. Roof as Chief Restructuring Officer Nunc Pro Tunc to

April 30, 2015 [Docket No. 79], a contested motion.  None of the fees in this category relate to responding to objections to fee applications.

23.     **Financing and Cash Collateral (610014) — 142.00 hours — $102,092.50**

This category includes negotiation and documentation of debtor-in-possession financing and cash collateral issues and related services.  These matters include without limitation the research, drafting, negotiation and prosecution of the Motion for Entry of Interim and Final Orders Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to (I) Use Cash Collateral of the Pre-Petition Secured Parties, (II) Obtain Post-Petition Financing and (III) Provide Adequate Protection to the Pre-Petition Secured Parties, (B) Prescribing Form and Manner of Notice of and Scheduling Final Hearing and (C) Granting Related Relief [Docket No. 15] (contested motion).

24.     **Litigation/Adversary Proceedings (610015) — 401.90 hours — $280,007.50**

This category includes services for certain other contested matters that involve substantial litigation time.  Major matters within this category include without limitation

(a)     The management of document production requests and the defense of depositions related to the examination of the Debtors by the Committee pursuant to Bankruptcy Rule 2004;

(b)     Research, drafting, negotiations and the preparation of evidence related to Debtors' Reply to the Objection of the Official Committee of Unsecured Creditors Regarding the AP Services Application [Docket No. 211];

(c)     Research, drafting, negotiations and the preparation of evidence regarding Debtors' Response in Opposition to Motion of the Official Committee of Unsecured Creditors to Transfer Venue [Docket No. 159]; and

- 9 -

(d)     Research, drafting, negotiations and the preparation of evidence regarding Debtors' Consolidated Reply to Objections to the Bid Procedures Motion and the Final DIP Motion [Docket No. 231].

25.     **Meetings and Communications with Creditors (610016) — 89.30 hours — $68,832.50**

This category includes preparing for and attending meetings or calls with Committee representatives, individual creditors and other interested parties.

26.     **Non-Working Travel (610017) — 70.90 hours — $30,398.75**

This category includes nonworking travel time, which is billed at 50% of the normal rate for the applicable professional.

27.     **Plan and Disclosure Statement (610018) — 335.70 hours — $253,322.50**

This category includes formulation, negotiation, and preparation of the plan of reorganization, disclosure statement and research related thereto.  This category also includes related matters regarding the procedures for solicitation of creditors and interest holders.

28.     **Real Estate (610019)  — 9.50 hours — $7,362.50**

This category includes review and analysis of real estate-related matters. Significant items in this category are matters relating to the treatment of RCPTX ORRI interests.

29.     **Relief from Stay and Adequate Protection (610020) — 24.40 hours — $12,970.00**

This category includes all motions to modify the automatic stay, all other types of actions where adequate protection is the central issue and issues related to the effect of the automatic stay on pending matters.  Major items in this category include matters related to (a) the Debtors' opposition to the motion of J-5 Equestrian to enforce the automatic stay and (b) matters

- 10 -

regarding the lifting of the stay to permit the Garcia claimants to proceed against available insurance.

30. **Reporting (610021) — 20.40 hours — $15,802.50**

This category includes services related to statement of financial affairs, schedules, monthly operating reports, and any other accounting or reporting activities.

## Progress of the Chapter 11 Case to Date

31. During the Compensation Period, the Debtors successfully commenced these chapter 11 cases and have taken actions that laid the groundwork for a successful reorganization of the Debtors operations. Specifically, the Debtors have accomplished the following major restructuring events, among others:

(a) First Day Relief. On the Petition Date, the Debtors filed a number of motions seeking typical "first-day" relief in chapter 11 cases (collectively, the "First Day Motions"). The purpose of these motions was to stabilize the Debtors' business in the initial days of these Chapter 11 Cases. In particular, the First Day Motions sought authority to: (a) administer the Chapter 11 Cases jointly for procedural purposes; (b) maintain certain bank accounts; (c) provide adequate assurance to the Debtors' utility providers; (d) pay certain prepetition employee wages, benefits, expenses, and related items; and (e) maintain certain customer practices and honor related prepetition obligations. As modified through negotiations with the U.S. Trustee, the Bankruptcy Court granted the relief sought in the First Day Motions.

(b) Debtor in Possession Financing Facility. On the Petition Date, the Debtors requested authority to obtain postpetition financing (the "DIP Facility") from their existing lender (the "Prepetition Lender") and to utilize cash collateral (the "DIP Financing Motion"). The DIP Facility is secured by substantially all of the assets of the Debtors. The liens in favor of the DIP Lender are senior to the liens of the Prepetition Lender and prime all prepetition liens with certain limited exceptions. On June 15, 2015, the Bankruptcy Court entered a final order authorizing the Debtors to: (i) use cash collateral of the Prepetition Lender; (ii) obtain postpetition financing and (iii) provide adequate protection to the DIP Lender (the "Final DIP Order"). The Final DIP Order, among other things, approved a senior secured superpriority credit facility in an aggregate principal amount up to $17,500,000.

(c) <u>Proposed Asset Sale</u>. On the Petition Date, the Debtors filed a motion to approve bidding procedures and the sale of substantially all of the assets of the Debtors, wherever located, relating to the Debtors' operations in the State of California (the "<u>California Operations</u>"). On June 15, 2015, the Bankruptcy Court entered an order setting a bid deadline of July 27, 2015, an auction on July 29, 2015, and a sale hearing on August 3, 2015 for the Sale of the California Operations. The bid deadline was extended once to August 10, 2015. As requested by the Prepetition Lender, the Debtors established a $250 million minimum cash purchase price for the sale of the California Operations pursuant to the court approved bid procedures. The Debtors did not receive any qualified offers at or above $250 million in cash for the sale of their assets by August 10, 2015.

(d) <u>Negotiation of Plan of Reorganization</u>. Under the sale procedures approved by the Bankruptcy Court, the Prepetition Lender had the right to "credit bid" all or some of its outstanding debt in order to acquire the California Operations. The Prepetition Lender declined to credit bid for the assets, but instead informed the Debtors that they desired to support a plan of reorganization for the Debtors pursuant to which, among other things, they would infuse up to $150 million of new funds into the Debtors over a three year period pursuant to an exit facility. During such three year period, the Debtors would continue to operate their California assets and again prepare them for sale. The Debtors thereafter negotiated a Plan that incorporates the terms described by the Prepetition Lender that has garnered broad creditor support.

32.     Finally, as a result of the work performed during the Compensation Period, the Debtors are in a position to seek confirmation of the Plan in the next 45 to 60 days.

### **Prior Monthly Fee Applications**

33.     Pursuant to the Interim Compensation Order, Jones Day has submitted the following Prior Monthly Fee Applications to the Debtors for the four months within the Compensation Period, each of which is incorporated herein by reference in its entirety:

(a)     For April 30, 2015 through May 31, 2015 — fees of $323,528.00 (80% of total) and expenses of $4,043.13 [Docket No. 330]

(b)     For June 1, 2015 through June 30, 2015 — fees of $329,227.00 (80% of total) and expenses of $17,673.10 [Docket No. 384]

(c)     For July 1, 2015 through July 31, 2015 — fees of $194,285.00 (80% of total) and expenses of $3,519.29 [Docket No. 447]

- 12 -

(d)     For August 1, 2015 through August 31, 2015 — fees of $266,805.00 (80% of total) and expenses of $3,842.51 [Docket No. 547]

34.     Each Prior Monthly Fee Application contained a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period, organized by project billing category.[4]  In total, Jones Day has submitted Prior Monthly Fee Applications during the Compensation Period for fees of $1,277,033.75 and expenses of $29,078.03.  As of the date of this application, no party has objected to any of Jones Day's Prior Monthly Fee Applications.[5]

**Expenses Incurred By Jones Day**

35.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.  Accordingly, Jones Day seeks reimbursement for expenses ("Expenses") incurred in rendering services to the Debtors during the Compensation Period in the amount of $29,078.03.  Itemized records detailing the Expenses incurred during the Compensation Period were attached as Exhibit B to each Prior Monthly Fee Application, which exhibits are incorporated herein by reference.

36.     Jones Day maintains the following policies with respect to Expenses:

(a)     No amortization of the cost of any investment, equipment or capital outlay is included in the expenses.  In addition, for those items or services that Jones Day purchased from or contracted with a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor and paid by Jones Day to the third party vendor.

(b)     Photocopying by Jones Day was charged at 10 cents per page.  To the extent practicable, Jones Day utilized less expensive outside copying services.

---

[4]     The summaries are qualified in their entirety by reference to the time and services detail attached as Exhibit A to each Prior Monthly Fee Application, which exhibits are incorporated herein by reference.

[5]     The objection deadline relating to the Fourth Monthly Application of Jones Day for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Counsel to the Debtors for the Period from August 1, 2015 through August 31, 2015 has not yet passed.

NAI-1500541790v3

(c)     Meals charged to the Debtors either were associated with (i) out-of-town travel or (ii) meetings at Jones Day with the Debtors and other professionals.

(d)     Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Debtors.

(e)     Jones Day does not charge clients for Blackberry or other similar expenses.

(f)     The time pressures associated with the services rendered by Jones Day frequently required Jones Day's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. Jones Day has charged the Debtors for secretarial and other staff overtime expense that is directly associated with such after-hours work and was necessary given the circumstances of these cases.  Jones Day does not consider these to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtors.

**Budget and Staffing Plan**

37.     The Debtors and Jones Day agreed upon a budget and staffing plan (the "Initial Budget") in connection with the retention of Jones Day as principal restructuring counsel in May 2015.  The Debtors and Jones Day agreed upon the Initial Budget based upon assumptions present at the start of the chapter 11 cases, to include assumptions that the Debtors' chapter 11 cases would be resolved primarily through the sale of the Debtors' California assets by August 2015.  A spreadsheet illustrating the proposed budget, along with a comparison chart showing the billed hours versus the Initial Budget projections, is attached to this Application as Exhibit B.

38.     During the course of the chapter 11 cases, the Debtors and their advisors, along with the DIP Lender, agreed upon and periodically updated projections for professional fees in the case.  A chart summarizing the projections and actual billings relating to Jones Day for the April 30, 2015 – August 31, 2015 time period is below:

- 14 -

|  | Apr. 30, 2015 – May 31, 2015 | Jun. 1, 2015 – Jun. 30, 2015 | Jul. 1, 2015 – Jul. 31, 2015 | Aug. 1, 2015 – Aug. 31, 2015. | **Total** |
|---|---|---|---|---|---|
| **Projected Jones Day Fees and Expenses** | $425,000 | $425,000 | $400,000 | $225,000 | **$1,475,000** |
| **Actual Jones Day Fees and Expenses Incurred** | $408,453 | $429,207 | $197,804 | $270,648 | **$1,306,112** |

### Statement of the Applicant

39.     Pursuant to section C5 of the Guidelines, Jones Day makes the following statements:

(a)     Jones Day did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services that were provided during the Compensation Period.

(b)     None of the hourly rates of Jones Day's professionals and paraprofessionals included in this Application has been varied based on the geographic location of these cases.

(c)     This Application includes 2.7 hours for the review and revision of invoices for the purposes of screening for privilege and the proper classification of matters under the U.S. Trustee guidelines. Jones Day maintains these matters are properly compensable as they relate to the preparation of fee applications for the Court.

(d)     This Application does not include any rate increases since Jones Day's retention.

### Standard for Allowance of Fees and Expenses

40.     Bankruptcy Code § 330 authorizes the Court to award to professional persons who have been employed by the estate pursuant to Bankruptcy Code §§ 1103 or 327 reasonable compensation for actual and necessary services rendered, including reimbursement of actual and necessary expenses incurred by such professional persons.

41.     As more fully described below, Jones Day submits that the elements governing awards of compensation pursuant to Bankruptcy Code § 330 justify the allowance, on

- 15 -

an interim basis, of the fees and expenses incurred in its representation of the Debtors during the Compensation Period.

42. The Court of Appeals for the Fifth Circuit established a set of guidelines for use by lower federal courts when ruling on attorneys' fee requests in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under Johnson, courts should consider the following factors: (a) the time and labor required; (b) the novelty and difficulty of the questions presented; (c) the skill requisite to perform the legal services properly; (d) the preclusion of other employment due to the acceptance of the case; (e) the customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the client with the circumstances of the case; (h) the amount involved and the results obtained; (i) the experience, reputation and ability of the attorney; (j) the undesirability of the case; (k) the nature and length of the professional relationship with the client; and (l) awards in similar cases. Id. at 717-19. In In re First Colonial Corp. of America, 544 F.2d 1291, 1298 99 (5th Cir. 1977), the Fifth Circuit applied the Johnson factors to the analysis of fee awards in bankruptcy cases. In 2005, the Fifth Circuit harmonized the provisions of § 330 and the traditional Johnson factors, explaining:

> The Fifth Circuit has traditionally used the lodestar method to calculate "reasonable" attorneys' fees under § 330. In re Fender, 12 F.3d 480, 487 (5th Cir. 1994). A court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir. 1993). A court then may adjust the lodestar up or down based on the factors contained in § 330 and its consideration of the twelve factors listed in Johnson, 488 F.2d at 717-19. See Fender, 12 F.3d at 487. While the bankruptcy court has considerable discretion in applying these factors, In re First Colonial Corp. of America, 544 F.2d 1291, 1298 (5th Cir. 1977), it must explain the weight given to each factor that it considers and how each factor affects its award. Fender, 12 F.3d at 487; Evangeline Refining Co., 890 F.2d at 1327-28.

In re Cahill, 428 F.3d 536, 539-40 (5th Cir. 2005).

- 16 -

## **Application of the Johnson Factors**

43.     As set forth in greater detail below, Jones Day's request for allowance of fees and reimbursement of expenses is reasonable and proper pursuant to § 330, the lodestar, and the Johnson factors.  Accordingly, the Court should approve this Application and allow the amounts requested herein.

(a)     Time and Labor Required.  Jones Day has expended over 1900 hours representing the Debtors during the Compensation Period.  All of the time spent was necessary and appropriate for the representation of the Debtors in these chapter 11 cases.

(b)     Novelty and Difficulty of Questions Presented.  These chapter 11 cases have presented several novel and difficult restructuring issues.  These include (a) the pursuit of a sale process and restructuring amidst potential litigation between the Committee and the Debtors' equity holder and (b) specialized matters relating to the oil & gas industry, including issues (i) regarding the treatment of royalty interests, (ii) the effect of certain statutory liens and (iii) other regulatory and operational concerns.  These issues required particularized research and analysis, which Jones Day endeavored to accomplish expeditiously and effectively.

(c)     Skill Requisite to Perform Services Properly.  The experience and expertise of the Jones Day attorneys have facilitated and expedited the results achieved in these chapter 11 cases.  Business bankruptcy and chapter 11 reorganization is a specialized practice within the legal profession, and the number of professionals offering such services is limited.  Furthermore, the practice of business bankruptcy law requires an attorney to possess both litigation and transactional skillsets.  Each of the Jones Day attorneys providing services to the Debtors possesses the skills expected of a national and highly ranked restructuring practice.

(d)     Preclusion of Other Employment.  Given the size and depth of its restructuring practice, Jones Day's representation of the Debtors has not precluded it from seeking other engagements.

(e)     Customary Fee.  The hourly rates charged by each Jones Day professional who performed services for the Debtors are comparable to those being charged by other professionals with similar qualifications and experience.  Further, these hourly rates are the same as those customarily charged by Jones Day to its usual and regular corporate legal clients.  The hourly rates requested herein compare favorably with average costs for similar legal services provided by national law firms that regularly appear in the Northern District of Texas.

- 17 -

(f)     Whether the Fee is Fixed or Contingent.  The fees requested in this Application represent fixed hourly rates.  As is true for counsel in every bankruptcy case, Jones Day's compensation is contingent upon the Court's approval of this Application.

(g)     Time Limitations.  Jones Day was required to provide capable legal representation under significant time pressure due to the Debtors' need to continue uninterrupted operations, to expeditiously pursue a sale of the Debtors' California assets and to negotiate a plan of reorganization within the time limits imposed by the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure; the Local Bankruptcy Rules, counsel for various parties in interest, and this Court.

(h)     Amounts Involved and Results Obtained.  Jones Day's representation of the Debtors in these chapter 11 cases involved restructuring efforts encompassing (a) assets and liabilities totaling hundreds of millions of dollars and (b) the operations of a multistate oil & gas enterprise in a highly competitive business sector.  As described above, Jones Day's representations of the Debtors facilitated the stabilization of operations, the obtainment of postpetition financing, the pursuit of the Debtors' sale process and the formulation of a plan of reorganization with broad creditor support.

(i)     Experience, Reputation, and Ability of Counsel.  Jones Day possesses a reputation for skill, quality, integrity, and ability.  Jones Day attorneys have represented, and are sought after to represent, numerous debtors, banks, creditors, bidders for estate assets, trustees, and official committees in some of the largest and most sophisticated bankruptcy cases in the country.

(j)     Undesirability of the Case.  These chapter 11 cases are not undesirable.

(k)     Nature and Length of the Professional Relationship.  Jones Day had no relationship with the Debtors prior to being retained in December 2014.

(l)     Awards in Similar Cases.  The fees and expenses for which Jones Day seeks compensation and reimbursement are not excessive and are substantially similar to those awarded in similar cases in this district for similar services rendered and results obtained.

## Conclusion

44.     The fees and expenses requested herein by Jones Day are billed in

accordance with its existing billing rates and procedures in effect during the Compensation

Period.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

45.    No agreement or understanding exists between Jones Day or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.

46.    All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors, and not on behalf of any other entity.  In accordance with the Guidelines, the Certification of Thomas A. Howley is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

## **Notice**

47.    Jones Day has served this application in accordance with the Interim Compensation Order and the Court order granting Complex Case Management Procedures [Docket No. 61].  Any objections to this application must be in writing and filed with the Court and served upon Jones Day so as to be received no later than October 9, 2015.

## **No Prior Request**

48.    No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, Jones Day respectfully requests that, pursuant to the Interim Compensation Order, the Court (i) allow on an interim basis compensation of $1,277,033.75 for services rendered by Jones Day during the Compensation Period; (ii) allow on an interim basis reimbursement of Expenses of $29,078.03 for Expenses incurred during the Compensation Period; (iii) authorize payment of these allowed fees and Expenses to Jones Day; and (iv) grant such other and further relief as the Court may deem proper.

Dated:  September 25, 2015

/s/Thomas A. Howley
Thomas A. Howley (TX 24010115)
JONES DAY
717 Texas Suite 3300
Houston, Texas 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600

Brad B. Erens (admitted pro hac vice)
Joseph A. Florczak (admitted pro hac vice)
JONES DAY
77 West Wacker Drive
Chicago, Illinois   60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

ATTORNEYS FOR DEBTORS

- 20 -

## **EXHIBIT A**

Howley Certification

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ERG Intermediate Holdings, LLC, *et al.*,[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | Case No.: 15-31858-hdh-11 |

---

## <u>CERTIFICATION OF THOMAS A HOWLEY</u>

Thomas A. Howley, under penalty of perjury, certifies as follows:

1.    I am a partner with the law firm of Jones Day.  I make this certification in accordance with Appendix F of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("<u>Appendix F</u>") regarding the contents of applications for compensation and expenses.

2.    I have read the First Interim Fee Application of Jones Day for Allowance of Compensation for Services Rendered and Reimbursement of Expenses As Counsel to the Debtors for the Period From April 30, 2015 through August 31, 2015 (the "<u>Application</u>").  The above-captioned debtors (collectively, the "<u>Debtors</u>") have been provided with a copy of the Application.  The Debtors have reviewed and approved the Application.

3.    Pursuant to section I.G of Appendix F, I hereby certify to the best of my knowledge, information and belief, formed after reasonable inquiry that (a) the compensation and

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are ERG Intermediate Holdings, LLC (2521); ERG Resources, L.L.C. (0408); West Cat Canyon, L.L.C. (7377); ERG Interests, LLC (2081); and ERG Operating Company, LLC (8385). ERG Intermediate Holdings, LLC is the direct or indirect parent of each of its affiliated Debtors. The mailing address for each of the Debtors, with the exception of ERG Operating Company, LLC, is 333 Clay Street Suite 4400, Houston, TX 77002.  The mailing address for ERG Operating Company, LLC is 4900 California Avenue Suite 300B, Bakersfield, CA 93309.  The above addresses are listed solely for the purposes of notices and communications.

expense reimbursement sought is in conformity with Appendix F, except as specifically noted in the application and (b) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the applicant and generally accepted by the applicant's clients.

4.      I have reviewed the requirements of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "Guidelines"), and I believe that the Application complies with the Guidelines.

Dated:  September 25, 2015                  */s/ Thomas A. Howley*

                                                      Thomas A. Howley

**<u>EXHIBIT B</u>**

Initial Budget Chart and Comparison Chart of Initial Budget to Actual Billings

### JONES DAY BUDGET BY PROFESSIONAL
### MAY - SEPTEMBER 2015

| Staffing | Hours | 2015 Rate | Total at 2015 Rates |
|---|---|---|---|
| **Partners** | | | |
| Erens (Bankruptcy) | 570 | $ 925.00 | $ 527,250.00 |
| Howley (Bankruptcy) | 570 | $ 775.00 | $ 441,750.00 |
| Other Partners | 130 | $ 700.00 | $ 91,000.00 |
| | | | |
| **Associates** | | | |
| Florczak (Bankruptcy) | 750 | $ 400.00 | $ 300,000.00 |
| Fischer (Bankruptcy) | 195 | $ 400.00 | $ 78,000.00 |
| Other Associates | 130 | $ 400.00 | $ 52,000.00 |
| | | | |
| **Paralegals** | | | |
| Smith | 220 | $ 250.00 | $ 55,000.00 |
| | | | |
| **TOTALS** | **2,565** | | **$ 1,545,000.00** |

### JONES DAY BUDGET BY PROJECT CATEGORY
### MAY - SEPTEMBER 2015

| Matter | Description | Hours | Total |
|---|---|---|---|
| 610001 | Case Administration | 80 | $ 48,780.00 |
| 610002 | Asset Analysis and Recovery | 30 | $ 18,292.50 |
| 610003 | Asset Disposition | 650 | $ 396,337.50 |
| 610004 | Assumption and Rejection of Leases and Contracts | 55 | $ 33,536.25 |
| 610005 | Avoidance Action Analysis | 15 | $ 9,146.25 |
| 610006 | Budgeting (Case) | 20 | $ 12,195.00 |
| 610007 | Business Operations | 40 | $ 24,390.00 |
| 610008 | Claims Administration and Objections | 100 | $ 60,975.00 |
| 610009 | Corporate Governance and Board Matters | 25 | $ 15,243.75 |
| 610010 | Court Hearings | 200 | $ 121,950.00 |
| 610011 | Employee Benefits and Pensions | 80 | $ 48,780.00 |
| 610012 | Employment and Fee Applications | 100 | $ 60,300.00 |
| 610013 | Employment and Fee Application Objections | 25 | $ 15,243.75 |
| 610014 | Financing and Cash Collateral | 90 | $ 54,877.50 |
| 610015 | Litigation / Adversary Proceedings | 75 | $ 45,731.25 |
| 610016 | Meetings and Communications with Creditors | 75 | $ 45,731.25 |
| 610017 | Non-Working Travel | 60 | $ 18,090.00 |
| 610018 | Plan and Disclosure Statement | 650 | $ 396,337.50 |
| 610019 | Real Estate | 40 | $ 24,390.00 |
| 610020 | Relief from Stay and Adequate Protection | 40 | $ 24,390.00 |
| 610021 | Reporting | 40 | $ 24,390.00 |
| 610022 | Tax | 75 | $ 45,731.25 |
| 610023 | Valuation | - | $ - |
| **TOTAL** | | **2,565** | **$ 1,544,838.75** |

## COMPARISON OF JONES DAY BUDGET VS ACTUAL BILLINGS BY PROJECT CATEGORY

| Matter | Description | Projected Hours Through Sept. 2015 | Hours Billed through Aug. 31, 2015 | Projected Total Through Sept. 2015 | Total Through Aug. 31, 2015 |
|---|---|---|---|---|---|
| 610001 | Case Administration | 80 | 116.50 | $ 48,780.00 | $ 65,747.50 |
| 610002 | Asset Analysis and Recovery | 30 | 0.00 | $ 18,292.50 | $ - |
| 610003 | Asset Disposition | 650 | 103.20 | $ 396,337.50 | $ 77,975.00 |
| 610004 | Assumption and Rejection of Leases and Contracts | 55 | 13.50 | $ 33,536.25 | $ 8,362.50 |
| 610005 | Avoidance Action Analysis | 15 | 0.00 | $ 9,146.25 | $ - |
| 610006 | Budgeting (Case) | 20 | 1.70 | $ 12,195.00 | $ 1,572.50 |
| 610007 | Business Operations | 40 | 215.20 | $ 24,390.00 | $ 148,247.50 |
| 610008 | Claims Administration and Objections | 100 | 26.20 | $ 60,975.00 | $ 17,125.00 |
| 610009 | Corporate Governance and Board Matters | 25 | 1.90 | $ 15,243.75 | $ 1,472.50 |
| 610010 | Court Hearings | 200 | 163.50 | $ 121,950.00 | $ 90,967.50 |
| 610011 | Employee Benefits and Pensions | 80 | 60.40 | $ 48,780.00 | $ 35,880.00 |
| 610012 | Employment and Fee Applications | 100 | 85.40 | $ 60,300.00 | $ 42,665.00 |
| 610013 | Employment and Fee Application Objections | 25 | 26.70 | $ 15,243.75 | $ 16,230.00 |
| 610014 | Financing and Cash Collateral | 90 | 142.00 | $ 54,877.50 | $ 102,092.50 |
| 610015 | Litigation / Adversary Proceedings | 75 | 401.90 | $ 45,731.25 | $ 280,007.50 |
| 610016 | Meetings and Communications with Creditors | 75 | 89.30 | $ 45,731.25 | $ 68,832.50 |
| 610017 | Non-Working Travel | 60 | 70.90 | $ 18,090.00 | $ 30,398.75 |
| 610018 | Plan and Disclosure Statement | 650 | 335.70 | $ 396,337.50 | $ 253,322.50 |
| 610019 | Real Estate | 40 | 9.50 | $ 24,390.00 | $ 7,362.50 |
| 610020 | Relief from Stay and Adequate Protection | 40 | 24.40 | $ 24,390.00 | $ 12,970.00 |
| 610021 | Reporting | 40 | 20.40 | $ 24,390.00 | $ 15,802.50 |
| 610022 | Tax | 75 | 0.00 | $ 45,731.25 | $ - |
| 610023 | Valuation | - | | $ | $ - |
| **TOTAL** | | **2,565** | **1,908** | **$ 1,544,838.75** | **$ 1,277,033.75** |